THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMES INC., INMEDIARES PRODUCTIONS, LLC., and DOES 1–10, <br><br> Defendants. | CASE NO. 2:17-CV-00327-TSZ <br><br> JOINT STATUS REPORT AND DISCOVERY PLAN |

Plaintiff Harmony Gold U.S.A., Inc., ("Plaintiff") and Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., Jordan Weisman and Piranha Games Inc. ("Defendants") submit this Joint Status Report in accordance with Fed. R. Civ. P. 26(f), Local Rule 26(f) and the Court's Order. (Dkt. No. 14.)

1. <u>Nature and Complexity of the Case</u>.

**STATEMENT OF PLAINTIFF**

This case involves two claims. First, Plaintiff alleges that all Defendants have willfully infringed, and are continuing to infringe, its registered United States copyrights to its "Robotech" animated giant warrior robots, which Plaintiff has offered, sold, licensed and used in the United States for animated televised programs, books, comic books and other materials. Plaintiff alleges that Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman (the "Harebrained Defendants") have created animated warrior robots for their upcoming "BattleTech"

JOINT STATUS REPORT AND
DISCOVERY PLAN - 1
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

PC game which infringe its Robotech copyrights. In regard to Defendant Piranha Games Inc. ("Piranha"), Plaintiff alleges that Piranha has created and is using images of warrior robots in its MechWarrior Online game that infringe its Robotech copyrights, after seeking and being refused a license from Plaintiff to use those images. Plaintiff also alleges that Piranha Games has provided Catalyst Game Labs ("Catalyst") images of warrior robots which infringe Plaintiff's Robotech copyrights, and which Catalyst has included in its works. Plaintiff recently joined the parent company of Catalyst Game Labs, InMediaRes Productions, LLC, as an additional defendant in this case.

Second, Plaintiff alleges that the Harebrained Defendants have breached the Settlement Agreement and Mutual General Release into which Plaintiff and Mr. Weisman entered in December 1996. In the 1996 agreement, which was entered pursuant to a lawsuit for copyright infringement against Mr. Weisman and certain of his business partners, Mr. Weisman agreed that he would not "make any use, and will not authorize [his] licensees to make any use, of the visual design images of the twelve (12) Battlemechs listed below except as provided in this agreement." Plaintiff alleges that Mr. Weisman's current infringement of Plaintiff's Robotech copyrights — including infringement through companies he controls, viz., the Harebrained companies — constitutes a breach of the 1996 settlement agreement.

**STATEMENT OF DEFENDANTS PIRANHA AND THE HAREBRAINED DEFENDANTS**

This is a copyright infringement case with a complicated history and multiple entities, stemming from a copyright litigation in the 1990s and a settlement of that litigation in 1996. Because of this twenty-plus year history and multiple entities involved asserted herein, as well as the multiple copyrights involved in the action, Defendants believe that the trial should be scheduled approximately sixteen months from the filing of this Joint Status Report.

As a result of the litigation in the 1990's, Harmony Gold allegedly obtained, or retained, rights in some or all of the images that are at issue in this litigation. These images are of robot warriors. It is critical to the issues in this litigation (e.g., ownership) to determine how and what, if any, rights the Plaintiff obtained, or retained, as a result of that settlement agreement or otherwise.

JOINT STATUS REPORT AND
DISCOVERY PLAN- 2
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

1  Prior to filing this case, Plaintiff's counsel stated that the parties to the agreement required
2  confidentiality of the terms of the agreement, so Plaintiff's counsel was not free to share the
3  agreement with Piranha.

4      Prior to when the Plaintiff filed the Complaint, Plaintiff asserted rights to the robot warrior
5  images set out in the Complaint.  Because of that assertion, in an effort to avoid litigation, and at
6  plaintiff's request, Piranha provided some images of robot warriors to Plaintiff in order to determine
7  whether Plaintiff would object to them.  Piranha wished to use these images commercially, but did
8  not want to do so if litigation would ensue.  After providing Plaintiff with the opportunity to inspect
9  and provide input on at least two occasions, it became clear to Piranha that Plaintiff would object to
10 Piranha's commercial use of virtually any image of a robot warrior.  So, Piranha set out to create all
11 new original artwork for its robot warriors for the MechWarrior Online game without further
12 communication with Plaintiff.

