HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMES INC., INMEDIARES PRODUCTIONS, LLC and DOES 1-10, <br><br> Defendants. | CASE NO. 2:17-CV-00327-TSZ <br><br> **STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 1

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation on the rights of the parties to assert any applicable privilege.

2.  "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: trade secrets, confidential business information, and other proprietary information, disclosure of which could cause harm to the producing Party; unreleased or non-public intellectual property, including proprietary, non-public artwork, design concepts, and narratives; sales and distribution information, financial reports, financial plans, and other financial data; private account information of customers; business plans; confidential, non-public marketing materials for future products and services; confidential business communications; proprietary communications and materials regarding product and service development and design; confidential contracts, agreements (including, but not limited to, settlement agreements and business agreements) and licenses with third parties or between parties; materials designated as confidential from other proceedings; and other materials which a party believes to be "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as defined herein.

3.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise other than through the fault of a receiving party to this proceeding.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 2

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

4.1     Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the designating party designates that a particular document or material produced is for Attorney's Eyes Only and is so designated under the label "CONFIDENTIAL – ATTORNEYS' EYES ONLY.";

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation, provided that: (1) such experts or consultants are not presently employed by the parties hereto for purposes other than this action; (2) before access is given, the consultant or expert has signed, completed, and agreed to the "Acknowledgment and Agreement to Be Bound" (Exhibit A) attached hereto and the same is served upon the producing party with a current curriculum vitae of the consultant or expert to provide the producing party the opportunity to object to, and notify, the receiving party in writing that it objects to disclosure of confidential material to the consultant or expert. The parties agree to promptly confer in good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the court with fifteen (15) days of the notice, or within

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or court order.;

      (d)      the court, court personnel, and court reporters and their staff;

      (e)      independent litigation support services, including persons working for or as court reporters, copy or imaging services, graphics or design services, services which assist counsel in jury selection, trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action, provided that counsel for the party retaining the support service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

      (f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court, or unless otherwise objected to by the designating party, in which case disclosure shall not be made unless and until the court rules on the objection. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      (h)      For confidential material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such material shall be limited to individuals listed in paragraphs 4.2(a) and (c-g).

      (i)      Each party shall also retain the right to file a motion with the court to modify this Order to allow disclosure of confidential material to additional persons or entities if

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 4

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

reasonably necessary to prepare and present this action and to apply for additional protection of confidential material.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 5

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material that qualifies for protection under this agreement is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word(s) "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualify for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 6

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 7

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 8

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

## 10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

## 11. THIRD PARTIES

To the extent that any discovery is taken of persons who are not parties to this action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to produce confidential materials pursuant to this Order. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have five (5) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 9

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:_____

_____
Thomas S. Zilly
United States District Court Judge

PRESENTED BY:

Dated: June 23, 2017

By */s/ Jason Koransky*
Damon C. Elder, WSBA #46754
Andrew R.W. Hughes, WSBA #49515
Calfo Eakes & Ostrovsky PLLC
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Phone: (206) 407-2200
Fax: (206) 407-2224
Email: damone@calfoeakes.com
andrewh@calfoeakes.com

Brett A. August (admitted *pro hac vice*)
Jason Koransky (admitted *pro hac vice*)
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (312) 554-8015
Email: baa@pattishall.com
jmk@pattishall.com

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 10

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9 | By */s/ Ryan B. Meyer*_____<br>Paul T. Meiklejohn, WSBA No. 17477<br>J. Michael Keyes, WSBA No. 29215<br>Todd S. Fairchild, WSBA No. 17654<br>Ryan B. Meyer, WSBA No. 37832<br>Dorsey & Whitney LLP<br>701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>Phone: (206) 903-8746<br>Fax: (206) 299-3594<br>Email: meiklejohn.paul@dorsey.com<br>      keyes.mike@dorsey.com<br>      fairchild.todd@dorsey.com<br>      meyer.ryan@dorsey.com<br><br>*Attorneys for Defendant Piranha Games Inc.* |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | By */s/ James H. Corning*_____<br>Warren J. Rheaume, WSBA No. 13627<br>James H. Corning, WSBA No. 45177<br>Davis Wright Tremaine LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101<br>Phone: (206) 757-8265<br>Fax: (206) 757-7265<br>Email: warrenrheaume@dwt.com<br>      jamescorning@dwt.com<br><br>*Attorneys for Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman* |

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 11

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Harmony Gold U.S.A., Inc. v. Harebrained Schemes LLC, et.al.*, Case No. 2:17-cv-00327-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 12

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4847-4121-6841v.1 0096453-000003

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the STIPULATED PROTECTIVE ORDER was served on the following parties, by the method(s) indicated below, on June 23, 2017.

| | |
|---|---|
| Damon C. Elder<br>Andrew R.W. Hughes<br>Calfo Eakes & Ostrovsky PLLC<br>1301 Second Avenue, Suite 2800<br>Seattle, WA 98101-3808 | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

Brett A. August
Jason Koransky
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

Warren J. Rheaume, WSBA No. 13627
James H. Corning, WSBA No. 45177
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101

*Attorneys for Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman*

/s/ Ryan B. Meyer_____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:17-CV-00327-TSZ - 13

4847-4121-6841v.1 0096453-000003

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820