HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMESGAMES INC. and DOES 1–10,<br><br>  Defendants. | CASE No. 2:17-CV-00327-TSZ<br><br>**[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 15, 2017 |

This matter came before the Court on defendant Piranha Games Inc.'s ("Piranha") motion for summary judgment as to plaintiff Harmony Gold U.S.A., Inc.'s ("Harmony Gold") lack of standing to assert the copyright infringement claim set forth in the Amended Complaint in this litigation as Count I. *See* Dkt. 31 at ¶¶ 23, 28, 35-41. Piranha seeks summary judgment because Harmony Gold is not the owner or exclusive licensee of the rights it seeks to enforce and, therefore, has no standing to enforce those rights. Count I is the only count asserted against Piranha so this motion, if granted, would be fully dispositive as to Piranha.

The Court has reviewed all arguments and evidence submitted in support of, and in opposition to, Piranha's motion and is viewing the facts in the light most favorable to Harmony Gold as the non-moving party. The Court finds that there is no genuine issue of material fact that

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

would preclude summary judgment. *See S. Cal. Darts Ass'n v. Zaffina*, 762 F. 3d 921, 925 (9th Cir. 2014). For the reasons set forth in Piranha's motion and discussed below, the Court GRANTS summary judgment as to Harmony Gold's lack of standing to assert its copyright infringement claim and DISMISSES Piranha from this lawsuit.

### A. Relevant Facts

Harmony Gold alleges that certain robot warrior characters in video games created by Piranha infringe copyrights that are allegedly owned by, or licensed to, Harmony Gold. While each of Harmony Gold's asserted copyright registrations (Dkt. 31 at ¶ 14) is directed to a "MOTION PICTURE" (*see* Dkt. 1, Ex. A), specifically an animated series called *Macross* ("the *Macross* Motion Picture"), the Amended Complaint alleges infringement based on Piranha's alleged creation of unauthorized derivative works of particular characters ("the Big West Characters") that were created by a Japanese company called Studio Nue Co., Ltd. ("Studio Nue") before the *Macross* Motion Picture was created. The copyright to the Big West Characters is co-owned by Studio Nue and a second Japanese company called Big West Co., Ltd. ("Big West") (collectively, "Big West"). A third Japanese company, Tatsunoko Production Co., Ltd. ("Tatsunoko"), assisted with the production of the *Macross* Motion Picture, but it was not involved in the creation of the Big West Characters. As partial compensation for Tatsunoko's efforts, it was granted certain rights to commercialize the *Macross* Motion Picture overseas. Tatsunoko purported to grant its rights in the *Macross* Motion Picture to Harmony Gold in a 1991 license agreement as well as an earlier version of this license agreement. The license agreement was subsequently amended several times.

In the early 2000s, Tatsunoko and Big West were involved in litigation in Japan, which resulted in a Japanese district court concluding that Big West, not Tatsunoko, is the copyright owner of the Big West Characters. Following that decision, Big West registered the Big West Characters with the U.S. Copyright Office and deposited a set of images of each character.

The Japanese district court's judgment was affirmed on appeal. In response to the Japanese court's decision, Tatsunoko and Harmony Gold executed an amendment to their license

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT
COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

agreement which expressly states that Harmony Gold acknowledges that it was not granted the right to create derivative works of the Big West Characters.

In 2017, Harmony Gold and Tatsunoko engaged in arbitration to determine, *inter alia*, the scope of the rights to *Macross* granted to Harmony Gold and the validity of the 2003 amendment. On June 27, 2017, the arbitrator issued an Arbitration Award which stated that the 2003 amendment is valid and binding, and Tatsunoko has granted to Harmony Gold *all* of the copyrights it has in *Macross* **except** for the right to create derivative works of the Big West Characters. Harmony Gold, not Tatsunoko, then petitioned a federal district court to issue a judgment confirming the Arbitration Award, which it did on August 23, 2017.

### B. Analysis

Piranha contends that Harmony Gold lacks standing for its copyright claim for two reasons: (1) it does not own the copyright it seeks to assert because that copyright is owned by Big West; and (2) the copyrights granted to Harmony Gold specifically exclude the rights it seeks to enforce. Moreover, Harmony Gold is collaterally estopped from arguing against the validity of the 2003 amendment. An Arbitration Award expressly states that the license, as amended, is valid and that Harmony Gold does not have the rights asserted.

#### 1. Harmony Gold Does Not Own the Asserted Copyrights

Only the "legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b).  An exclusive licensee can sue to protect a particular right that it has been granted, but it cannot sue for infringement of rights outside of its exclusive license. *See Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 1002 (C.D. Cal. 2015). One who is not the owner or exclusive licensee of a particular right has no standing to sue others for infringement of that right. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1143-44 (9th Cir. 2008); *see Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013). In a copyright infringement case, the alleged copyright owner has the burden of showing that it is the owner of a valid copyright. *See North Coast Indus. v. Maxwell*, 972 F.2d 1031, 1033 (9th Cir. 1992).

