HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMES INC. and DOES 1–10, <br><br> Defendants. | CASE NO. 2:17-CV-00327-TSZ <br><br> **PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF No. 51)** <br><br> **NOTE ON MOTION CALENDAR: DECEMBER 8, 2017** <br><br> **ORAL ARGUMENT REQUESTED** |

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**TABLE OF CONTENTS**

I. RELIEF REQUESTED ................................................................................................. 1

II. INTRODUCTION ......................................................................................................... 1

III. BACKGROUND ........................................................................................................... 3

    A. Harmony Gold's License Agreement Excludes the Copyrights Asserted in this Case ................................................................................................................ 3

    B. The Federal Court Judgment Confirmed that Harmony Gold's License Excludes the Visual Depiction of the Big West Characters .................................. 4

    C. Big West Owns the Copyrights in Question and Registered Them with the U.S. Copyright Office ......................................................................................... 5

    D. The Copyright Act Precludes Harmony Gold's Copyright Claims in this Case .................................................................................................................... 5

    E. There Is No "Confusion" About the "Source and Scope" of Harmony Gold's Alleged Copyrights ................................................................................. 6

    F. There Was No Race to the Courthouse ............................................................... 7

IV. ARGUMENT AND CITATION OF AUTHORITY .................................................... 8

    A. The Court's Discretion is "Particularly Broad" Here Because Harmony Gold Has Previously Amended Its Complaint ..................................................... 8

    B. The Proposed Amendment Is Futile Because Plaintiff's Copyright Claim Would Still Be Subject to Dismissal on Summary Judgment ............................... 9

    C. Harmony Gold Unduly Delayed Alleging the Old Facts Described in the Proposed Amendment ......................................................................................... 11

V. CONCLUSION ............................................................................................................ 12

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - i

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
    781 F.2d 1393 (9th Cir. 1986) ..................................................................................................12

*Albrecht v. Lund*,
    845 F.2d 193 (1988), *amended* 856 F.2d 111 (1988) ........................................................9, 10

*Chodos v. West Publishing Co.*,
    292 F.3d 992 (9th Cir. 2002) ....................................................................................................12

*City of Los Angeles v. San Pedro Boat Works*,
    635 F.3d 440 (9th Cir. 2011) ......................................................................................................8

*Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*,
    918 F.2d 1446 (9th Cir. 1990) ..................................................................................................11

*Doc's Dream, LLC v. Dolores Press, Inc.*,
    678 Fed. Appx. 541 (9th Cir. 2017)..........................................................................................11

*Foman v. Davis*,
    371 U.S. 178 (1962)....................................................................................................................8

*Gabrielson v. Montgomery Ward & Co.*,
    785 F.2d 762 (9th Cir. 1986) ......................................................................................................9

*Harmony Gold, USA, Inc. v. Tatsunoko Production Co., Ltd.*,
    Case No. 2:17-cv-06034-PA-MRW (C.D. Cal. Aug. 23, 2017) (Fairchild
    Decl., Ex. 1) ...............................................................................................................................4

*Harris v. Rand*,
    682 F.3d 846 (9th Cir. 2012) ..............................................................................................10, 11

*Jackson v. Bank of Hawaii*,
    902 F.2d 1385 (9th Cir. 1990) ..............................................................................................8, 12

*Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*,
    701 F.2d 1276 (9th Cir. 1983) ....................................................................................................9

*M/V American Queen v. San Diego Marine Const. Corp.*,
    708 F.2d 1483 (9th Cir. 1983) ..................................................................................................12

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - ii

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ........................................................................................8, 9

*Smith v. Commanding Officer, Air Force Accounting*,
    555 F.2d 234 (9th Cir. 1977) ..............................................................................................9

*Stein v. United Artists Corp*,
    691 F.2d 885 (9th Cir. 1982) ............................................................................................12

**Statutes**

9 U.S.C. § 13(c) ..........................................................................................................................4

Copyright Act..........................................................................................................................5, 6

