THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9  HARMONY GOLD U.S.A., INC.,                    CASE NO. 2:17-CV-00327-TSZ

10              Plaintiff,

11        v.                                     **REPLY IN SUPPORT OF MOTION
                                                 FOR LEAVE TO AMEND AMENDED
12  HAREBRAINED SCHEMES LLC,                     COMPLAINT**
    HAREBRAINED HOLDINGS, INC.,
13  JORDAN WEISMAN, PIRANHA GAMES                **NOTE ON MOTION CALENDAR:
    INC., INMEDIARES PRODUCTIONS, LLC,           DECEMBER 8, 2017**
14  and DOES 1–10

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27  REPLY ISO MOTION FOR LEAVE TO                       LAW OFFICES
    AMEND AMENDED COMPLAINT                     **CALFO EAKES & OSTROVSKY PLLC**
28  (NO. 2:17-CV-00327-TSZ)                     1301 SECOND AVENUE, SUITE 2800
                                                SEATTLE, WASHINGTON 98101
                                                TEL (206) 407-2200   FAX (206) 407-2224

1    The requirements for a motion to amend are extremely liberal.  Leave is to be freely

2    given, and may not be denied unless the amendment is sought in bad faith, prejudices the

3    opposing party, or is futile.  Defendants in opposition do not dispute this standard, nor do they

4    offer any lawful grounds for denying amendment here.  Instead, they devote the majority of their

5    opposition to re-arguing their pending motion for summary judgment.  A pending motion for

6    summary judgment is not, however, grounds for denying leave to amend.  Rather, to demonstrate

7    futility, defendants must show that the allegations of the amended complaint, assumed true,

8    would fail to *state* a valid claim.  Defendants wholly fail to do so here, nor do they establish any

9    other grounds for denying leave to amend.  Harmony Gold's proposed amendments clearly fall

10   within the liberal standard under Rule 15, and its motion should therefore be granted.

11   Defendants make two arguments why leave to amend should be denied: first, they assert

12   amendment will be futile because defendants will prevail on their summary judgment motion;

13   and second, they assert that Harmony Gold "unduly delayed" in bringing its amendment and thus

14   amendment can be denied on that basis alone.

15   Defendants are wrong on both counts.  The mere pendency of a summary judgment

16   motion is not enough to deny a motion to amend.  Rather, the futility of amendment must be

17   established either by the face of the complaint—the proposed amended complaint is invalid *as*

18   *pleaded*—or by the history of the case making it clear that amendment will not cure an

19   established defect.  Second, Harmony Gold did not "unduly delay" in bringing this motion, but

20   rather promptly moved to address the claimed standing issues soon after they were raised by

21   defendants, and nearly seven months before the close of discovery.  Moreover, absent prejudice,

22   which does not exist here, "delay" is not grounds to deny a motion to amend.

23   **A.      Harmony Gold's Amendments Are Not Futile.**

24   Defendants devote the bulk of their opposition to arguing that Harmony Gold's motion

25   should be denied as futile because, they claim, their pending motion for summary judgment

26   applies equally to the FAC and the proposed SAC.  (Dkt. 55 at 3-11.)  This is the wrong

27
28   REPLY ISO MOTION FOR LEAVE TO
     AMEND AMENDED COMPLAINT
     (NO. 2:17-CV-00327-TSZ) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1   standard.  To be "futile," a proposed amendment must "clearly be subject to dismissal" on the

2   face of the complaint itself.  *Hip Hop Beverage Corp. v. RIC Representacoes Importacaco e*

3   *Comercio Ltda*, 220 F.R.D. 614, 622-23 (C.D. Cal. 2003); *see also Goldberg v. Cameron*, No. C-

4   05-03534 RMW, 2009 U.S. Dist. LEXIS 59633, at *11 (N.D. Cal. July 10, 2009).  In assessing

5   futility, the court must assess whether the amended pleadings—taken as true and in the light

6   most favorable to the plaintiff—would withstand a motion to dismiss.  *Great W. Mining &*

7   *Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010); *see also HPEV, Inc. v.*

8   *Spirit Bear Ltd.*, No. 2:13-cv-01548-JAD-GWF, 2014 U.S. Dist. LEXIS 87142, at *8 (D. Nev.

