THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARMONY GOLD U.S.A., INC.,

                Plaintiff,

      v.

HAREBRAINED SCHEMES LLC,
HAREBRAINED HOLDINGS, INC.,
JORDAN WEISMAN, DEFENDANTS
GAMES INC., INMEDIARES
PRODUCTIONS, LLC, and DOES 1–10

                Defendants.

CASE NO.  2:17-cv-00327-TSZ

**MOTION TO SEAL PORTIONS OF
HARMONY GOLD U.S.A., INC.'S
OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT AND SUPPORTING
DECLARATION OF JESSICA
STEBBINS BINA**

**NOTE ON MOTION CALENDAR:
DECEMBER 22, 2017**

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## I.   INTRODUCTION.

Pursuant to Local Civil Rule 5(g), Plaintiff Harmony Gold U.S.A., Inc. ("Harmony Gold") respectfully requests that the Court permit the filing under seal of certain documents identified below:

1. An unredacted version of Harmony Gold's Opposition to Defendants' Motion for Summary Judgment (the "Opposition"); and

2. An unredacted version of the accompanying Declaration of Jessica Stebbins Bina (the "Bina Declaration").

As discussed below, a small amount of information referenced in these two documents (approximately 7 lines of text and a footnote in the Opposition and 25 words in the Bina Declaration), in each case relating primarily to Harmony Gold's alternative request for relief pursuant to Rule 56(d), is subject to confidentiality restrictions imposed in another proceeding between Harmony Gold and non-party Tatsunoko Production Co. Ltd. ("Tatsunoko").  Harmony Gold requests that this limited information be sealed to protect the confidentiality of the underlying documents referenced therein.  Harmony Gold will publicly file versions of the Opposition and the Bina Declaration documents with these minimal redactions.

In accordance with Local Civil Rule 5(g)(3)(A), Harmony Gold certifies that it has met and conferred with defendants' counsel via a telephonic conference on December 8, 2017 to discuss the nature of the material to be redacted prior to filing this Motion to Seal.  Bina Decl. ¶ 3.  Defendants' counsel informed counsel for Harmony Gold that they could not consent to sealing at the time of the conference, but would consider their position upon review of Harmony Gold's filed Motion to Seal.

## II.   BASIS OF REQUEST FOR SEALING.

In its Opposition, Harmony Gold primarily argues that summary judgment should be denied outright because defendants have not demonstrated that they are entitled to judgment as a

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ) **-** 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

matter of law. In the alternative, however, Harmony Gold seeks leave to conduct discovery pursuant to Rule 56(d), and in particular to seek documents and related testimony it learned about in connection with confidential mediation and arbitration proceedings. Harmony Gold seeks to seal solely its discussion of these confidential materials, because (a) the documents discussed are third party documents, and (b) Harmony Gold learned of their existence in a confidential context and is required to keep their details confidential. Harmony Gold's request is essentially preliminary, addressed to a discovery issue, and made in an abundance of caution. In the event the documents are subsequently produced in this action by the relevant third parties, the Court and parties will have the opportunity to review them and reconsider at that time whether their sealing is appropriate.

In 2016 and 2017, Harmony Gold and Tatsunoko engaged in mediation and an arbitration proceeding (the "Arbitration"), pursuant to which discovery was taken and certain documents were exchanged between the parties. Bina Decl. ¶ 4. In connection with the Arbitration, the parties signed a "Confidentiality and Non-Disclosure Agreement," agreeing to keep confidential certain non-public information disclosed by either party in connection with the arbitration. *Id*. Thereafter, the arbitrator specifically entered an order requiring certain traditionally secret documents, that the parties otherwise considered themselves unable to produce due to confidentiality restrictions in those documents, to be produced between the parties subject to appropriate confidentiality parameters (the "Discovery Order"). *Id*. ¶ 5. Tatsunoko produced certain documents confidentially pursuant to the Confidentiality and Non-Disclosure Agreement and the Discovery Order. Harmony Gold's Opposition to Summary Judgment, and the accompanying Bina Declaration, briefly describe two of those documents in connection with Harmony Gold's alternative request for relief pursuant to Rule 56(d). *Id.* ¶ 6. Harmony Gold believes it is obligated, pursuant to the Confidentiality and Non-Disclosure Agreement, the Discovery Order, and its related conversations with Tatsunoko's counsel, to file these

