HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMESGAMES INC. and DOES 1–10, <br><br> Defendants. | CASE NO. 2:17-CV-00327-TSZ <br><br> **PIRANHA'S REPLY IN SUPPORT OF PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM** <br><br> **REDACTED** <br><br> **NOTE ON MOTION CALENDAR: DECEMBER 22, 2017** <br><br> **ORAL ARGUMENT REQUESTED** |

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM
Case No. 2:17-cv-00327-TSZ

DORSEY & WHITNEY LLP
U S BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**TABLE OF CONTENTS**

A. If Defendants' Warrior Robots Infringed Any Copyrights, It Could Only Be Because They Are Derivative Works ................................................................1

B. Harmony Gold's Licensor – Tatsunoko – Never Owned Any Copyrights in the Big West Characters ........................................................................................3

    1. The Evidence Submitted by Harmony Gold Shows that Tatsunoko Could Not Have Assigned Any Valid Copyrights in the Big West Characters ........................................................................................................3

    2. The Japanese Court Rulings Confirmed that Tatsunoko Never Owned Any Copyrights in the Big West Characters ..................................4

C. Collateral Estoppel Applies to the Confirmed Arbitration Award ..........................6

    1. The Federal Arbitration Act, Not California Law, Governs Enforcement of the Arbitration Award .........................................................6

    2. The Only Court Rulings Affecting the Merits of Harmony Gold's Copyright Claims are the Federal Court Judgment and the Japanese Decisions ..................................................................................................8

D. Harmony Gold's Rule 56(d) Request Should Be Denied ........................................8

    1. Harmony Gold Has Been Dilatory in Gathering the Evidence It Allegedly Needs to Support its Ownership Claims ......................................8

    2. Harmony Gold Has Not Shown that Further Discovery Will Uncover Evidence Essential to Prove Ownership of the Asserted Copyrights ..............................................................................................10

E. There Is No Material Evidence that Big West Abandoned or Assigned the Copyrights It Registered With the U.S. Copyright Office ....................................12

CONCLUSION..............................................................................................................12

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page i
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atigeo LLC v. Offshore Ltd.*,
   2014 U.S. Dist. LEXIS 53206 (W.D. Wash. Apr. 16, 2014) .................................................. 10

*Brae Transp., Inc. Coopers & Lybrand*,
   790 F.2d 1439 (9th Cir. 1986) .................................................................................................. 8

*Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*,
   323 F.3d 767 (9th Cir. 2003) .................................................................................................. 10

*Cardenas v. Navigators Ins. Co.*,
   2011 U.S. Dist. LEXIS 145194 (W.D. Wash. Dec. 16, 2011) ................................................ 11

*Clark v. Bear Stearns & Co., Inc.*,
   966 F.2d 1318 (9th Cir. 1992) .................................................................................................. 7

*Commer. Cleaning Servs. v. Colin Serv. Sys.*,
   271 F.3d 374 (2d Cir. 2001) ................................................................................................... 10

*DC Comics v. Towle*,
   802 F.3d 1012 (9th Cir. 2015) ........................................................................................ 1, 2, 3, 5

*Hampton v. Paramount Pictures Corp.*,
   279 F.2d 100 (9th Cir. 1960) .................................................................................................. 12

*Harmony Gold U.S.A., Inc. v. FASA Corp.*,
   1996 WL 332689 (N.D. Ill. Jun. 13, 1996) .............................................................................. 8

*Harmony Gold U.S.A., Inc. v. Sunwards Ltd.*,
   CV 02-7187-GHK (C.D. Cal. Dec. 10, 2002) .......................................................................... 8

*Johnson v. Hewlett-Packard Co.*,
   546 Fed. Appx. 613 (9th Cir. 2013) ....................................................................................... 11

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
   345 F.3d 1140 (9th Cir. 2003) .................................................................................................. 9

*Martinez v. Columbia Sportswear USA Corp.*,
   553 Fed. Appx. 760 (9th Cir. Jan. 28, 2014) .......................................................................... 11

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page ii
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

*MedChoice Risk Retention Group v. Katz*,
   2017 U.S. Dist. LEXIS 145958 (W.D. Wash. Sep. 8, 2017) ................................................. 6, 7

*Northwest Adm'rs, Inc. v. IAP World Servs.*,
   2011 U.S. Dist. LEXIS 113805 (W.D. Wash. Oct. 3, 2011) ..................................................... 10

