1

The Honorable Thomas S. Zilly

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10   HARMONY GOLD U.S.A., INC.,

No. 2:17-cv-00327-TSZ

         Plaintiff,

11

HAREBRAINED DEFENDANTS'
REPLY IN SUPPORT OF
DEFENDANT PIRANHA GAMES,
INC.'S MOTION FOR SUMMARY
JUDGMENT (DKT. 47)

      v.

12

13   HAREBRAINED SCHEMES LLC,
     HAREBRAINED HOLDINGS, INC., JORDAN
     WEISMAN, PIRANHA GAMES INC.,
14   INMEDIARES PRODUCTIONS, LLC, and
     DOES 1-10,

15

         Defendants.

16

17         Defendants Harebrained Schemes LLC, Harebrained Holdings Inc., and Jordan Weisman

18   (collectively, the "Harebrained Defendants") previously joined in Defendant Piranha Games,

19   Inc.'s Motion for Summary Judgment (Dkt. 47).  In opposition to that Motion, Harmony Gold

20   abruptly changed its theory of infringement.  It now asserts that Piranha and the Harebrained

21   Defendants unlawfully reproduced (rather than created derivative works of) its allegedly

22   protected images.  The Harebrained Defendants join Piranha's reply in support of the Motion,

23   and further submit this short reply to explain why Harmony Gold's new theory of infringement,

24   as to its claim against the Harebrained Defendants, cannot survive summary judgment.

25                              I.      INTRODUCTION

26         Since the inception of this case, Harmony Gold accused the Harebrained Defendants of

27   infringing three of its copyright-protected images (the "Original Images") by creating

HAREBRAINED DEFS.' REPLY ISO PIRANHA'S
MOT. FOR SUMM. J. (DKT. 47)
(No. 2:17-cv-00327-TSZ) – 1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   unauthorized derivative works of those images.  *See* Dkt. 47 (Mot.) at 7.  In the course of

2   discovery, however, Defendants uncovered a 2003 agreement between Harmony Gold and its

3   licensor, Tatsuoko, which unequivocally <u>withheld</u> from Harmony Gold the right to create (or

4   license the creation of) derivative works of the Original Images.  *Id.* at 5.  When confronted with

5   this fatal flaw, Harmony Gold changed its story and now says it never intended to allege

6   infringement based on the creation of derivative works.  Instead, Harmony Gold says, this

7   lawsuit seeks to enforce Harmony Gold's rights to reproduce and display[1] the Original Images.

8   *See* Dkt. 61 (Opp'n) at 3.  Harmony Gold seeks leave to amend its complaint to "further

9   clarify"[2] the rights it seeks to enforce.  *Id.*

10          Nonsense.

11          Harmony Gold, a confessed serial litigant, *see* Opp'n at 2, got caught making a claim it

12   had no right to make.  It tried to assert an infringement claim against Defendants based on the

13   supposed creation of derivative works.  Defendants discovered Harmony Gold had no authority

14   to bring such a claim, and compelled Harmony Gold to admit as much.  Opp'n at 8-9.  In a last-

15   ditch effort to keep this litigation alive, Harmony Gold now wants to assert a claim for **direct**

16   infringement based on unauthorized reproduction and display of the Original Images.

17          Disregard (for the moment) Harmony Gold's questionable conduct in asserting a

18   derivative-work infringement claim it has known for the past fourteen years it did not possess.

19   Even if Harmony Gold could assert an infringement claim based on the Harebrained

20   Defendants' purported reproduction of the Original Images (a dubious prospect), that theory of

21   liability cannot survive summary judgment either.  No reasonable juror could compare the

22   Original Images with the Harebrained Defendants' purportedly infringing images (the "Accused

23   Images") and find substantial similarity between them.  Harmony Gold's untimely effort to

24   argue around its own Complaint is futile, and on that basis, the Court should grant summary

25   judgment on Harmony Gold's copyright infringement claim.

26

27   ---

[1] The rights to reproduce and display are a different set of exclusive rights protected under the Copyright Act, 17 U.S.C. § 106
[2] "Further clarify," it seems, is an understated way of saying "make a 180-degree change."

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## II.   ARGUMENT

To prevail on its claim for infringement, Harmony Gold must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  To establish the second element, absent proof of direct copying, Harmony Gold must show the Harebrained Defendants "had access to the plaintiff's work and that the two works are substantially similar." *Id.*  Substantial similarity is a fact-specific inquiry, but it "may often be decided as a matter of law." *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624.  "When the issue is whether two works are substantially similar, summary judgment is appropriate if no reasonable juror could find substantial similarity of ideas and expression." *Funky Films*, 462 F.3d at 1076 (internal quotation marks omitted).  The Ninth Circuit has "frequently affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity." *Id.* at 1077.

Harmony Gold accuses the Harebrained Defendants of infringing three Original Images. In its opposition, for the first time, it suggests the Harebrained Defendants reproduced (rather than created derivative works of) those three images.  But even if Harmony Gold could amend its Complaint through its opposition brief, this new argument is futile: no rational juror could possibly find the Accused Images to be substantially similar to the Original Images.

Consider the first Accused Image, and the Original Image it purportedly infringes:



Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   Dkt. 31 (Am. Compl.) ¶ 28.

