THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMES INC., INMEDIARES PRODUCTIONS, LLC, and DOES 1–10<br>              Defendants. | CASE NO. 2:17-cv-00327-TSZ<br><br>**PLAINTIFF HARMONY GOLD U.S.A. INC'S SURREPLY IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G)**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 22, 2017** |

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G) (Case No. 2:17-cv-00327-TSZ)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Pursuant to Local Rule 7(g), Plaintiff Harmony Gold U.S.A., Inc. respectfully asks this Court to strike: (1) the Harebrained Defendants' Reply in Support of Defendant Piranha Games, Inc.'s Motion for Summary Judgment, in its entirety, because the Harebrained Defendants make an entirely new legal argument for the first time on reply; and (2) Paragraph 2 of the Declaration of Todd S. Fairchild, and the corresponding references to the same on page 9, lines 24-25 through page 10, line 1, of defendant Piranha's Reply in Support of Piranha's Motion for Summary Judgment, because Piranha improperly introduces new (and misleading) evidence on reply.  In the alternative to its requested relief under (2), above, Harmony Gold seeks leave to file the attached Supplemental Declaration of Jessica Stebbins Bina to clarify and respond to testimony contained in the Fairchild Declaration.

I.      **REQUEST TO STRIKE HAREBRAINED DEFENDANTS' REPLY.**

The Harebrained Defendants did not originally file a motion for summary judgment. Instead, they merely joined in defendant Piranha's motion.  Dkt. 54.  Piranha's motion, in turn, seeks summary judgment *solely* on the basis that Harmony Gold lacks standing to pursue this action because it is not the owner or exclusive licensee of the copyrights it seeks to enforce.  Dkt. 47.  The Harebrained Defendants' Reply, however, seeks summary judgment on an entirely new basis—that the Harebrained Defendants' designs are not substantially similar to Harmony Gold's copyrighted works.  Dkt. 76 at 2-6.

Introduction of an entirely new legal theory on reply is wholly improper and *especially* inappropriate in the summary judgment context.  *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("party may not make new arguments in the reply brief"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (allowing new materials in a summary judgment reply without affording opportunity to respond "would be unfair").  Accordingly, the Harebrained Defendants' Reply brief should be stricken in its entirety.  *See Cox*, 7. F.3d at 1463; *see also, e.g.*, *Pease & Sons, Inc. v. Travelers Indem. Co. of Connecticut*, No. C14-1562 TSZ, 2015 WL 12001271, at n.

PLTF HARMONY GOLD'S SURREPLY AND
MOTION TO STRIKE PURSUANT TO LOCAL
RULE 7(G) (Case No. 2:17-cv-00327-TSZ) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

2 (W.D. Wash. Jan. 16, 2015) (Zilly, J.) (new arguments first raised in reply will not be considered by the Court); *Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, No. C10-1919 TSZ, 2014 WL 309168, at *4 (W.D. Wash. Jan. 28, 2014) (Zilly, J.) (granting motion to strike "new argument improperly raised for the first time in Intervenor's reply"); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (Zilly, J.) (granting motion to strike new evidence and arguments presented for the first time in reply).

The Harebrained Defendants attempt to evade the well-established rule against raising new arguments on reply by claiming that they learned for the first time in Harmony Gold's opposition brief that Harmony Gold is alleging infringement of its exclusive rights of reproduction, distribution, display, and merchandizing, as opposed to the right to create derivative works.  Dkt. 76 at 2.  This assertion is nonsense.  Not only have the parties discussed this issue for months leading up to this motion, *see* Dkt. 52 ¶¶ 4-7, but Harmony Gold's operative complaint seeks to validate these exact rights, *see* Dkt. 31 ¶ 37 ("Defendants have infringed Harmony Gold's copyrights to these warrior robots through their unauthorized copying, distribution, and display of warrior robots that are substantially similar to those owned by Harmony Gold"), *and* Harmony Gold seeks to further clarify the rights it seeks to enforce through its currently pending motion to amend, *see* Dkt. 51.[1]  Furthermore, and even were it otherwise, the Harebrained Defendants cannot add a new *substantive* ground for summary judgment—lack of infringement—to a motion for summary judgment based on *standing*.  The Harebrained Defendants' Reply brief should be stricken.

