HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMESGAMES INC. and DOES 1–10,<br><br>Defendants. | CASE NO. 2:17-CV-00327-TSZ<br><br>**[PROPOSED] ORDER GRANTING PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S LACK OF STANDING TO ASSERT COPYRIGHT INFRINGEMENT CLAIM**<br><br>**NOTE ON MOTION CALENDAR: MARCH 30, 2018** |

This matter came before the Court on the second motion of defendant Piranha Games Inc. ("Piranha") for summary judgment as to plaintiff Harmony Gold U.S.A., Inc.'s ("Harmony Gold") lack of standing to assert copyright infringement, as alleged in Count 1 of the Second Amended Complaint. *See* Dkt. 83 at ¶¶ 39-45. Piranha seeks summary judgment because Harmony Gold is not the owner or exclusive licensee of the copyrights it seeks to enforce, and therefore has no standing to enforce those copyrights. Count I is the only count asserted against Piranha.

The Court has reviewed all arguments and evidence submitted in support of and in opposition to Piranha's motion, and has viewed the evidence in the light most favorable to Harmony Gold as the non-moving party. The Court finds that there is no genuine issue of



DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

material fact that would preclude summary judgment. *See S. Cal. Darts Ass'n v. Zaffina*, 762 F. 3d 921, 925 (9th Cir. 2014). For the reasons set forth in Piranha's motion and discussed below, the Court GRANTS Piranha's motion, DISMISSES Count 1 with PREJUDICE, and DISMISSES Piranha as a party to this lawsuit.

**A. Relevant Facts**

Harmony Gold alleges that a video game created by Piranha infringes copyrights that were allegedly licensed to Harmony Gold by a company called Tatsunoko Production Co., Ltd. ("Tatsunoko"). Harmony Gold's copyright registrations (Dkt. 83 at ¶ 15) are directed to a "MOTION PICTURE" (*see* Dkt. 83-1), specifically an animated series called *Macross* ("the *Macross* Motion Picture"). The Second Amended Complaint alleges infringement based on Piranha's alleged copying, reproduction, display, distribution, and merchandizing of robot warrior characters ("the Big West Characters") that appear in the *Macross* Motion Picture. The evidence shows that the Big West Characters were created by a Japanese company called Studio Nue Co., Ltd. ("Studio Nue") before being incorporated into the *Macross* Motion Picture. Studio Nue and a company called Big West Co., Ltd. ("Big West") (collectively, "Big West") have filed a U.S. Copyright registration indicating that they jointly own the copyrights to the Big West Characters.

Tatsunoko assisted with the production of the *Macross* Motion Picture, but it was not involved in the creation of the Big West Characters. As partial compensation for Tatsunoko's efforts, it was granted certain rights to commercialize the *Macross* Motion Picture overseas. Tatsunoko purported to license rights in the *Macross* Motion Picture to Harmony Gold in a 1991 license agreement. The license agreement was subsequently amended several times.

In the early 2000s, Tatsunoko and Big West were involved in litigation in Japan, which resulted in a Japanese district court decision concluding that Big West, not Tatsunoko, is the copyright owner of the Big West Characters. Following that decision, Big West registered copyrights in the Big West Characters with the U.S. Copyright Office, and deposited a set of images of each character.



DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

The Japanese district court's judgment was affirmed on appeal. In response to the Japanese court's decision, Tatsunoko and Harmony Gold executed an amendment to their license agreement in which Harmony Gold acknowledged that it was not granted the right to create derivative works based on the Big West Characters.

In 2017, Harmony Gold and Tatsunoko engaged in arbitration to determine, *inter alia*, the scope of the rights that Tatsunoko licensed to Harmony Gold. On June 27, 2017, the arbitrator issued an Arbitration Award which ruled that Tatsunoko granted to Harmony Gold all of its copyrights in *Macross*, which necessarily excluded the visual depiction of the Big West Characters. Harmony Gold petitioned the U.S. District Court for the Central District of California to issue a judgment confirming the Arbitration Award, which that court did on August 23, 2017. *See Harmony Gold, USA, Inc. v. Tatsunoko Production Co., Ltd.*, Case No. 2:17-cv-06034-PA-MRW (C.D. Cal. Aug. 23, 2017).

**B. Analysis**

Piranha contends that Harmony Gold lacks standing for its copyright claim because Harmony Gold does not own or have an exclusive license to the copyrights it seeks to enforce. Piranha also argues that Harmony Gold is collaterally estopped from re-litigating whether Harmony Gold has an exclusive licensee to the Big West Characters in view of the district court Judgment confirming the arbitrator's ruling that Harmony Gold does own or have a license to copyrights asserted here.