13     The accused robot warrior images of Piranha and the Harebrained Defendants are not
14 substantially similar to those of Plaintiff.  Plaintiff's theory of liability appears to be that any robot
15 warrior image is substantially similar to the images of Plaintiff's robot warriors.  While the images
16 of Plaintiff and Defendants are both images of robot warriors, there are significant differences
17 between them such that they are not substantially similar.  In fact, there are multiple third parties
18 who also produce images of robot warriors.  Defendants' images are no closer to the images of
19 Plaintiff than are the third party images. Piranha has not provided Catalyst Game Labs or
20 InMediaRes Productions, LLC with images of warrior robots, and Catalyst and InMediaRes
21 Productions, LLC do not have a license to use any of Piranha's artwork. Defendants deny Plaintiff's
22 allegations of, *inter alia*, copyright infringement, whether willful or innocent, and have asserted
23 numerous defenses, including noninfringement, the scenes a faire doctrine, and the merger doctrine,
24 among others.  The Harebrained Defendants further deny the breach of contract allegations.

25     2.    <u>Proposed Deadline for Joining Additional Parties</u>. August 8, 2017.
26     3.    <u>Assignment of Case to Magistrate Judge</u>: No.
27     4.    <u>Discovery Plan:</u>

28

JOINT STATUS REPORT AND
DISCOVERY PLAN - 3
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

A. <u>Initial Disclosure Deadline</u>: May 8, 2017

B. <u>Subjects of Discovery</u>: The parties anticipate discovery relating to the Plaintiff's Robotech copyrights; Plaintiff's business relating to the Robotech copyrights; Defendants' access to images of Plaintiff's Robotech warrior robots; Defendants' creation, sale, distribution, licensing, marketing, display and other uses of images of warrior robots that Plaintiff alleges infringe its Robotech copyrights; Defendants' revenues from their creation, sale, distribution, licensing, marketing, display and other uses of images of warrior robots that Plaintiff alleges infringe its Robotech copyrights; business relationships between and among the Defendants, as well as between the Defendants and Catalyst Game Labs; the prior litigation between Plaintiff and Mr. Weisman and his business associates, and the settlement agreement related thereto; Plaintiff's damages on account of Defendants' copyright infringement and breach of contract; and the creation, display, and use of images of warrior robots by third parties. The parties do not believe that discovery should be conducted in phases or be limited to, or focused upon, particular issues.

C. The parties agree that by July 10, 2017, each party shall disclose:

1. <u>Custodians</u>. Between three and seven custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under his/her control. This initial disclosure is not a limit on further discovery regarding other custodians who may have discoverable ESI in their possession, custody, or control.

2. <u>Non-Custodial Data Sources</u>. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties agree to preserve all discoverable ESI in their possession, custody or control. The parties understand that this may require

JOINT STATUS REPORT AND
DISCOVERY PLAN- 4
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

disabling or modifying any auto-delete functions in order to avoid deletion of discoverable ESI. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made.

4. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data accessible only by forensics.
   b. Random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system.
   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
   e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
   f. Server, system, or network logs.
   g. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

5. The parties agree that ESI discovery shall be subject to the following rules:

   a. <u>Search methodology</u>. The parties shall attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken.
   b. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

JOINT STATUS REPORT AND
DISCOVERY PLAN- 5
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

      c. <u>Format</u>. The parties have exchanged and agreed upon their preferred document production formats.

      d. <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date created, sent, modified and/or received; and hash value.

D. The parties do not anticipate any privilege issues. At a later date, the parties will discuss in good faith and reach agreement on the appropriate deadline for exchanging privilege logs. The parties agree that privileged and work product documents created subsequent to January 1, 2017, do not need to be logged. The parties agree to promptly return or sequester any document identified by an opposing party as privileged or work product but which was inadvertently produced.

E. The parties do not anticipate any limitations on discovery, and they will seek written discovery and the depositions of relevant witnesses. The parties expect to be able to cooperate in resolving issues that could lead to discovery abuse. Accordingly, the parties believe there is presently no need to impose any limitations on discovery.

F. The parties will prepare and submit to the Court for entry a Protective Order to govern the disclosure and use of confidential information. The parties anticipate that they will not need the Court's intervention to resolve any disputes relating to the terms of this Protective Order. The parties have agreed to service of papers (other than original process) by email, with service effective on the date emailed. Three days will not be added to the time provided for responses served by email. The parties are not presently aware of any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

5. <u>Items in Local Rule 26(f)(1)</u>.