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT
COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Big West's copyright registration and the deposit materials for that registration establish that Big West, not Harmony Gold or Tatsunoko, is the owner of the copyrights to the Big West Characters. If the registration was not filed within five years of publication, the Court has discretion to decide what evidentiary weight should be given to Big West's registration. *See* 17 U.S.C. § 410(c). All of the evidence is consistent with Big West's ownership of the Big West Characters. Accordingly, the Court holds that Big West's copyright registration is *prima facie* evidence that Big West owns the Big West characters. Harmony Gold has not met its burden of showing that Big West's copyright registration is invalid.

### 2. Harmony Gold Does Not Have an Exclusive License to the Asserted Derivative Rights

Whatever rights Harmony Gold may have in *Macross*, if any, were granted to it by Tatsunoko. Tatsunoko cannot license to Harmony Gold rights that it does not have. Tatsunoko may have granted Harmony Gold certain rights in the *Macross* Motion Picture, which is indicated by Harmony Gold's copyright registration to Episodes 1-36 of *Macross* under the "Motion Picture" category. However, Harmony Gold's copyright to the *Macross* Motion Picture does not give it the exclusive rights to preexisting works that may be contained in the *Macross* Motion Picture. *See* 17 U.S.C. § 103(b). Since the Big West Characters are such preexisting works, Harmony Gold does not have an exclusive right to them absent a license. In the 2003 amendment which was signed by a Harmony Gold representative, Harmony Gold expressly acknowledged that the rights granted to it by Tatsunoko do not include the right to create derivative works of the Big West Characters. Harmony Gold has not submitted any evidence that would contradict or modify this clear, express disavowal. Since Harmony Gold's only theory of infringement is that Piranha has created unauthorized derivative works, Harmony Gold has no standing to assert such a copyright infringement claim against Piranha.

### 3. Harmony Gold Is Foreclosed from Re-Litigating Whether the 2003 Amendment Is Valid and Binding

To the extent that Harmony Gold may attempt to argue that the 2003 amendment is

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

invalid or not binding, it is collaterally estopped to do so. There are three requirements for collateral estoppel to apply:

> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Town of N. Bonneville v. Callaway,* 10 F.3d 1505, 1508 (9th Cir. 1993). When these requirements are met as to a particular issue, that issue cannot be re-litigated. Each of these requirements are met here.

At issue here is whether the 2003 amendment is valid and binding on Harmony Gold because, if it is, Harmony Gold has no right to create derivative works of the Big West Characters and, therefore, it has no right to prevent others from doing so. This same issue was already settled during the arbitration which was confirmed by a federal district court earlier this year. *See Harmony Gold, USA, Inc. v. Tatsunoko Production Co., Ltd.*, Case No. 2:17-cv-06034-PA-MRW (C.D. Cal. Aug. 23, 2017). In that arbitration, Harmony Gold and Tatsunoko disputed, among other things, the scope of rights granted to Harmony Gold through its license agreement, and amendments, with Tatsunoko. The 2003 amendment was particularly significant to that arbitration because, following the 1991 agreement, several amendments had taken away particular rights to the *Macross* Motion Picture. The 2003 amendment effectively restored those rights because it granted to Harmony Gold whatever copyrights Tatsunoko had in *Macross*. At the same time, it explicitly excluded the right to create derivative works of the Big West Characters.

Tatsunoko challenged the validity of the 2003 amendment because it sought to limit the scope of rights it had granted to Harmony Gold. Tatsunoko's challenge was unsuccessful. In the relief granted to Harmony Gold, the arbitrator held that the 2003 amendment was valid and binding, and it granted all of Tatsunoko's copyrights in *Macross* to Harmony Gold except with respect to the Big West Characters. As the "predominantly prevailing party," Harmony Gold

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

took the spoils of its victory to federal court and petitioned for a judgment confirming the Arbitration Award. The district court issued a judgment confirming the Arbitration Award such that it now has the preclusive effect of a district court decision. 9 U.S.C. § 13(c). Accordingly, the validity of the 2003 amendment has already been actually litigated, the factfinder determined that it is valid and binding, and Harmony Gold has no derivative works rights to the Big West Characters. There is no reason to re-litigate this issue.

  Harmony Gold has failed to demonstrate a genuine dispute of material fact with respect to whether it has standing to assert its copyright infringement claim. For the reasons discussed above, summary judgment that Harmony Gold lacks standing to assert its copyright infringement claim is appropriate. Accordingly, Harmony Gold's copyright infringement claim in Count I is DISMISSED WITH PREJUDICE.  Since Count I is the only count asserted against Piranha, Piranha is hereby dismissed from this litigation.  Count II remains as to the remaining defendants.

  IT IS SO ORDERED.

  DATED this ____ day of _____, 2017.

                _____
                The Honorable Thomas S. Zilly
                UNITED STATES DISTRICT COURT JUDGE

Presented on this 13th day of November, 2017 by:

[PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT
COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 6

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

1 | DORSEY & WHITNEY LLP
2 | /s/ Ryan B. Meyer
Paul T. Meiklejohn, WSBA No. 17477
3 | J. Michael Keyes, WSBA No. 29215
Todd S. Fairchild, WSBA No. 17654
4 | Ryan B. Meyer, WSBA No. 37832
701 Fifth Avenue, Suite 6100
5 | Seattle, WA 98104

6 | *Attorneys for Defendant Piranha Games Inc.*
7 |
8 |
...
26 | [PROPOSED] ORDER GRANTING PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ — 7

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820