17 U.S.C. § 103(b) .....................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8..........................................................................................................................7

Fed. R. Civ. P. 15(a)(2)................................................................................................................8

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - iii

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. RELIEF REQUESTED

Defendant Piranha Games Inc. ("Piranha") respectfully asks the Court to deny the Motion for Leave to Amend the Amended Complaint (ECF No. 51) filed by Plaintiff Harmony Gold U.S.A., Inc. ("Harmony Gold"). The motion should be denied because the proposed amendments cannot cure the fundamental defect in Harmony Gold's original and First Amended Complaints. The evidence shows that Harmony Gold lacks standing to sue Defendants for copyright infringement because Harmony Gold does not own the copyrights in question. *See* Piranha's Motion for Summary Judgment (ECF No. 47). This critical defect – lack of standing – cannot be cured though further amendments to the complaint. The proposed amendments are futile, and Harmony Gold's motion should be denied. In addition, the motion should be denied because Harmony Gold unduly delayed pleading alleged facts that were known to Harmony Gold for decades.

This opposition is supported by the concurrently-filed Declaration of Todd S. Fairchild and exhibits thereto. A proposed form of Order is also filed concurrently herewith.

## II. INTRODUCTION

This case concerns alleged copyright infringement by Defendants. Harmony Gold filed its original complaint on March 1, 2017 and its amended complaint on May 1, 2017. The original and amended complaints each allege that Harmony Gold is the exclusive licensee of copyrights in certain "warrior robot" characters that appear in a series of animated motion pictures. The motion pictures are called "*Macross*" in Japan, and were renamed "Robotech" for distribution in the U.S. The complaints allege that certain robot warrior characters created by Piranha, which appear in a video game called "MechWarrior Online," infringe the copyrights asserted by Harmony Gold.

On November 13, 2017, Piranha moved for entry of summary judgment dismissing Harmony Gold's copyright infringement claims for lack of standing. *See* ECF No. 47. Harmony Gold lacks standing for three reasons. **First**, Harmony Gold is not the owner of the copyrights in

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

question. Those copyrights are jointly owned by two Japanese companies called Big West and Studio Nue (collectively, "Big West"), as shown by Big West's copyright registration in the U.S. Copyright Office. Fairchild Decl., Ex. 2.  **Second**, the copyrights Harmony Gold seeks to enforce are not licensed to Harmony Gold.  Harmony Gold's license agreement expressly <u>excludes</u> the copyrights that Harmony Gold asserts in this case. Fairchild Decl., Ex. 3.  **Third**, the issue of what copyrights were licensed to Harmony Gold was recently litigated, and is the subject of a U.S. District Court Judgment. Fairchild Decl., Ex. 1.  That judgment confirms that the copyrights at issue are owned by Big West and were not licensed to Harmony Gold.  *Id.*  The evidence submitted in support of Piranha's motion for summary judgment cannot be circumvented through artful pleading.

Piranha filed its motion for summary judgment after numerous discussions with opposing counsel regarding the significance of the Judgment and other evidence.  Fairchild Decl. ¶ 5. Harmony Gold's position has always been that the Judgment does not mean what it says.  Harmony Gold also expressed an intention to amend its complaint a second time to explain the source of its alleged copyrights. *Id.*  Piranha waited five weeks after Harmony Gold's attorneys first indicated that they planned to seek leave to amend. *Id.*  When the motion for leave to amend was not forthcoming, Piranha filed its motion for summary judgment. *Id.*

Harmony Gold's proposed amendments do not cure Harmony Gold's lack of standing.  The indisputable evidence shows that Harmony Gold does not own, or have an exclusive license to, the copyrights in question.  Harmony Gold may have certain rights to display and reproduce the animated motion picture series known as "*Macross*" and "*Robotech*," but Harmony Gold does not have any copyright in the individual **characters** appearing in those animated movies.  The copyrights to those characters (the "Big West Characters") are owned by Big West.  Big West has registered its copyrights in the Big West Characters with the U.S. Copyright Office. *See* Fairchild. Decl., Ex. 2.  Because Harmony Gold does not own those copyrights, it cannot enforce them.