9   June 26, 2014) ("Amendment is futile only if, the amended complaint's allegations—taken as

10  true—do not state a plausible claim.").[1]  Further, amendment is not futile if it clarifies a relevant

11  issue at hand.  *Clausen v. M/V New Carissa*, 171 F. Supp. 2d 1127, 1132 (D. Or. 2001)

12  (proposed amendments that "clarify the issue of plaintiffs' right to a jury trial" are not futile);

13  *Thompson v. Paul*, 657 F. Supp. 2d 1113, 1131 (D. Ariz. 2009) (to the "extent the proposed

14  amendments seek only to clarify the allegations concerning [its] claims, futility is not an issue.").

15  Finally, as the defendants themselves recognize, amendment should be freely given unless the

16  pleading "***could not possibly*** be cured by the allegation of other facts."  *Doc's Dream LLC v.*

17  *Dolores Press, Inc.*, 678 Fed. App'x 541, 541-42 (9th Cir. 2017) (emphasis added) (internal

18  quotation omitted); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir.

19  1988).  Applying this standard, Harmony Gold's proposed revisions are far from futile.

20       ***First,*** Harmony Gold's proposed amendments are sufficient to withstand dismissal on the

21  face of the SAC itself.  Harmony Gold pleads a valid copyright registration in "Macross" from

---

22  [1] Defendants misleadingly cite *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991), *Smith v.*

23  *Commanding Officer, Air Force Accounting & Finance Ctr.*, 555 F.2d 234 (9th Cir. 1977), and

24  *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762 (9th Cir. 1986) for their assertion that a pending
     summary judgment motion is sufficient to deny a motion to amend.  In fact, both *Roth* and *Smith* involved

25  dismissals pursuant to F.R.C.P. 12, and in *Gabrielson*, amendment was denied only after the court ruled
     on the merits of the core claims on the motion for summary judgment.  *See Johnston v. Int'l Mixed*

26  *Martial Arts Federation*, No. 2:14-cv-941-JAD-NJK, 2015 WL 273619, at *2 (D. Nev. Jan. 22, 2015)
     (distinguishing *Gabrielson* on this basis).

27  REPLY ISO MOTION FOR LEAVE TO
28  AMEND AMENDED COMPLAINT
    (NO. 2:17-CV-00327-TSZ) - 2

1  1985, which includes the copyrights in the animation (which naturally includes the warrior

2  robots' images ("Characters")), the story, and soundtrack, (Dkt. 51, Ex. 1 ¶¶ 12, 15), as well as a

3  valid, exclusive license agreement in and to the Characters from the party vested with the right to

4  license those characters internationally.  (*Id.* ¶¶ 12-14).  These facts alone are sufficient to assert

5  standing.  *See United Fabrics Intern., Inc. v. C&J Wear, Inc*., 630 F.3d 1255, 1258 (9th Cir.

6  2011) (a copyright plaintiff satisfies the standing requirement "by introducing its copyrights").

7  Moreover, as will be shown in Harmony Gold's opposition to defendants' motion for summary

8  judgment, Harmony Gold has ample evidence of exclusive rights in and to the Characters, and

9  defendants' attempts to collaterally attack Harmony Gold's facially valid copyright and

10  exclusive license agreement are unavailing.[2]

11       **Second**, Harmony Gold's proposed amendments go directly to the issue at hand in the

12  defendants' motion for summary judgment—Harmony Gold's ownership of the Characters and

13  standing to assert its copyright claim.  Harmony Gold's proposed amendments, which seek to

14  clarify both where its rights in the Characters originated and the rights it seeks to enforce against

15  defendants (including that it seeks to enforce its exclusive rights of reproduction, distribution,

16  display, and merchandizing, and not a derivative works right), are appropriate and will better

17  frame the issues in dispute.  (Dkt. 51, Ex. 1 ¶¶ 10-14, 17-20.)  Harmony Gold's revisions are thus

18  entirely relevant and necessary to this case proceeding.  *Clausen v. M/V New Carissa*, 171 F.