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ) **-** 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

descriptions under seal in order to maintain the confidentiality of the underlying produced documents. *Id.*

Harmony Gold recognizes the policy in favor of making court papers part of the public record. However, courts routinely permit the filing under seal of documents deemed confidential in other proceedings. *See, e.g.*, *Laguna v. Coverall N. Am., Inc.,* 762 F.3d 902, 903 (9th Cir. 2014) (holding that "[t]he settlement agreement and any additional statement may be filed under seal if confidential"); *Adobe Sys. v. Hoops Enter. LLC*, No. C 10-2769 CW, 2012 U.S. Dist. LEXIS 72742, at *2 (N.D. Cal. May 24, 2012) (permitting sealing of a settlement agreement that was executed prior to the litigation and was subject to a confidentiality agreement); *Advanced Media Networks, LLC v. Row 44, Inc*., No. CV 12-11018 GAF (JCGx), 2014 U.S. Dist. LEXIS 152606, at *3-4 (C.D. Cal. Oct. 28, 2014) (finding that a "Settlement Agreement is clearly confidential and properly filed under seal"); *Jones v. Metro. Life Ins. Co.,* No. C-08-03971-JW (DMR), 2010 U.S. Dist. LEXIS 113219, at *11 (N.D. Cal. Oct. 15, 2010) (contents of both mediation communications and settlement negotiations filed under seal).

Publicizing information produced confidentially to Harmony Gold in the arbitration would violate the parties' agreements, the arbitrator's Discovery Order, and Tatsunoko's reasonable expectations, and could harm Tatsunoko's business interests and relationships with third parties. Furthermore, although a motion for summary judgment is a dispositive motion, the material Harmony Gold seeks to file under seal is included in support of its alternative request for continued discovery pursuant to Rule 56(d), which is a request for preliminary, rather than dispositive, relief.[1] Should the documents subsequently be produced in this matter, all parties and the Court will have the opportunity to consider their confidentiality based on the documents'

---

[1] The Ninth Circuit has "carved out an exception to the presumption of access to judicial records," holding that the "usual presumption of the public right of access is rebutted" when material to be filed under seal is attached to a non-dispositive motion. *In re Midland Nat'l Life Ins. Co. Annuity Sale Practices Litig. v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ) **-** 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

contents themselves.  Harmony Gold's request is thus limited and is narrowly tailored to address only the minimal references to confidential information contained in the Opposition and the Bina Declaration.

Because there are compelling reasons to allow Harmony Gold to file the above-referenced documents under seal, Harmony Gold respectfully requests the Court order sealed the limited materials requested by this motion.

## III.   CONCLUSION

For the foregoing reasons, Harmony Gold respectfully requests that the Court grant this Motion to Seal and enter the Proposed Order filed concurrently herewith.

DATED:  December 11, 2017.       CALFO EAKES & OSTROVSKY PLLC


By  *s/ Andrew R.W. Hughes*
    Damon C. Elder, WSBA #46754
    Andrew R.W. Hughes, WSBA #49515
    1301 Second Avenue, Suite 2800
    Seattle, WA  98101
    Phone:  (206) 407-2200
    Fax:  (206) 407-2224
    Email:  damone@calfoeakes.com
            andrewh@calfoeakes.com


LATHAM & WATKINS LLP


By:  *s/ Jessica Stebbins Bina*
    Jessica Stebbins Bina
    10250 Constellation Blvd., Suite 1100
    Los Angeles, CA  90067
    Telephone: (424) 653-5525
    Facsimile: (424) 653-5501
    Email:  jessica.stebbinsbina@lw.com

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ) **-** 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 11th day of December, 2017.

_s/ Susie Clifford_

Susie Clifford

PLTF HARMONY GOLD'S MOTION TO SEAL
(Case No. 2:17-cv-00327-TSZ) **-** 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224