*Osborne v. Boeing Co.*,
   2016 U.S. Dist. LEXIS 34785 (W.D. Wash. Mar. 16, 2016) ...................................................... 4

*Radio TV Espanola S.A. v. New World Entm't Ltd.*,
   183 F.3d 922 (9th Cir. 1999) ..................................................................................................... 12

*Righthaven LLC v. Hoehn*,
   716 F.3d 1166 (9th Cir. 2013) .................................................................................................. 1, 2

*Robert Kubicek Architects & Assocs. v. Bosley*,
   2012 U.S. Dist. LEXIS 178236 (D. Ariz. Dec. 14, 2012) ......................................................... 12

*Roberts v. McAfee, Inc.*,
   660 F.3d 1156 (9th Cir. 2011) .................................................................................................... 10

*Tatum v. City & County of San Francisco*,
   441 F.3d 1090 (9th Cir. 2006) .................................................................................................... 10

*Trs. of S. Cal. IBEW-NECA Pens. Trust v. Flores*,
   519 F.3d 1045 (9th Cir. 2008) ..................................................................................................... 4

*U.S. v. King Features Entm't, Inc.*,
   843 F.2d 394 (9th Cir. 1988) ....................................................................................................... 4

*Vandenberg v. Sup. Ct. of Sacramento Cty.*,
   21 Cal.4th 815 (1999) ................................................................................................................... 7

**Statutes**

9 U.S.C.A. §§ 1-14 ............................................................................................................................ 7

9 U.S.C. § 13(c) ................................................................................................................................. 6

17 U.S.C. § 101 .................................................................................................................................. 1

17 U.S.C. § 103(b) ............................................................................................................................. 4

17 U.S.C. § 201(a) ......................................................................................................................... 4, 5

17 U.S.C. § 204(a) ......................................................................................................................... 5, 12

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page iii
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

17 U.S.C. § 408(a) ...................................................................................................................12

Copyright Act............................................................................................................................3

Federal Arbitration Act ("FAA")..........................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 56(c)(4)............................................................................................................4

Fed. R. Civ. P. 12(c) ................................................................................................................8

Fed. R. Civ. P. 56(d) ....................................................................................................8, 10, 11

Fed. R. Civ. P. 56(f)..................................................................................................................8

1 *Nimmer on Copyright* § 3.01 (2017).......................................................................................2

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page iv
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### A.   If Defendants' Warrior Robots Infringed Any Copyrights, It Could Only Be Because They Are Derivative Works

In its demand letters, original Complaint, and First Amended Complaint, Harmony Gold repeatedly alleged that Defendants' warrior robots are **"derivative of"** the Big West Characters. *See* Dkt. 47 at 7:7-8:24.[1] "A derivative work is a work based upon one or more preexisting works that recasts, transforms, or adapts the preexisting work …." *DC Comics v. Towle*, 802 F.3d 1012, 1023-25 (9th Cir. 2015) (holding that replicas of the Batmobile copied from a Batman movie and TV series were derivative works based on the Batman comics) (citations and internal punctuation omitted); *see* 17 U.S.C. § 101.  That is exactly what Plaintiff alleges in this case.  Each version of the complaint alleges that Defendants copied elements of the Big West Characters which appear in the *Macross* **Motion Picture**, and adapted those characters for use in a different medium—a **video game**—designed for a different audience. *See DC Comics*, 802 F.3d at 1025-26.

Piranha filed this motion after discovery revealed the 2003 Amendment, where Harmony Gold agreed that its license does **not** include "any rights to create derivative works" based on the Big West Characters. Dkt. 48-7.  It is a basic tenet of copyright law that because Harmony Gold has no right to create derivative works based on the Big West Characters, it also has no right to prevent others from doing so. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013).

Faced with this fatal defect in its copyright claims, Harmony Gold moved to amend its complaint to delete the words "derivative of" and substitute the words "unlawfully copied." Dkt. 51, Ex. 1 at ¶¶ 23-25.  Harmony Gold also argues that it has *other* exclusive copyrights in the Big West Characters that it can use to circumvent the restrictions imposed by the 2003 Amendment to its license agreement.  Specifically, Harmony Gold argues that it has *separate* rights to "copy," "reproduce," "distribute," "display" and "merchandize" the Big West Characters.