2        The Harebrained Defendants recognize that "mechs" (or giant warrior robots) may not be

3   everyone's cup of tea.  But no deep appreciation of the genre is necessary to see that these two

4   images bear *no* similarity whatsoever—except in the sense that they are both giant warrior

5   robots, a science-fiction concept that Harmony Gold cannot (and does not) claim to be the

6   subject of any exclusive copyright.[3]  First, there is the obvious: the Original Image is a black-

7   and-white line drawing, and the Accused Image is a full-color, 3D-rendered mech with a scenic

8   background.  Second, the actual mechs themselves look nothing alike.  Every single feature is

9   different: the feet, the legs, the hip joint, the abdomen, the arms and their placement, the types of

10  weapons and their placements, the head… the list goes on.  Every single distinctive element of

11  these two images is different.

12       As Sesame Street so aptly puts it, "one of these things is not like the other."[4]

13       Harmony Gold's claim fares no better with its second instance of purported

14  infringement:



| Harebrained Schemes' Infringing Image | Harmony Gold's Original Image |

(Armored Valkyrie)

---

[3] For an discussion of the early history of mechs (or "mecha," as they are referred to in Japan), which can be traced back to the 1880 Jules Verne novel *La Maison à vapeur*, see https://en.wikipedia.org/wiki/Mecha.

[4] "One of These Things," a song written by Joe Raposo, Jon Stone, and Bruce Hart, was regularly used on Sesame Street in a number of episodes.  *See* http://muppet.wikia.com/wiki/One_of_These_Things.

HAREBRAINED DEFS.' REPLY ISO PIRANHA'S
MOT. FOR SUMM. J. (DKT. 47)
(No. 2:17-cv-00327-TSZ) – 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   *Id.*

2       Again, these two images look nothing alike.  Every one of the distinctive anatomical

3   features—the legs, thighs, hips, groin, arms, chest, shoulders, and head—is different.  Indeed, it

4   is a challenge to find *any* design element in common between these two images.

5       The last image pair is equally as baffling:



| Harebrained Schemes' Infringing Image | Harmony Gold's Original Image |
|---|---|
| | (Destroid Spartan) |

17  *Id.*

18      Again, every distinctive anatomical feature is dissimilar.  Every design aspect of the

19  mech in the Original Image that makes it a unique creation is completely different or missing

20  altogether from the mech in the Accused Image.

21      In short, there is simply no factual basis from which a rational juror could find

22  substantial similarity between these three sets of images.  Thus, even if the Court were inclined

23  to permit Harmony Gold to change its theory of infringement—at the eleventh hour in

24  opposition to a summary judgment motion—that change would be futile.  The most Harmony

25  Gold could *ever* claim is that the Harebrained Defendants' robots are somehow "based on"

26  Harmony Gold's robots (although the evidence above does not support that premise), and that

27  the Harebrained Defendants copied certain characteristics of the latter while adapting them for a

HAREBRAINED DEFS.' REPLY ISO PIRANHA'S
MOT. FOR SUMM. J. (DKT. 47)
(No. 2:17-cv-00327-TSZ) – 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    completely different medium (from motion pictures to videogames).  Even accepting that

2    unsubstantiated contention as true for purposes of summary judgment (although it is not), it

3    would, at best, create a disputed issue of fact about whether the Harebrained Defendants'

4    accused images are derivative works.  But, as Harmony Gold admits, it has no right to bring a

5    claim for infringement based on derivative works.

6                                III.    CONCLUSION

7             Had Harmony Gold actually possessed the right to pursue its derivative-work

8    infringement claim, the Harebrained Defendants would have proven—at summary judgment or

9    at trial if necessary—that the Accused Images were not derived from (much less copied from)

10   the Original Images, and that Piranha and the Harebrained Defendants developed them

11   independently and from entirely different source material.  Harmony Gold appears to now

12   concede, as it must, that it is not asserting a derivative-work claim (a claim it had no right to

13   bring in the first place).

14           If Harmony Gold is granted leave to assert a new direct infringement claim based on

15   unauthorized reproduction, that claim necessarily fails as a matter of law.  Harmony Gold cannot

16   demonstrate that the Accused Images are substantially similar to the Original Images, and no

17   rational juror could so find.  For that reason, and for all of the reasons articulated by Piranha

18   Games in its briefing, the Harebrained Defendants respectfully ask the Court to enter summary

19   judgment and dismiss Harmony Gold's copyright infringement claim.

20           DATED: December 22, 2017.

21                                          DAVIS WRIGHT TREMAINE LLP
                                            *Attorneys for the Harebrained Defendants*

22

23                                          By   /s/ James Harlan Corning
                                                 Warren J. Rheaume, WSBA #13627
24                                               James Harlan Corning, WSBA #45177
                                                 1201 Third Avenue, Suite 2200
25                                               Seattle, WA  98101-3045
                                                 Phone: (206) 622-3150
26                                               Fax: (206) 757-7700
                                                 Email:  warrenrheaume@dwt.com
27                                                       jamescorning@dwt.com

HAREBRAINED DEFS.' REPLY ISO PIRANHA'S
MOT. FOR SUMM. J. (DKT. 47)
(No. 2:17-cv-00327-TSZ) – 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**CERTIFICATE OF SERVICE**

2      I hereby declare under penalty of perjury under the laws of the state of Washington that the

3 foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will

4 effect service of the document on all counsel of record in this matter.

5                                                                    *s/ James Harlan Corning*

6                                                                    James Harlan Corning

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HAREBRAINED DEFS.' REPLY ISO PIRANHA'S
MOT. FOR SUMM. J. (DKT. 47)
(No. 2:17-cv-00327-TSZ) – 7