---

[1] Moreover, the suggestion that an exclusive license holder cannot sue for infringement of the rights of reproduction, display, and distribution, merely because the alleged infringing work differs *enough* to constitute a derivative work—even if it remains "substantially similar" to the original work—is legally frivolous.  Such a rule would eviscerate copyright law and render all exclusive licenses that license less than the entire bundle of Section 106 rights unenforceable.  *See* 17 U.S.C. § 106; *see also Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015) ("It is established law under the 1976 [Copyright] Act that any party to whom such a right [under § 106] has been transferred — whether via an assignment or an exclusive license — has standing to bring an infringement action based on that right.").

PLTF HARMONY GOLD'S SURREPLY AND
MOTION TO STRIKE PURSUANT TO LOCAL
RULE 7(G) (Case No. 2:17-cv-00327-TSZ) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## II. REQUEST TO STRIKE PORTIONS OF PIRANHA'S REPLY AND FAIRCHILD DECLARATION.

In defendant Piranha's Reply, and in the accompanying Fairchild Declaration, Piranha asserts that Harmony Gold should be denied Rule 56(d) discovery because it was not diligent in seeking that discovery.  Specifically, Piranha's counsel testifies, for the first time on reply, that "Ms. Stebbins Bina stated that Harmony Gold would not spend the time or resources necessary to obtain [critically important and relevant third party] documents unless defendants were to file a dispositive motion." Dkt. 75 ¶ 2, *see also* Dkt. 74 at p. 9-10.  This assertion is inaccurate, and is based on a misleading construction of a statement Ms. Bina made in the context of a settlement discussion.  *See* Ex. A ¶¶ 2-6.  Harmony Gold respectfully requests the Court either strike Mr. Fairchild's new testimony, and its incorporation into Piranha's Reply, or alternatively grant Harmony Gold leave to respond through the attached proposed Supplemental Declaration of Jessica Stebbins Bina.  *See Provenz*, 102 F.3d at 1483 (when new evidence is submitted on reply, opposing party should, at minimum, be given an opportunity to respond).

## III. CONCLUSION.

For the foregoing reasons, Harmony Gold requests the Court grant the relief requested in this surreply.

///
///
///
///
///
///
///
///

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G) (Case No. 2:17-cv-00327-TSZ) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

| | | |
|---|---|---|
| 1 | DATED:  December 27, 2017. | CALFO EAKES & OSTROVSKY PLLC |

By: _s/ Damon C. Elder_____
   Damon C. Elder, WSBA #46754
   Andrew R.W. Hughes, WSBA #49515
   1301 Second Avenue, Suite 2800
   Seattle, WA  98101
   Phone:  (206) 407-2200
   Fax:  (206) 407-2224
   Email:  damone@calfoeakes.com
           andrewh@calfoeakes.com

LATHAM & WATKINS LLP

By: _s/ Jessica Stebbins Bina_____
   Jessica Stebbins Bina
   10250 Constellation Blvd., Suite 1100
   Los Angeles, CA  90067
   Telephone: (424) 653-5525
   Facsimile: (424) 653-5501
   Email:  jessica.stebbinsbina@lw.com

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

---

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G) (Case No. 2:17-cv-00327-TSZ) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1

## **CERTIFICATE OF SERVICE**

2  The undersigned hereby certifies that on December 27, 2017, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

4 such filing to the CM/ECF participants.

5  DATED this 27th day of December, 2017.

6

7  *s/ Mary J. Klemz*
   Mary J. Klemz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G) (Case No. 2:17-cv-00327-TSZ) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224