**1. Harmony Gold Does Not Own the Asserted Copyrights**

Only the "legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). An exclusive licensee can sue to protect a particular right that it has been granted, but it cannot sue for infringement of rights outside of its exclusive license. *See Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 1002 (C.D. Cal. 2015). One who is not the owner or exclusive licensee of a particular right has no standing to sue others for infringement of that right. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1143-44 (9th



DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Cir. 2008); *see Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013). In a copyright infringement case, the alleged copyright owner has the burden of showing that it is the owner of a valid copyright. *See North Coast Indus. v. Maxwell*, 972 F.2d 1031, 1033 (9th Cir. 1992).

The Court has discretion to determine what evidentiary weight should be given to Big West's copyright registration, which was filed more than five years after publication. *See* 17 U.S.C. § 410(c). In light of all of the admissible evidence, the Court considers Big West's copyright registration, and the deposit materials accompanying that registration, to be *prima facie* evidence of the validity of Big West's copyrights in the Big West Characters. Harmony Gold has not met its burden of showing that Big West's copyright registration is invalid, and has not submitted admissible evidence to demonstrate a material issue of fact regarding Big West's ownership of those copyrights.

**2. Harmony Gold Does Not Have an Exclusive License to the Big West Characters**

Whatever rights Harmony Gold has in *Macross*, if any, were granted to it by Tatsunoko. Tatsunoko could not license to Harmony Gold any rights that Tatsunoko did not have. Tatsunoko's rights in the *Macross* Motion Picture come from two Memorandum agreements it reached with Big West. Tatsunoko received certain rights to display and commercialize the *Macross* Motion Picture outside of Japan. The Memorandum agreements did not convey to Tatsunoko any copyrights in the underlying characters that appear in the *Macross* Motion Picture.

Tatsunoko may have granted Harmony Gold certain rights in the *Macross* Motion Picture, as suggested by Harmony Gold's copyright registration to Episodes 1-36 of *Macross*, which is identified in the registration statement as a "Motion Picture." However, Harmony Gold's copyright to the *Macross* Motion Picture does not imply any copyrights in preexisting works that appear in the *Macross* Motion Picture. *See* 17 U.S.C. § 103(b). Because the Big West Characters are such preexisting works, which were not created or owned by Tatsunoko, Harmony Gold did not receive any copyrights in those characters.



DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 3. Harmony Gold Is Collaterally Estopped from Re-Litigating the Scope of Its License

Harmony Gold is collaterally estopped from re-litigating the scope of its license. There are three requirements for collateral estoppel to apply:

> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Town of N. Bonneville v. Callaway,* 10 F.3d 1505, 1508 (9th Cir. 1993). When these requirements are met as to a particular issue, that issue cannot be re-litigated. All of these requirements are met here.

At issue here is the scope of rights granted by Tatsunoko to Harmony Gold. This same issue was already adjudicated during the arbitration, and the Arbitration Award was confirmed by a federal district court. *See Harmony Gold, USA, Inc. v. Tatsunoko Production Co., Ltd.*, Case No. 2:17-cv-06034-PA-MRW (C.D. Cal. Aug. 23, 2017). In that arbitration, Harmony Gold and Tatsunoko disputed, among other things, the scope of rights granted to Harmony Gold through its license agreement with Tatsunoko. This dispute required the arbitrator to determine the scope of Harmony Gold's license. The arbitrator ruled that Harmony Gold had been granted all of Tatsunoko's rights in *Macross,* which excluded the visual depiction of the Big West Characters. Harmony Gold petitioned the California district court to enter a judgment confirming the Arbitration Award. The district court issued a judgment confirming the Arbitration Award, which is now a judgment of the district court in all respects. 9 U.S.C. § 13(c). Accordingly, the scope of Harmony Gold's copyrights has already been actually litigated, and Harmony Gold is collaterally estopped from re-litigating the issue of whether it has any copyrights in Big West Characters.

Harmony Gold has failed to demonstrate a genuine dispute of material fact with respect to whether it has standing to assert its copyright infringement claim. The Court finds that Harmony Gold lacks standing to assert its copyright infringement claim, and GRANTS Piranha's second



DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

motion for summary judgment. Harmony Gold's copyright infringement claim, Count I of the Second Amended Complaint, is hereby DISMISSED WITH PREJUDICE. Because Count I is the only count asserted against Piranha, Piranha is hereby dismissed as a party to this lawsuit.

IT IS SO ORDERED.

DATED this ____ day of ________________, 2017.

______________________________________
The Honorable Thomas S. Zilly
UNITED STATES DISTRICT COURT JUDGE

Presented on this 8th day of March, 2018 by:

DORSEY & WHITNEY LLP

*/s/ Ryan B. Meyer* ____________________
Paul T. Meiklejohn, WSBA No. 17477
J. Michael Keyes, WSBA No. 29215
Ryan B. Meyer, WSBA No. 37832
701 Fifth Avenue, Suite 6100
Seattle, WA 98104

*Attorneys for Defendant Piranha Games Inc.*