A. The parties have conferred and believe that prompt resolution of this case is not possible at this time. However, the parties desire a fair, reasonable, and early

JOINT STATUS REPORT AND
DISCOVERY PLAN- 6
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

resolution to this case and will pursue all opportunities to achieve such a resolution. The parties propose that this case be set for trial the week of September 25, 2018.

B. The parties agree that mediation is the preferred method of Alternative Dispute Resolution. The parties request that the mediation deadline be set after the close of discovery and the dispositive motions deadline. The parties will seriously consider pursuing mediation much earlier than that, but request a later deadline in case the parties decide, as the case develops, that an early mediation is not likely to be successful.

C. <u>Related cases</u>: none.

D. <u>Discovery Management and Other Dates</u>: The parties suggest the following dates for discovery and other matters:

| **Action** | **Date** |
| --- | --- |
| Deadline to Join Additional Parties | August 8, 2017 |
| Parties Serve Initial Expert Reports | February 19, 2018 |
| Parties Serve Rebuttal Expert Reports | March 19, 2018 |
| Parties Serve Reply Expert Reports | **STATEMENT OF PLAINTIFF**<br><br>Plaintiff asks that reply expert reports be permitted and filed, if the parties choose to do so, no later than April 9, 2018<br><br>**STATEMENT OF DEFENDANTS PIRANHA AND THE HAREBRAINED DEFENDANTS**<br><br>Defendants Piranha and the Harebrained Defendants do not agree to a reply expert report deadline and object to its inclusion because (1) reply expert reports are likely to be unnecessary in this case and will result in significant, additional, expenses to the parties; (2) Fed. R. Civ. P. 26(a)(2)(D) and the Local Civil Rules do not provide for reply expert reports; (3) improper material submitted in or with rebuttal reports may be addressed with motions to strike or other Court relief (*see Shinsedai Co. v. Nintendo Co.*, 2014 U.S. |

JOINT STATUS REPORT AND
DISCOVERY PLAN- 7
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

| Action | Date |
|---|---|
| | Dist. LEXIS 191136 (S.D. Cal. Jun. 10, 2014); and (4) where the parties do not agree to the inclusion of reply expert reports and they are not specifically allowed by local rules, courts typically permit reply expert reports only by leave of Court for cause. *See Cadence Pharms., Inc. v. Fresenius Kabi USA, LLC*, 2014 U.S. Dist. LEXIS 194779 (S.D. Cal. Jun. 2, 2014); *Ironshore Ins., Ltd. v. W. Asset Mgmt. Co.*, 2013 U.S. Dist. LEXIS 69404 (S.D.N.Y. May 15, 2013); *Sanofi-Aventis v. Barr Labs.*, 598 F. Supp. 2d 632 (D.N.J. 2009). |
| Close of Discovery and Deadline for Parties to Submit Discovery Motions | April 30, 2018 |
| Last Day to File Dispositive Motions | May 30, 2018 |
| Mediation Deadline | June 29, 2018 |
| Motions in Limine Filing Deadline | July 31, 2018 |
| Hearing on Dispositive Motions | TBD by Court |
| Final Pretrial Conference | TBD by Court |

E. <u>Anticipated discovery sought</u>: See Section 4.B., above.

F. <u>Phasing of motions</u>: The parties do not anticipate that it will be necessary to phase motion practice in this case.

G. <u>Preservation of discoverable information</u>: The parties are preserving discoverable information, and have issued litigation holds regarding the same.

H. <u>Privilege issues</u>: See Section 4.D., above.

I. <u>Model Protocol for Discovery of ESI</u>: The parties agree to follow the Model Protocol for Discovery of ESI, with agreed-upon amendments to the same as the parties deem appropriate for this case.

J. <u>Alternatives to Model Protocol</u>: See Section 5.I., above.

JOINT STATUS REPORT AND
DISCOVERY PLAN- 8
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY** PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

6. Discovery Completion Date: April 30, 2018.

7. The parties do not believe there is a need for this case to be bifurcated.

8. Pretrial Statements and Pretrial Order: At this time, the parties do not request any changes to the pretrial statements and pretrial order called for by Local Rules 16(e), (h), (i), and (k), and 16.1.