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 2

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Harmony Gold's motion for leave to amend should be denied because it is futile and because Harmony Gold unduly delayed alleging purported facts that were known to Harmony Gold for many years before the filing of the original complaint. Harmony Gold does not own, or have an exclusive license to, the Big West Characters which are displayed in each version of Harmony Gold's complaint, including the proposed Second Amended Complaint. Harmony Gold's motion for leave to amend its complaint should be denied, and Piranha's motion for summary judgment should be granted.

### III.   BACKGROUND

#### A.   Harmony Gold's License Agreement Excludes the Copyrights Asserted in this Case

It is undisputed that Harmony Gold did not create any of the warrior robot characters that are at issue in this case. Harmony Gold's copyrights, if any, flow from a license agreement between Harmony Gold, as licensee, and Tatsunoko Production Co. Ltd. ("Tatsunoko"), as licensor. According to Harmony Gold, the current license agreement was executed in 1991 and was amended several times after that. The only amendment that is relevant to the pending motions is the one-page amendment dated January 20, 2003. The 2003 amendment states in its entirety:

> This amendment is entered into as of January 20, 2003 by and between Tatsunoko Production Co. Ltd. ("Licensor") and Harmony Gold USA, Inc. ("Licensee") in reference to that certain agreement between Licensor and Licensee dated March 15, 1991.
>
> For good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Licensor hereby grants to Licensee whatever rights Licensor has (if any) in the copyright of the original 36 episode series Macross (the "Series").
>
> **Licensee expressly acknowledges that Licensor is not granting Licensee any rights to create derivative works using the original 41 characters as contained in the Series.**

Fairchild Decl., Ex. 3 (emphasis added). As explained below, the force and effect of this amendment was litigated during a 2017 arbitration between Harmony Gold and Tatsunoko.

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### B. The Federal Court Judgment Confirmed that Harmony Gold's License Excludes the Visual Depiction of the Big West Characters

Earlier this year (2017), Harmony Gold and Tatsunoko engaged in an arbitration to resolve various disputes under their license agreement. At the end of the proceeding, the arbitrator issued a 21-page Arbitration Award containing detailed findings of fact and conclusions of law regarding the rights of Harmony Gold and Tatsunoko under the license agreement. Shortly after the award was entered, Harmony Gold moved to have it confirmed by the U.S. District Court for the Central District of California. The motion was granted. *See Harmony Gold, USA, Inc. v. Tatsunoko Production Co., Ltd.*, Case No. 2:17-cv-06034-PA-MRW, at 2 (C.D. Cal. Aug. 23, 2017) (the "Federal Court Judgment") (Fairchild Decl., Ex. 1). By federal statute, the Arbitration Award is now a Judgment of the District Court "in all respects." 9 U.S.C. § 13(c) ("The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."). The Federal Court Judgment shows that Harmony Gold does not own, or have an exclusive license to, the copyrights it is asserting in this case.

The issues decided in the arbitration included: (1) whether the 2003 amendment was procured through "fraud," and (2) the scope of Harmony Gold's rights in *Macross*. Two of the findings in the Federal Court Judgment are: (1) Big West owns the copyrights to the Big West Characters, and (2) the rights licensed to Harmony Gold <u>exclude</u> "the visual depiction of the original 41 animated graphic characters from the underlying [*Macross*] Program." *See* Fairchild. Decl., Ex. 1 at p. 10 of 21 and p. 18 of 21. Because the copyrights licensed to Harmony Gold exclude the "visual depiction" of the Big West Characters, Harmony Gold has no standing to sue the Defendants for allegedly copying elements of those characters. This is explained in greater detail in Piranha's pending motion for summary judgment. (ECF No. 47).