19  Supp. 2d at 1132; *Thompson v. Paul*, 657 F. Supp. 2d at 1131.

20       **Third**, defendants have not shown that Harmony Gold's complaint "***could not possibly be***

21  ***cured***" by amendment.  Defendants claim Harmony Gold's pleading is incurable because they

22  believe their summary judgment motion should be granted.  But defendants' convoluted, factual

23

24  [2]  Moreover, Harmony Gold need not definitively prove standing at this stage of the case—either on this
motion or on summary judgment.  *Murphy v. Best Buy Stores*, L.P., 690 F. App'x 553, 554-55 (9th Cir.

25  2017) ("To survive a motion for summary judgment, a plaintiff need not definitively establish standing,"
the plaintiff need only "set forth sufficient evidence to create a genuine issue of material fact concerning

26  such requirements.").

27  REPLY ISO MOTION FOR LEAVE TO
AMEND AMENDED COMPLAINT

28  (NO. 2:17-CV-00327-TSZ) **- 3**

attacks on Harmony Gold's standing are not a basis to deny amendment here,[3] as such claims are not properly determined at the motion for leave to amend stage. *See Hip Hop Beverage*, 220 F.R.D. at 623 (declining to determine validity of trademark registration on motion to amend because it would require going beyond pleadings). To the contrary, courts routinely grant leave to amend a complaint while there is a pending summary judgment motion, especially where the summary judgment motion was filed before discovery closed. *See Heffington v. Gordon, Aylworth & Tami, P.C.*, No. 3:16-cv-02079-AC, 2017 WL 3234386, at *5 (D. Or. July 28, 2017) (granting a motion for leave to amend while a motion for summary judgment was pending where discovery was still ongoing); *Phx. Sols., Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683, 700 (N.D. Cal. 2009) (motion for leave to amend a complaint granted simultaneously with the denial of a motion for summary judgment).

Here, the discovery deadline is months away, Harmony Gold's proposed amendment fully states a claim, and the proposed amendments will aid the Court and the parties in clarifying issues in dispute. Amendment is not futile, and should be granted.

## B.    "Undue Delay" Does Not Justify Denying Amendment.

Defendants' second argument, that amendment should be denied because Harmony Gold "unduly delayed" in requesting leave to amend, is factually and legally mistaken.

As a threshold matter, delay, standing alone, is *not* a valid reason to deny leave to amend. Rather, to justify denial, delay must be accompanied by a showing of prejudice—as the defendants' own authority confirms. *See, e.g.*, *M/V Am. Queen v. San Diego Marine Const.*

---

[3] Defendants argue that a 2002 Japanese court decision, where Harmony Gold was not a party and which acknowledged that it was determining Japanese *domestic* rights only, somehow voided Harmony Gold's license fifteen years ago. (Dkt. 47 at 4-5, 12, 13-14; Dkt. 48 ¶¶ 2-3, Exs. 1-2.) Defendants further argue that an amendment to Harmony Gold's license agreement, which on its face addressed only Harmony Gold's right to make derivative works based on the Characters' images, somehow also eliminated all of Harmony Gold's exclusive license to display, distribute, reproduce and merchandize the Characters. (Dkt. 47 at 5-6, 10-11, 12-13; Dkt. 48 ¶ 8, Ex. 7.) These complex, factual arguments, involving a thirty-five year history among four parties in two countries, are vigorously disputed by Harmony Gold, and are not remotely appropriate for resolution in determining a motion to amend.