The first problem with Harmony Gold's argument is that Defendants' warrior robots are

---

[1] Citations to the record refer to the original page numbers of the document unless otherwise stated.

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 1
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

not mere "copies" or "reproductions" of any of the Big West Characters.  Visual inspection of the images displayed in each version of Plaintiff's complaint shows that Defendants' robots could only be **derivative works**, assuming they infringe at all.[2]  Stripped of the artful pleading in the proposed Second Amended Complaint, each version of the complaint alleges that Defendants' warrior robots are *based on* the Big West Characters, which allegedly have been *recast, transformed, or adapted* for use in a video game.  Piranha denies that its warrior robots infringe any copyrights, but if they did, it could only be because they are derivative works.  *See DC Comics*, 802 F.3d at 1025-26 (explaining why Towle's replica automobiles were derivative works).  Harmony Gold cannot avoid this conclusion through clever pleading.

Using the word "copy" to describe Defendants' alleged unlawful conduct does not change this analysis.  All derivative works "copy" some element of a preexisting work.  As stated by a leading commentator, "[a] work is not **derivative** unless it has *substantially* **copied** from a prior work." 1 *Nimmer on Copyright* § 3.01 (2017) (italics in original) (emphasis added) (citation omitted).  This was explained in *DC Comics,* where the Ninth Circuit found that the Batmobile was a copyrighted "character" and "that Towle's replicas necessarily **copied some aspects** of DC's underlying works." *DC Comics*, 802 F.3d at 1025 (citation omitted) (emphasis added).  The Court concluded "that the Batmobile **character** is the property of DC, and Towle infringed upon DC's property rights when he produced unauthorized **derivative** works of the Batmobile …." *Id.* at 1027 (emphasis added).

Harmony Gold makes the same claim here.  But the law is clear.  Because Harmony Gold lacks the **exclusive** right to recast, transform, or adapt the Big West Characters, it cannot prevent Defendants from recasting, transforming, or adapting those characters. *Righthaven,* 716 F.3d at 1169.  Harmony Gold may have exclusive rights to copy, reproduce, distribute, and display the

---

[2] Infringement is not at issue on this motion for summary judgment concerning standing.

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 2
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Macross* Motion Picture, but that is not at issue here.  Harmony Gold **does not dispute** that it has no right to create derivatives of the Big West Characters *See, e.g.*, Dkt. 61 at 12:10-17.

### B. Harmony Gold's Licensor – Tatsunoko – Never Owned Any Copyrights in the Big West Characters

#### 1. The Evidence Submitted by Harmony Gold Shows that Tatsunoko Could Not Have Assigned Any Valid Copyrights in the Big West Characters

A second fatal defect in Plaintiff's copyright claim is the fact that its licensor, Tatsunoko, never owned **any** copyrights in the Big West Characters, but only in the *Macross* "television animation movie."  This is shown by the certified copy of an October 1, 1982 "Memorandum" between Big West, Tatsunoko and Studio Nue, along with a December 1, 1984 amendment submitted by Harmony Gold (Dkt. 64-1, Ex. A), and also by the Japanese court rulings. Dkt. 48-1 and 48-2.  According to Harmony Gold's in-house counsel: "Pursuant to this agreement, the international rights to the series, including all exploitation and merchandising rights in and to the warrior robots depicted in 'Macross' (the 'Characters'), were granted to Tatsunoko." Dkt. 64 at ¶ 3.  But, in fact, **there is no mention of the "Characters"** in the Memorandum or amendment.  Moreover, assigning rights in a television series does **not** result in an assignment of copyrights in preexisting characters. *See DC Comics*, 802 F.3d 1023-25 (rejecting Towle's argument that DC Comics had conveyed its copyrights in the Batmobile "character," and therefore lost the ability to sue for infringement, when it assigned rights to create a Batman movie and television series).