9. The parties have no suggestions regarding shortening or simplifying this case.

10. Anticipated Trial Date: The parties anticipate a five-day trial starting on September 25, 2018.

11. Jury or Non-Jury: Defendants have requested a jury for the trial.

12. Length of Trial: The parties anticipate that this will be a five-day trial.

13. Trial Counsel:

    For Plaintiff:

    Brett A. August
    Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
    200 South Wacker Drive, Suite 2900
    Chicago, Illinois 60606
    (312) 554-8000

    Jason Koransky
    Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
    200 South Wacker Drive, Suite 2900
    Chicago, Illinois 60606
    (312) 554-8000

    Damon Elder
    Calfo Eakes & Ostrovsky PLLC
    1301 Second Avenue, Suite 2800
    Seattle, Washington 98101
    Telephone: (206) 407-2222

    Andrew Hughes
    Calfo Eakes & Ostrovsky PLLC
    1301 Second Avenue, Suite 2800
    Seattle, Washington 98101

JOINT STATUS REPORT AND
DISCOVERY PLAN- 9
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

Telephone: (206) 407-2222

For Defendants:

Defendant Piranha:

Paul T. Meiklejohn
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8746

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8757

Ryan B. Meyer
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8768

Harebrained Defendants:

Warren J. Rheaume
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8265

James H. Corning
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8253

14. Unavailable Dates for Trial: Assuming trial takes place in September, 2018 or later, the parties are not currently aware of any complication to be considered when setting a trial date.

JOINT STATUS REPORT AND
DISCOVERY PLAN- 10
(NO. 2:17-CV-00327-TSZ)

15. <u>Service</u>: Except for Catalyst, all current parties have been served. To the extent that either party seeks to join additional parties, service on those parties will be effected in a timely manner.

16. <u>Scheduling Conference</u>: The parties do not request a scheduling conference.

17. <u>Rule 7.1 and Local Rule 7.1 Statements</u>: Plaintiff filed its statement on March 1, 2017. The Harebrained Defendants and Piranha filed their statements on April 24, 2017.

DATED May 8, 2017.

| CALFO EAKES & OSTROVSKY PLLC | DORSEY & WHITNEY LLP |
|---|---|
| By *s/ Damon C. Elder*<br>    Damon C. Elder, WSBA #46754<br>    Andrew R.W. Hughes, WSBA #49515<br>    1301 Second Avenue, Suite 2800<br>    Seattle, WA 98101-3808<br>    Phone: (206) 407-2200<br>    Fax: (206) 407-2224<br>    Email: damone@calfoeakes.com<br>                andrewh@calfoeakes.com<br><br>Brett A. August (admitted *pro hac vice*)<br>baa@pattishall.com<br>Jason Koransky (admitted *pro hac vice*)<br>jmk@pattishall.com<br>Pattishall, McAuliffe, Newbury, Hilliard &<br>  Geraldson LLP<br>200 South Wacker Drive, Suite 2900<br>Chicago, Illinois 60606<br>Telephone: (312) 554-8000<br>Facsimile: (312) 554-8015<br><br>*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.* | By  *s/ Paul T. Meiklejohn*<br>    Paul T. Meiklejohn, WSBA No. 17477<br>    meiklejohn.paul@dorsey.com<br>    J. Michael Keyes, WSBA No. 29215<br>    keyes.mike@dorsey.com<br>    Todd S. Fairchild, WSBA No. 17654<br>    fairchild.todd@dorsey.com<br>    Ryan B. Meyer, WSBA No. 37832<br>    meyer.ryan@dorsey.com<br>    701 Fifth Avenue, Suite 6100<br>    Seattle, WA 98104<br>    Phone: (206) 903-8746<br>    Fax: (206) 299-3594<br>*Attorneys for Defendant Piranha Games Inc.*<br><br>By *s/ Warren J. Rheaume*<br>    Warren J. Rheaume, WSBA No. 13627<br>    warrenrheaume@dwt.com<br>    James H. Corning, WSBA No. 45177<br>    jamescorning@dwt.com<br>    1201 Third Avenue, Suite 2200<br>    Seattle, WA 98101<br>    Phone: (206) 757-8265<br>    Fax: (206) 757-7265<br><br>*Attorneys for Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman* |

JOINT STATUS REPORT AND
DISCOVERY PLAN- 11
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 8th day of May, 2017.

*s/ Mary J. Klemz*
Mary J. Klemz

JOINT STATUS REPORT AND
DISCOVERY PLAN- 12
(NO. 2:17-CV-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200  FAX (206) 407-2224