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### C. Big West Owns the Copyrights in Question and Registered Them with the U.S. Copyright Office

The findings and conclusions in the Federal Court Judgment were not a surprise to Harmony Gold, because the question of who owns the copyrights to the Big West Characters was litigated in Japan in 2002.  *See* ECF Nos. 48-1 and 48-2.  The Japanese courts ruled that Big West owns the copyrights to the Big West Characters.  *Id.*  The Japanese courts ruled that Tatsunoko owns certain rights in the *Macross* motion picture, but Tatsunoko does not own the copyrights in the Big West Characters.  *Id.*  As a result of the Japanese court rulings, Harmony Gold and Tatsunoko modified their license agreement by executing the 2003 amendment described above.

In 2002, Big West registered its copyrights in the Big West Characters with the U.S. Copyright Office.  *See* Fairchild. Decl., Ex. 2 (Copyright Reg. No. Vau000534107).  Big West's registration includes a set of drawings of the Big West Characters, which include the six characters that Harmony Gold asserts as the basis for its copyright claims in this case.  *Id.*  None of the Harmony Gold copyright registrations referenced in the various versions of the complaint is directed to the Big West Characters.  Rather, Harmony Gold filed a U.S. Copyright registration to the *Macross* "MOTION PICTURE," not to the Big West Characters. *See* ECF No. 48-8.

### D. The Copyright Act Precludes Harmony Gold's Copyright Claims in this Case

Ignoring the 2003 amendment to its license agreement, Big West's copyright registration, and the Federal Court Judgment, Harmony Gold is trying to do something that the Copyright Act forbids.  *See* 17 U.S.C. § 103(b).  Harmony Gold is trying to use its license and copyright registration in the *Macross* "MOTION PICTURE" to claim ownership of the preexisting robot warrior characters that were created by Big West.  But registering copyrights in a compilation or derivative work, like a motion picture, does not imply any copyright in "preexisting material," such as songs, screenplays, or, in this case, the Big West Characters. 17 U.S.C. § 103(b).  The Copyright Act states: "copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

in the work, and does not imply any exclusive right in the preexisting material." *Id.* Thus, while Harmony Gold may have certain rights to display or reproduce the *Macross/Robotech* motion pictures, and to prevent others from doing so, it has no separate rights in the "preexisting" Big West Characters. There is no allegation in the Second Amended Complaint (or any earlier version) that Defendants have copied the *Macross/Robotech* motion pictures. The only allegation is that Defendants have copied the "robot warrior" characters which belong to Big West. *See* ECF No. 1 at ¶¶ 32-33; ECF No. 31 at ¶¶ 36-37; ECF No. 51 at ¶¶ 40-41.

### E. There Is No "Confusion" About the "Source and Scope" of Harmony Gold's Alleged Copyrights

Harmony Gold filed its original complaint on March 1, 2017 and filed its Amended Complaint on May 1, 2017. The original and Amended Complaints each allege (falsely) that Harmony Gold is the owner and exclusive international licensee of copyrights in the "warrior robots" that appear in the *Macross* motion pictures. *See* ECF No. 1 at ¶¶ 11-15 and 32; ECF No. 31 at ¶¶ 12-16 and 36. Harmony Gold alleges that those rights arise from its license agreement with Tatsunoko. ECF No. 1 at ¶¶ 11-12; ECF No. 31 at ¶¶ 12-13. Harmony Gold argues that it needs to amend its complaint a second time to "clarify the **source and scope** of the rights … it has been granted by an exclusive license from Tatsunoko …." ECF No. 51 at 2 (emphasis added). Harmony Gold also argues that "[t]he amendment is necessary to clarify some unclear and unintentionally inaccurate statements in Harmony Gold's prior pleading, which have created unnecessary confusion regarding the **source and scope** of Harmony Gold's rights." *Id.* (emphasis added).