LAW OFFICES
**CALFO EAKES & OSTROVSKY** PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

1   *Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming denial based on finding of undue delay

2   *and* prejudice); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (same); *Chodos*

3   *v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (same).  Indeed, the Ninth Circuit has held

4   that a showing of prejudice must be *substantial* in order to overcome Rule 15's liberal policy

5   allowing amendment.  *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D.

6   Cal. 2010).  Undue delay alone does not meet this burden.  *Id.*  Defendants do not, and cannot,

7   demonstrate any prejudice from Harmony Gold's proposed amendment, as the requested

8   amendment is sought months in advance of the discovery cut-off and the deadline to amend

9   pleadings, and the proposed changes do not enlarge defendants' liability or change the legal

10  theories against them.

11         Furthermore, Harmony Gold has not delayed in bringing this amendment.  Defendants

12  raised the issue of standing after Harmony Gold's arbitration judgment against its licensor,

13  Tatsunoko Production Co., Ltd. ("Tatsunoko"), was made public in August 2017.  Before that

14  time, Harmony Gold had no reason to anticipate that defendants would attempt to collaterally

15  attack Harmony Gold's 33-year-old copyright or its 34-year-old exclusive license in and to the

16  Characters.  While Harmony Gold first sought to resolve the matter informally with defendants,

17  to avoid the need for an opposed motion to amend or a summary judgment motion, it moved for

18  leave to amend promptly upon determining that agreement was not forthcoming.  Indeed,

19  Harmony Gold filed its motion only three weeks after Harmony Gold's new counsel appeared in

20  the case.  (Dkt. 46, 51).

21         Finally, the fact that Harmony Gold previously made a technical amendment to add a

22  now-defaulted defendant to this case has no bearing whatsoever on Harmony Gold's motion to

23  amend, and certainly does not give the court "substantial discretion" to deny it.  The Supreme

24  Court has unequivocally stated that, absent extraordinary circumstances, a plaintiff "ought to be

25  afforded an opportunity to [amend its complaint and] test [its] claim[s] on the merits."  *Foman v.*

26  *Davis*, 371 U.S. 178, 182 (1962).  Especially where—as here—the plaintiff seeks only to clarify

27
28  REPLY ISO MOTION FOR LEAVE TO
    AMEND AMENDED COMPLAINT
    (NO. 2:17-CV-00327-TSZ) - 5

its own standing, the court must indulge "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *see also Doc's Dream*, 678 Fed. Appx. at 542 (error to refuse amendment to clarify copyright ownership); *Nichols v. Club for Growth Action*, --- F. Supp. 3d ---, No. 16-220 (RMC), 2017 WL 4857423, at *3 (D.D.C. Oct. 25, 2017) (allowing amendment to clarify copyright ownership). The defendants have offered no reason for the Court to depart from the Ninth Circuit's liberal policy allowing amendment. Harmony Gold's motion should be granted.

## II.    CONCLUSION

Harmony Gold respectfully requests the Court grant its motion.

DATED:  December 8, 2017.          CALFO EAKES & OSTROVSKY PLLC


By  s/ Andrew R.W. Hughes
     Damon C. Elder, WSBA #46754
     Andrew R.W. Hughes, WSBA #49515
     1301 Second Avenue, Suite 2800
     Seattle, WA  98101
     Phone:  (206) 407-2200
     Fax:  (206) 407-2224
     Email:  damone@calfoeakes.com
                andrewh@calfoeakes.com


LATHAM & WATKINS LLP


By: s/ Jessica Stebbins Bina
     Jessica Stebbins Bina, *admitted pro hac vice*
     10250 Constellation Blvd., 3rd Floor
     Los Angeles, CA  90067
     Telephone: (424) 653-5525
     Facsimile: (424) 653-5501
     Email:  Jessica.stebbinsbina@lw.com

*Attorneys for Plaintiff*

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 8th day of December, 2017.


_s/ Mary J. Klemz_
Mary J. Klemz

REPLY ISO MOTION FOR LEAVE TO
AMEND AMENDED COMPLAINT
(NO. 2:17-CV-00327-TSZ) - 7

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224