The Memorandum allocates various rights in the *Macross* "television animation movie." Dkt. 64-1, Ex. A.  With regard to overseas rights, the Memorandum states: "In connection with overseas program sales and general commercialization rights overseas [Tatsunoko] shall have these rights, and the profits arising therefrom shall completely belong to [Tatsunoko]." *Id.* at ¶ 5. Thus, Tatsunoko was given overseas commercialization rights for the "**television animation movie**," which it later assigned to Harmony Gold, and which Harmony Gold registered with the U.S. Copyright Office. Dkt. 48-8.  Under the Copyright Act, the registration implies no separate

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 3
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

copyrights in the preexisting character designs owned by Big West. *See* 17 U.S.C. § 103(b).[3]

Similarly, the 1984 amendment states that Tatsunoko shall have the "overseas program sales rights and general commercialization rights" for the **"Television Version"** and **"Movie Version"** of *Macross*. Dkt. No. 64-1, Ex. A at, Art. 1 and 2 (emphasis added).  Once again, there is no mention of any allocation or assignment of rights in the robot warrior "characters" or "designs" owned by Big West. *See U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988) ("Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning.").

Harmony Gold has improperly submitted declarations from employees and counsel that purport to add to and vary the terms of these unambiguous agreements, court rulings, and other materials.  Because the relevant documents are unambiguous, Piranha moves pursuant to LCR 7(g) to strike the inadmissible material contained in, and attached to, Harmony Gold's submissions.[4]

### 2. The Japanese Court Rulings Confirmed that Tatsunoko Never Owned Any Copyrights in the Big West Characters

It is basic copyright law that the author of a work initially owns the copyrights to that work. 17 U.S.C. § 201(a).  The Japanese courts found that the Big West characters were created by

---

[3] The cases cited by plaintiff (Dkt. 61 at 17:2-5) are inapposite because in those cases either the plaintiff's ownership of the characters was undisputed, or because they did not involve prior court decisions and agreements recognizing that the characters were owned by someone else.

[4] Parole evidence cannot vary the terms of unambiguous written agreements. *Trs. of S. Cal. IBEW-NECA Pens. Trust v. Flores*, 519 F.3d 1045, 1048 (9th Cir. 2008). Self-serving declarations containing unsupported conclusory allegations, inadmissible hearsay, and speculation are insufficient to defeat summary judgment and may not be considered. *Osborne v. Boeing Co.*, 2016 U.S. Dist. LEXIS 34785, at *16-17 (W.D. Wash. Mar. 16, 2016) (declining to consider inadmissible testimony, granting summary judgment) (Lasnik, J.).  Further, Plaintiff's declarations fail to set out facts that would be admissible in evidence, as required by Fed. R. Civ. P. 56(c)(4), because many of the statements are based on hearsay and not on personal knowledge. The Court should strike the following inadmissible materials: Dkt. 67 at ¶¶ 4, 6, 7; 63 at ¶¶ 4, 5; 64 at ¶¶ 3-7, 10, 12-14, 18--23 and Ex. J; Dkt. 61 at 1:20-2:1, 4:16-19, 4:24-5:1, 5:17-20, 6:7-15, 8:21-9:1, 9:16-20, 10:11-15, 10:19-24, 11:1-18; 12:1-14, 12:18-22, 15:5-8, 15:17-16:7, 18:18-19.

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 4
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

employees of Studio Nue (not Tatsunoko), and that Studio Nue originally owned all copyrights to the characters before agreeing to joint ownership with Big West. The trial court held:

> As established above, Kawamori et al. created the original designs for the characters and mecha appearing in the story of the Television Animation Program as employees or persons working for Plaintiff Studio Nue …. Therefore, **because the Designs are works created by Kawamori et al. in the course of duty for the Plaintiff Studio Nue based on the initiative of the Plaintiff Studio Nue, Plaintiff Studio Nue owns the copyright to the Designs.**

Dkt. 48-1 at 10 (emphasis added). The court further ruled that, by agreement, the copyrights are now jointly owned by Studio Nue and Big West. *Id.*

Plaintiff asserts, without citation, that the Japanese decisions addressed only "Japanese domestic copyright." But the decisions did not distinguish between domestic and international copyrights (*see* Dkt. 48-1, 48-2, and 67, Ex. B), and the relevant law is the same in the U.S. As the author of the characters, Studio Nue owned all copyrights before agreeing to joint ownership with Big West. 17 U.S.C. § 201(a); 17 U.S.C. § 204(a). It is Harmony Gold's burden to prove a chain of ownership or assignment flowing back to the original author. *See* § D.1., *infra*. Harmony Gold has failed to meet that burden.