In fact, there is no confusion about the "source and scope" of Harmony Gold's alleged copyrights. The alleged "source" has always been the license agreement between Harmony Gold and Tatsunoko. The alleged "scope" has always been: (1) the alleged right to **"adapt"** *Macross* and two other animated motion picture series "for a television series in the United States, which

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 6

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  Harmony Gold renamed 'Robotech,'" and (2) the alleged right to **"market"** products in the United
2  States "incorporating Robotech warrior robots, such as books, toys, video games, films, comic
3  books and apparel." See ECF No. 1 at ¶¶ 11-12; ECF No. 31 at ¶¶ 12-13, and ECF No. 51 at ¶¶
4  12-13 (emphasis added).  These same allegations regarding the "source and scope" of Harmony
5  Gold's alleged rights appear in the original Complaint, the First Amended Complaint and the
6  proposed Second Amended Complaint. *Id.*  The new factual information that Harmony Gold seeks
7  to allege would merely add evidentiary detail that is not required under Fed. R. Civ. P. 8 (requiring
8  only a "short and plain statement of the claim"), and would not cure Plaintiff's lack of standing.

9  Piranha's pending motion for summary judgment is not based on some defect in the
10 existing pleadings or confusion about Harmony Gold's claims.  The motion is based on admissible
11 evidence showing that Harmony Gold does not have a license to the copyrights it asserts.

12      **F.    There Was No Race to the Courthouse**

13 Harmony Gold argues that Piranha "beat Harmony Gold to the punch" by filing a motion
14 for summary judgment before Harmony Gold could amend its complaint a second time.  But
15 Harmony Gold's new allegations about the "source and scope" of its alleged rights were known to
16 Harmony Gold for years before this lawsuit was filed.  In fact, all of the "new" information in the
17 proposed Second Amended Complaint concerns events that allegedly occurred between 1982 and
18 2003. *See* ECF No. 51 at 43, 44, 48 and 49 (*see* Plaintiff's redlines showing new factual
19 allegations).  The newest of the "new" information is an event that occurred more than a decade
20 ago, specifically, the 2003 amendment to the license agreement. *See* ECF No. 51 at 49 (¶ 20).

21 Harmony Gold has obviously known about the terms of the 1991 license agreement and
22 the 2003 amendment since they were executed.  Harmony Gold also knew about its own copyright
23 registrations from the 1980s.  Harmony Gold had access to, and constructive notice of, the Big
24 West copyright registration since it was recorded in 2002.  Harmony Gold almost certainly knew
25 about the Japanese litigation that occurred "in the early 2000s" (ECF No. 51 at 48, ¶ 17) because

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 7

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

that litigation caused Tatsunoko and Harmony Gold to amend their license agreement in 2003. Harmony Gold acknowledges that its intention to amend the complaint was discussed between counsel during a phone call on October 2, 2017. ECF No. 51 at 4; ECF No. 52 at ¶ 5.  That discussion occurred more than five weeks before Piranha filed its motion for summary judgment. Fairchild Decl. at ¶ 5.  In short, Harmony Gold had plenty of time to figure out what copyrights it allegedly owns before filing its <u>original</u> complaint, and Harmony Gold had plenty of time to file a motion to amend before Piranha filed its motion for summary judgment on November 13, 2017.

### IV. ARGUMENT AND CITATION OF AUTHORITY

#### A. The Court's Discretion is "Particularly Broad" Here Because Harmony Gold Has Previously Amended Its Complaint

Although Fed. R. Civ. P. 15(a)(2) "should be interpreted with 'extreme liberality'… leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

> Once a responsive pleading has been filed … a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A district court's denial of such leave to amend is reviewed under an abuse of discretion standard.

*Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (affirming denial of motion to amend) (citations and internal punctuation omitted).

As held by the Ninth Circuit: "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Id., quoting DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) and *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Courts may deny a motion for leave to amend due to "bad faith or dilatory motive on the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182.