Consistent with U.S. copyright law, the Japanese courts recognized that copyrights in the *Macross* animated television program are **distinct** from copyrights in the Big West Characters, and have separate owners. *See DC Comics*, 802 F.3d at 1023-25 (finding that DC Comics remained the owner of the copyrights to the Batmobile "character" after licensing to third parties the rights to create a motion picture and television series depicting the Batmobile). The Japanese trial court referred to the character designs as the "primary copyrighted work" and the Television Animation Program as the "secondary copyrighted work." Dkt. No. 48-1 at 10. The court held that cooperation between Studio Nue and Tatsunoko in creating the animated TV series did **not** result in a transfer to Tatsunoko of copyrights in the **character designs**: "[J]oint production and participation by Plaintiff Studio Nue cannot be seen as displaying an intention to grant permission

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 5
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

to [Tatsunoko] and it **cannot be presumed at all to be displaying an intention to transfer the copyright of the Designs to [Tatsunoko]**.  Therefore, the claims of [Tatsunoko] on these points cannot be accepted." Dkt. No. 48-1 at 10-11 (emphasis added).

This language from the Japanese ruling is unambiguous, and Harmony Gold has not submitted any conflicting translation.  Plaintiff's alternative translation of a different portion of the Japanese ruling is not material, because it concerns commercialization and overseas distribution of the *Macross* "television animation," not ownership of the "characters." Dkt. 67, Ex. A.  While Harmony Gold may have received an effective assignment of the right to "copy," "reproduce," "distribute," "display" and "merchandize" the *Macross* "television animation movie," as indicated by the 1982 Memorandum and by Plaintiff's U.S. Copyright registration, Tatsunoko could not have assigned any copyrights in the individual Big West Characters, which it did not own.  That is why the Federal Court Judgment states that Harmony Gold "has been granted therein all of [Tatsunoko's] copyright rights in *Macross*, **except for the visual depiction of the original 41 animated graphic characters** …." Dkt. 48-3 at 18 (emphasis added).

### C.  Collateral Estoppel Applies to the Confirmed Arbitration Award

#### 1.  The Federal Arbitration Act, Not California Law, Governs Enforcement of the Arbitration Award

The Federal Arbitration Act ("FAA") mandates that a confirmed arbitration award "shall have the same force and effect, in all respects" as any other district court judgment. 9 U.S.C. § 13(c).[5]  Despite this mandate, Harmony Gold argues that the recent arbitration award confirmed by the U.S. District Court for the Central District of California cannot be given collateral estoppel effect under *California* law.  But California law does not apply to the enforcement of the arbitration award which is governed by the Federal Arbitration Act ("FAA"). *See MedChoice Risk Retention*

---

[5] 9 U.S.C. § 13(c) provides: "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 6
Case No. 2:17-cv-00327-TSZ

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Group v. Katz*, 2017 U.S. Dist. LEXIS 145958, *15-16 (W.D. Wash. Sep. 8, 2017) (Zilly, J.).

Less than three months ago, this Court was called upon to decide whether federal or state law applied to the enforcement of an arbitration award where the parties' agreement to arbitrate had a "choice of law" provision selecting Washington law. *Id.* The Court held that the choice of law provision identified the *substantive* law that applied to the parties' claims, but federal law governed *enforcement* of the award. *Id.* Under federal law, confirmed arbitration awards are entitled to collateral estoppel effect as long as the basis for the arbitrator's decision is clear. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992), *citing C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987).

Like Harmony Gold here, the plaintiff in *MedChoice* argued that the choice of law provision in the parties' contract required the Court to apply state law to issues concerning enforcement of the award. The Court rejected MedChoice's argument, holding:

> [W]ell-established Ninth Circuit law holds that a general choice of law clause cannot overcome the presumption that the FAA supplies the rules for arbitration. The Court concludes that the FAA applies to the enforcement of Arbitrator Rasmussen's Final Award and that this Court is an appropriate forum for enforcement of the award. …

*MedChoice*, 2017 U.S. Dist. LEXIS 145958 at *15-16 (citations omitted). This Court confirmed the arbitration award, and then dismissed the plaintiff's claims under the doctrine of *res judicata*.