A district court has "particularly broad" discretion to deny a motion to amend where the plaintiff has previously amended its complaint. *City of Los Angeles v. San Pedro Boat Works*, 635

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 8

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

F.3d 440, 454 (9th Cir. 2011) (affirming orders granting summary judgment and denying motion to amend); *quoting Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989) ("The district court's discretion is particularly broad where plaintiff has previously amended the complaint") (affirming denial of motion for leave to amend).  This is particularly true here, where the new allegations describe events that occurred decades ago, and all that information was known to Plaintiff before it filed its original complaint.

### B. The Proposed Amendment Is Futile Because Plaintiff's Copyright Claim Would Still Be Subject to Dismissal on Summary Judgment

Denial of a motion to amend is proper where the amended pleading would be subject to dismissal. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that "futile amendments should not be permitted"); *citing Foman*, 371 U.S. at 182 and *Smith v. Commanding Officer, Air Force Accounting*, 555 F.2d 234, 235 (9th Cir. 1977); *accord Roth,* 942 F.2d at 628 ("courts have discretion to deny leave to amend a complaint for 'futility,' and futility includes the inevitability of a claim's defeat on summary judgment") (citations omitted).  "If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Albrecht v. Lund*, 845 F.2d 193, 195 (1988), *amended* 856 F.2d 111 (1988)*, quoting Schreiber Distributing Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (affirming denial of motion to amend where "any amendment would have been futile in that it could be defeated on a motion for summary judgment").

As shown by the holding in *Roth*, a proposed amendment that seeks "to add defendants or entirely separate claims" should be given greater deference than a proposed amendment that merely seeks to "plead more specifically."  *Roth*, 942 F.2d at 629.  Ninth Circuit cases show that such an amendment should be carefully scrutinized to determine if the new information would

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 9

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

actually avoid dismissal. For example, in *Albrecht*, the plaintiff sought to amend factual allegations supporting claims for fraud and fiduciary duty. The plaintiff had sued his former business partner for allegedly misrepresenting important legal advice regarding the partnership's chances of success in a pending lawsuit. The district court dismissed the complaint with prejudice for failure to state a claim, and also denied leave to amend. The Ninth Circuit affirmed, holding:

> Amending the complaint to allege more facts concerning Lund's conversation with the attorneys would not repair the defects in Albrecht's causes of action. Regardless of the substance of the conversation between Lund and the partnership's attorneys, Lund's representation to Albrecht that he believed an adverse jury verdict was a distinct possibility could not be a misrepresentation. Lund's statement concerned his own beliefs, and Albrecht does not allege as the basis of his claims that Lund did not believe his own opinion to be true. Thus, Albrecht's causes of action for fraud and breach of fiduciary duty must necessarily fail and denial of leave to amend was proper.

*Albrecht*, 845 F.2d at 195 (footnotes omitted).

The same type of scrutiny should be applied to Harmony Gold's proposed amendments. Harmony Gold seeks to add more factual detail about the source and scope of its alleged copyrights. But the new information would not prevent summary judgment for lack of standing based on the Federal Court Judgment and the evidence supporting Piranha's motion for summary judgment. If Harmony Gold had some actual evidence that would create a material dispute concerning the standing issue, then Harmony Gold should present that evidence in opposition to the pending motion for summary judgment.

Harmony Gold argues that "[i]n addressing futility, the Court must accept the allegations in the amended pleading as true." ECF No. 51 at 9, *citing Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). That is <u>not</u> a correct statement of the law, and the *Harris* opinion says nothing of the sort. The issue in *Harris* was whether a district court properly dismissed an <u>existing</u> First Amended Complaint ("FAC") for lack of subject matter jurisdiction. *Id.* at 850-51. The Court made absolutely no ruling concerning "futility" or the legal standard for denying a motion to amend. To the contrary, the Court stated that it was <u>not</u> considering whether the district court properly denied

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 10

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

the plaintiffs' motion to amend: "Because we conclude that the district court erred by dismissing plaintiffs' FAC, we do not address plaintiffs' claims that the district court abused its discretion by denying the motion for rehearing and the request for leave to amend the FAC." *Id.* at 851 (emphasis added). Simple logic dictates that the doctrine of futility could not exist if a court were required to accept as true the allegations in a proposed amended pleading in the face of a well-supported motion for summary judgment.