As shown in Piranha's opening brief, the basis for the arbitrator's decision is clearly documented in the 21-page award. Dkt. 48-3. Harmony Gold successfully petitioned the district court—**pursuant to the FAA**—to confirm the award. *See* Dkt. 67, Ex. C at ¶ 17. The confirmed award is entitled to collateral estoppel effect like any other federal court judgment.[6]

---

[6] The cases cited by Harmony Gold (Dkt. 61 at 26) are inapposite because they do not concern which law applies to enforcement of arbitration awards under the FAA. The California Supreme Court case relied upon by Harmony Gold states: "No party has suggested the arbitration here at issue is governed by the Federal Arbitration Act (9 U.S.C.A. §§ 1-14) (FAA), and we have no occasion to consider whether application of the FAA would alter our ruling." *Vandenberg v. Sup. Ct. of Sacramento Cty.*, 21 Cal.4th 815, 845 n.2 (1999).

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 7
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 2. The Only Court Rulings Affecting the Merits of Harmony Gold's Copyright Claims are the Federal Court Judgment and the Japanese Decisions

As support for its ownership claims, Harmony Gold cites procedural rulings in two lawsuits it filed. Dkt. 64-2, Ex. L (the "*FASA*" ruling) and Ex. O (the "*Sunwards*" ruling). Neither ruling decided the issue here: whether Harmony Gold has a license to any copyrights in the Big West Characters. Moreover, both decisions pre-date the 2003 Amendment, which limits the scope of Harmony Gold's license. Those decisions have no relevance to the issues before this Court.

Contrary to Harmony Gold's argument, the *FASA* court did **not** "expressly h[o]ld that Harmony Gold's copyright in the 'Macross' series includes the 'Macross Characters.'" Dkt. 61 at 16:19-25. The *FASA* ruling resolved a Rule 12(c) motion concerning the **sufficiency of Harmony Gold's pleadings**, combined with a motion for summary judgment (which was denied) regarding "equitable defenses of laches, estoppel, and waiver." Dkt. 64-2, Ex. L at *2-3. Similarly, the *Sunwards* court simply ruled that "Harmony Gold [had] presented prima facie evidence of ownership" sufficient to survive a motion to dismiss. *Id.*, Ex. O at 2. The only reference to "characters" was the court's statement that the "animated television series called Macross" "feature[s] … mechanical robot characters ...." *Id.* at 1.

In sharp contrast to the procedural rulings in *FASA* and *Sunwards*, the Federal Court Judgment is a final decision on the merits regarding the validity and scope of the 2003 Amendment. Likewise, the Japanese decisions are final rulings on the merits, holding that Big West, and not Tatsunoko, owns the copyrights to the Big West Characters.

### D. Harmony Gold's Rule 56(d) Request Should Be Denied

#### 1. Harmony Gold Has Been Dilatory in Gathering the Evidence It Allegedly Needs to Support its Ownership Claims

A party seeking a Rule 56(d) continuance must prove that it has been diligent in gathering evidence necessary to oppose the motion. *Brae Transp., Inc. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (affirming denial of Rule 56(f) [now codified as Rule 56(d)] relief in view of

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 8
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  four month delay and agreement to stay discovery).  As an excuse for its delay in obtaining the
2  documents it now seeks, Harmony Gold suggests that it was surprised that Piranha would challenge
3  its ownership of the asserted copyrights. Dkt. 61 at 1:2-4.  But Harmony Gold cannot have been
4  surprised, because a plaintiff alleging copyright infringement **always** has the burden of proving
5  that it owns a valid copyright. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140 (9th
6  Cir. 2003).  "Ownership of the copyright is always a threshold question." *Id.* at 1144, *quoting*
7  *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir.1983) (internal punctuation omitted).  "To
8  establish copyright infringement, the holder of the copyright **must prove** both **valid ownership**
9  **of the copyright** and that there was infringement of that copyright by the alleged infringer." *Lamps*
10  *Plus,* 345 F.3d at 1143-44, quoting *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033
11  (9th Cir.1992) and citing *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th Cir.2002) (emphasis added)
12  (internal punctuation omitted).

13  Harmony Gold's burden of proof is also reflected in the Model Jury Instructions for the
14  Ninth Circuit, which state that the plaintiff has the burden of proving by a preponderance of the
15  evidence that it is the owner of a valid copyright. *See* Manual of Model Civil Jury Instructions for
16  the District Courts of the Ninth Circuit (2017), Instruction Nos. 17.5, 17.6.  Harmony Gold must
17  have known that it would be required to prove ownership of a valid copyright, and it should have
18  gathered all evidence necessary to meet its burden before filing its original complaint.