Harmony Gold cites *Doc's Dream, LLC v. Dolores Press, Inc.*, 678 Fed. Appx. 541 (9th Cir. 2017) for the proposition that it is error to refuse to allow a plaintiff to amend a complaint to clarify copyright ownership. ECF No. 51 at 6. But much more than "clarification" was at issue in *Doc's Dream*. The issue there was whether the plaintiff should have been given an opportunity to allege copyright ownership for the first time, because the original complaint failed to do so. *Doc's Dream*, 678 Fed. App'x. at 541-42. At the same time, the court clearly held that an amendment should not be permitted where amending the complaint would be futile:

> In a line of cases stretching back nearly 65 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, **unless it determines that the pleading could not possibly be cured by the allegation of other facts.** Dismissal without leave to amend is improper **unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.** …

*Id.* (citations and internal punctuation omitted) (emphasis added). No one is inviting the obvious and multiple errors that were made by the district court in *Doc's Dream*. The Ninth Circuit's ruling in that case supports denial of the instant motion, because Harmony Gold's complaint "could not possibly be cured by the allegation of other facts." *Id.*

**C.  Harmony Gold Unduly Delayed Alleging the Old Facts Described in the Proposed Amendment**

"Undue delay is a valid reason for denying leave to amend." *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1454 (9th Cir. 1990) (denying motion for leave to amend complaint). "Relevant to evaluating the delay issue is whether the moving party knew or should

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 11

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming denial of motion for leave to amend); *accord, Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of motion for leave to amend); *see M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial of motion for leave to amend where "[n]o facts, newly discovered in that period, were alleged."); *Stein v. United Artists Corp*, 691 F.2d 885, 898 (9th Cir. 1982) (affirming denial of motion for leave to amend where plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally …").

Harmony Gold has provided no explanation for its failure to fully develop the facts that allegedly support its copyright claims.  The proposed amendments do not identify any "newly discovered" information.  To the contrary, the information is decades old.  The motion to amend should be denied both for futility and undue delay.

## V.     CONCLUSION

For the foregoing reasons, Harmony Gold's Motion for Leave to Amend the Amended Complaint (ECF No. 51) should be denied and Piranha's Motion for Summary Judgment (ECF No. 47) should be granted.

Respectfully submitted this 4th day of December, 2017

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 12

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DORSEY & WHITNEY LLP

*/s/ Todd S. Fairchild*
Paul T. Meiklejohn, WSBA No. 17477
J. Michael Keyes, WSBA No. 29215
Todd S. Fairchild, WSBA No. 17654
Ryan B. Meyer, WSBA No. 37832
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Phone: (206) 903-8800
Fax: (206) 903-8820

*Attorneys for Defendant Piranha Inc.*

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 13

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of (1) PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; and (2) DECLARATION OF TODD S. FAIRCHILD IN SUPPORT OF PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, and exhibits thereto; and (3) [PROPOSED] ORDER DENYING PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT were served on the following parties, by the method(s) indicated below, on December 4, 2017.

Jessica Stebbins Bina (admitted *pro hac vice*)
jessica.stebbinsbina@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd., 3rd Floor
Los Angeles, CA 90067

☒ Via ECF
☐ Via Hand Delivery
☐ Via Overnight Courier
☐ Via Facsimile
☐ Via Electronic Mail

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

Warren J. Rheaume, WSBA No. 13627
warrenrheaume@dwt.com
James H. Corning, WSBA No. 45177
jamescorning@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 757-8265
Fax: (206) 757-7265

☒ Via ECF
☐ Via Hand Delivery
☐ Via Overnight Courier
☐ Via Facsimile
☐ Via Electronic Mail

*Attorneys for Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman*

/s/ Todd S. Fairchild
Todd S. Fairchild

PIRANHA GAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT
Case No. 2:17-cv-00327-TSZ - 14

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820