19  Given Harmony Gold's allegedly ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
20  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ should
21  have been a simple task.  But Harmony Gold offers no evidence that it ever made such a request,
22  or that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  To the contrary, the record shows that
23  Harmony Gold did absolutely nothing to seek the purported agreements until Piranha filed the
24  instant motion.  In fact, Harmony Gold's counsel informed Piranha's counsel that Harmony Gold
25  would **not** make the effort to obtain the purported agreements *unless* Defendants filed a dispositive

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 9
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

motion. Fairchild Decl. at ¶ 2.

Harmony Gold also claims that the parties had informally stayed discovery, but, in fact, the parties never agreed to stay any discovery. *Id.* at ¶ 3. Indeed, Piranha requested and received from Harmony Gold the License Agreement and the 2003 Amendment during the supposed "stay" of discovery. Nothing prevented Harmony Gold from pursuing the documents it allegedly needs to prove ownership. Harmony Gold's request for Rule 56(d) relief should be denied for lack of diligence, and for the additional reasons discussed below. The cases cited by Harmony Gold are distinguishable from the present case.[7]

### 2. Harmony Gold Has Not Shown that Further Discovery Will Uncover Evidence Essential to Prove Ownership of the Asserted Copyrights

Rule 56(d) "requires discovery only where the nonmoving party has not had the opportunity to discover information that is **essential** to its opposition." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (Rule 56(d) relief denied because evidence sought was not essential) (internal quotations and citations omitted) (emphasis added). A party invoking Rule 56(d) "must identify by affidavit the **specific facts** that further discovery would reveal, and **explain why those facts would preclude summary judgment**." *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (affirming denial of Rule 56(d) motion) (emphasis added); *see Northwest Adm'rs, Inc. v. IAP World Servs.*, 2011 U.S. Dist. LEXIS 113805, at *7 (W.D. Wash. Oct. 3, 2011) (denying Rule 56(d) motion where movant "has submitted no evidence to require any further delay") (Zilly, J.). "The party seeking a Rule 56(d) continuance bears the burden of

---

[7] *See, e.g, Commer. Cleaning Servs. v. Colin Serv. Sys.*, 271 F.3d 374, 378 (2d Cir. 2001) (vacating judgment that was entered before non-movant had any opportunity for discovery); *Atigeo LLC v. Offshore Ltd.*, 2014 U.S. Dist. LEXIS 53206, at *11-13 (W.D. Wash. Apr. 16, 2014) (Rule 56(d) relief granted because no evidence of lack of diligence and requested documents were in possession of opposing party) (Robart, J.); *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767 (9th Cir. 2003) (Rule 56(d) relief granted where case had been pending less than one month).

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 10
Case No. 2:17-cv-00327-TSZ

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  proffering facts sufficient to satisfy the requirements of 56(d)." *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. Jan. 28, 2014) (Rule 56(d) relief denied for lack of diligence and unlikely to preclude summary judgment).

Harmony Gold's request for Rule 56(d) relief fails to meet these requirements. First, Harmony Gold has not submitted a declaration that specifically identifies or explains any "essential" facts that would preclude summary judgment. Harmony Gold's counsel declares that she had a chance to review ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 67 at ¶ 7. These conclusory statements do not identify the documents or what they say, or explain how they are essential to defeating the instant motion. Rule 56(d) requires more than conclusory statements that more discovery would support the non-movant's opposition. *See Johnson v. Hewlett-Packard Co.*, 546 Fed. Appx. 613, 615-16 (9th Cir. 2013) (affirming denial of Rule 56(d) relief due to lack of diligence and inadequate affidavits).

Harmony Gold states in its brief, but **not** in any declaration, that it believes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 61 at 10:13-15) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 23:16. In addition to being argument, unsupported by a sworn statement, such statements are non-specific and merely hopeful and speculative. *Cardenas v. Navigators Ins. Co.*, 2011 U.S. Dist. LEXIS 145194, at *9 (W.D. Wash. Dec. 16, 2011) (Rule 56(d) relief denied) (Bryan, J.). Moreover, Harmony Gold cannot argue that the information it belatedly seeks is **"essential,"** because it states that there is already "ample evidence" for a trier of fact to conclude that Harmony Gold has standing. Dkt. 61 at 23:7-9. If Harmony Gold already has "ample evidence," additional evidence would be cumulative, not essential.

Second, whatever information Harmony Gold might discover would be futile in view of the binding 2003 Amendment. Dkt. 48-3 at 18; Dkt. 48-7. Harmony Gold is not ▮▮▮▮

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 11
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

████████ Harmony Gold without a further amendment to its license agreement removing the limitations of the 2003 Amendment.

### E. There Is No Material Evidence that Big West Abandoned or Assigned the Copyrights It Registered With the U.S. Copyright Office

Harmony Gold argues that it has been enforcing its alleged (but non-existent) copyrights for years, while Big West has taken no action to enforce its registered copyrights in the Big West Characters. Lack of enforcement does not result in loss of copyrights. Abandonment of copyrights "must be manifested by some overt act indicative of a purpose to surrender the rights." *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (copyrights not abandoned). Lack of action is not evidence of such an overt act. *Id.* There is no evidence of any overt action by Big West that would constitute abandonment of its copyrights.

Harmony Gold has cited no authority for the proposition that a copyright owner is required to use, police, enforce, or even register its copyright, and that is because copyright ownership has no such requirements. *See, e.g.*, 17 U.S.C. § 408(a) ("registration is not a condition of copyright protection."). Moreover, a written instrument signed by Big West would be necessary to prove that either Tatsunoko or Harmony Gold received an assignment of Big West's copyrights. 17 U.S.C. § 204(a); *see Radio TV Espanola S.A. v. New World Entm't Ltd.*, 183 F.3d 922, 929 (9th Cir. 1999) (summary judgment affirmed where purported license was not in writing). Stated otherwise, a "course of conduct" or verbal agreement is not sufficient to transfer copyright ownership. *See Robert Kubicek Architects & Assocs. v. Bosley*, 2012 U.S. Dist. LEXIS 178236, at *15-16 (D. Ariz. Dec. 14, 2012) (no transfer from use of copyrighted works during employment).

### CONCLUSION

For the foregoing reasons, Piranha respectfully requests that this Court dismiss Harmony Gold's copyright infringement claim (Count I) on summary judgment, because Harmony Gold lacks standing to assert that claim, and to enter judgment in favor of Piranha.

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 12
Case No. 2:17-cv-00327-TSZ

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Respectfully submitted this 22nd day of December, 2017.

DORSEY & WHITNEY LLP

*/s/ Todd S. Fairchild*
Paul T. Meiklejohn, WSBA No. 17477
J. Michael Keyes, WSBA No. 29215
Todd S. Fairchild, WSBA No. 17654
Ryan B. Meyer, WSBA No. 37832
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Phone: (206) 903-8800
Fax: (206) 903-8820

*Attorneys for Defendant Piranha Games Inc.*

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING
TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 13
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of (1) PIRANHA'S REPLY IN SUPPORT OF PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM; AND (2) DECLARATION OF TODD S. FAIRCHILD IN SUPPORT OF REPLY IN SUPPORT OF PIRANHA'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM were served on the following parties, by the method(s) indicated below, on December 22, 2017.

| Recipient | Method |
|---|---|
| Damon C. Elder, WSBA #46754<br>damone@calfoeakes.com<br>Andrew R.W. Hughes, WSBA #49515<br>andrewh@calfoeakes.com<br>CALFO EAKES & OSTROVSKY PLLC<br>1301 Second Avenue, Suite 2800<br>Seattle, WA 98101-3808 | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Jessica Stebbins Bina (admitted *pro hac vice*)<br>jessica.stebbinsbina@lw.com<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., 3rd Floor<br>Los Angeles, CA 90067<br><br>*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |
| Warren J. Rheaume, WSBA No. 13627<br>warrenrheaume@dwt.com<br>James H. Corning, WSBA No. 45177<br>jamescorning@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101<br>Phone: (206) 757-8265<br>Fax: (206) 757-7265<br><br>*Attorneys for Defendants Harebrained Schemes LLC, Harebrained Holdings, Inc., and Jordan Weisman* | ☒ Via ECF<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile<br>☐ Via Electronic Mail |

*/s/ Todd. S. Fairchild*
Todd S. Fairchild

PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM – Page 14
Case No. 2:17-cv-00327-TSZ

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820