HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARMONY GOLD U.S.A., INC.,

                    Plaintiff,

      v.

HAREBRAINED SCHEMES LLC,
HAREBRAINED HOLDINGS, INC., JORDAN
WEISMAN, PIRANHA GAMES INC. and DOES
1–10,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:17-CV-00327-TSZ

**DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)**

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

II. BACKGROUND ........................................................................................................1

    A. The Evidence in the Record Conclusively Shows that Big West Owns All of the Copyrights in the Big West Characters ...........................................................2

    B. Harmony Gold Unreasonably Delayed Requesting the Court's Assistance ...........3

III. ARGUMENT ............................................................................................................5

    A. Legal Standards....................................................................................................5

    B. Harmony Gold's Motion Lacks the Required Specificity for Issuance of a Letter Rogatory ...................................................................................................6

    C. There Is Good Cause to Deny Harmony Gold's Motion. ......................................7

        1. Harmony Gold Unreasonably Delayed Seeking the Court's Assistance ................................................................................................8

        2. Harmony Gold's Past Statements to the Court Indicate that There Are More Convenient Means to Obtain the Documents It Seeks..............10

        3. Harmony Gold's Letter Rogatory Is an Improper Fishing Expedition....................................................................................................10

    D. The Five Comity Factors Collectively Favor Denying Harmony Gold's Motion....................................................................................................................11

        1. The Requested Documents Are Not Important to this Litigation ..............11

        2. Harmony Gold's Requests Are Overly Broad ..........................................11

        3. The Origin of the Requested Documents Is Immaterial ...........................12

        4. Harmony Gold Should Be Able to Obtain the Documents Directly from Big West or Tatsunoko....................................................................12

        5. The Letter Rogatory Would Have Little Impact on the Interests of Japan and the United States ......................................................................12

IV. CONCLUSION.........................................................................................................12

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - i

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asis Internet Servs. v. Optin Global, Inc.*,
  20007 U.S. Dist. LEXIS 50621 (N.D. Cal. Jun. 29, 2007)........................................................5

*Chance v. Pac-tel Teletrac Inc.*,
  242 F.3d 1151 (9th Cir. 2001) .................................................................................................9

*Cordeiro v. Alves*,
  2017 U.S. Dist. LEXIS 171009 (S.D. Fla. Apr. 7, 2017) .......................................................8, 9

*Fid. Int'l Currency Advisor A Fund, LLC v. U.S.*,
  2007 U.S. Dist. LEXIS 103819 (D. Mass. May 22, 2007) .......................................................7

*MGM Grand Hotel, LLC v. Kyung Shin*,
  2017 U.S. Dist. LEXIS 14572 (D. Nev. Feb. 2, 2017) .............................................................6

*N. Coast Indus. v. Jason Maxwell, Inc.*,
  972 F.2d 1031 (9th Cir. 1992) .................................................................................................9

*Quinstreet, Inc. v. Ferguson*,
  2008 U.S. Dist. LEXIS 100462 (W.D. Wash. Nov. 25, 2008) .................................................7

*Reiss v. Societe Centrale Du Groupe Des Assurs. Nationales*,
  246 F. Supp. 2d 285 (S.D.N.Y. 2003)......................................................................................8

*Russell v. Price*,
  612 F.2d 1123 (9th Cir. 1979) .................................................................................................3

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist.*,
  482 U.S. 522 (1987)...............................................................................................6, 10, 11

*U.S. v. El-Mezain*,
  664 F.3d 467 (5th Cir. 2011) .................................................................................................11

*Viasat, Inc. v. Space Sys.*,
  2013 U.S. Dist. LEXIS 196700 (S.D. Cal. Jan. 14, 2013).....................................................5, 6

**Statutes**

9 U.S.C. § 13(c) .....................................................................................................................2

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - ii

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

17 U.S.C. § 103(b) ..................................................................................................................3

Copyright Act..........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 11...............................................................................................................1, 8

Fed. R. Civ. P. 26(b)(2)(C) ......................................................................................................6

Fed. R. Civ. P. 26(b)(2)(C)(i) ................................................................................................10

Fed. R. Civ. P. 26(b)(2)(C)(ii) .................................................................................................8

Fed. R. Civ. P. 56(d) .....................................................................................................4, 9, 10

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - iii

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.    <u>INTRODUCTION</u>

Piranha Games Inc. ("Piranha") opposes the motion of Harmony Gold U.S.A., Inc. ("Harmony Gold") for issuance of a letter rogatory. Dkt. 93.  Piranha opposes the motion for several reasons, but principally because the issue of who owns the copyrights asserted in this case has already been decided by three courts.  In light of those court rulings, the only apparent reason for Harmony Gold's motion is to create confusion and cause delay.

According to the State Department, the letter rogatory process "may take a year or more."[1] Since before this case began, Harmony Gold should have been diligently seeking any and all information it needed to prove copyright infringement. Proof of copyright **ownership** is a threshold element and part of the plaintiff's burden of proof in every copyright infringement action. Harmony Gold commenced this lawsuit more than a year ago. Yet only now is Harmony Gold seeking some vaguely-described documents, purportedly located in Japan, which will allegedly show that Harmony Gold has a valid and exclusive license to the copyrights at issue.  In addition to being factually unsupported and untimely, Harmony Gold's motion is defective on a variety of other grounds. For all of the reasons discussed herein, Piranha respectfully requests that this Court deny Harmony Gold's motion.

This document is supported by the concurrently filed Declaration of Ryan B. Meyer ("Meyer Decl."). A Proposed Order denying Harmony Gold's motion is also filed herewith.

## II.    <u>BACKGROUND</u>

Harmony Gold commenced this lawsuit on March 1, 2017.  Dkt.1.  On March 22, 2018, Harmony Gold filed its motion for issuance of a letter rogatory. Dkt. 93.  Harmony Gold filed its motion one day after Piranha served on Harmony Gold a draft motion for sanctions under Fed. R. Civ. P. 11 relating to the false claims of copyright ownership appearing in each version of the

---

[1]    https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html.

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Complaint. *See* Meyer Decl., ¶2. Harmony Gold claims that it needs documents in the possession of Big West in Japan to prove that Harmony Gold, and not Big West, owns the copyrights in the Big West Characters.[2] Harmony Gold's motion is just the latest step in a series of improper attempts to delay summary judgment as to its lack of standing to assert copyright infringement.

A.    **The Evidence in the Record Conclusively Shows that Big West Owns All of the Copyrights in the Big West Characters**

At the beginning of this case, Harmony Gold was purportedly relying on a license agreement with a company called Tatsunoko as the basis for its alleged copyrights. Dkt. 1, ¶¶11-12. Unknown to the Court or the defendants, Harmony Gold was at the same time embroiled in litigation with Tatsunoko concerning the scope of that license agreement. In June of 2017, approximately four months after Harmony Gold filed its original Complaint in this case, an arbitrator ruled that the copyrights to the Big West Characters are owned by Big West, and not by Tatsunoko or Harmony Gold. Dkt. 88-4. The arbitrator confirmed the findings of two Japanese courts "that Big West own[s] **exclusively** the original visual depictions of 41 characters as used in the *Macross* program." Dkt. 88-4 at 6 (emphasis added).  The arbitrator found that whatever rights Tatsunoko may have granted to Harmony Gold, they exclude "the visual depiction of the original 41 animated graphic characters from the underlying Program." *Id.* at 18. The arbitration award was confirmed on August 23, 2017 by the United States District Court for the Central District of California, thus making it a judgment of the District Court "in all respects." 9 U.S.C. § 13(c).

The federal court judgment shows that the question of who owns the copyrights to the Big West Characters was first litigated and decided in Japan in 2002 and 2003. Dkt. 88-4 at 6-7.  After the Japanese courts ruled that Big West owns the copyrights to the characters, Big West registered

---

[2] "Big West Characters" refers to a set of 41 characters created by Studio Nue and exclusively owned by Studio Nue and Big West (collectively "Big West"). The Big West Characters are depicted in the drawings attached to Big West's U.S. Copyright registration. Dkt. 88-5. The Big West Characters include the allegedly infringed warrior robots at issue in this case.

---

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 2

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

its copyrights with the U. S. Copyright Office. Dkt. 88-5. Big West's copyright registration in the 41 identified **characters** stands in sharp contrast to Harmony Gold's copyright registration in the *Macross* **"MOTION PICTURE."** Dkt. 88-8. This entire lawsuit is based on Harmony Gold's legally incorrect theory that when it obtained certain rights to distribute and reproduce the Macross Motion Picture, it also, by implication, obtained exclusive copyrights in the 41 characters created by Big West **before** the Macross Motion Picture was created. Harmony Gold's theory is simply false under both Japanese law and U.S. law. *See* 17 U.S.C. § 103(b). Under the Copyright Act, a copyright in a "compilation or derivative work," like a motion picture, does not imply any exclusive right in "preexisting material," such as characters, screenplays, musical scores, etc. *Id.*; *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979). The Big West Characters are "preexisting material" created and owned by Big West. Harmony Gold improperly claims copyrights in the Big West Characters based on its limited commercialization rights for the Macross Motion Picture.

The evidence showing that Big West owns the copyrights in the characters is in the record supporting Piranha's Second Motion for Summary Judgment. Dkt. 88-1 to 88-7. Harmony Gold's instant motion cannot, and does not, explain how some vaguely-identified document located in Japan could obviate the agreements, court rulings, copyright registrations, and other evidence showing that Big West owns the copyrights in the characters, and Harmony Gold does not.

**B.      Harmony Gold Unreasonably Delayed Requesting the Court's Assistance**

Harmony Gold waited more than one year after filing this lawsuit to try to obtain documents located in Japan that it claims to be "highly relevant" to establishing that it has standing to assert its copyright claim. Dkt. 93-2 at 3:19-21. Not only did Harmony Gold fail to obtain those documents before filing its original Complaint, that failure to act continued for more than five months after Harmony Gold learned that Piranha was contesting the validity of its alleged license. *See* Dkt. 73, ¶2.

Harmony Gold's explanation for its delay is nonsensical. Harmony Gold claims that it

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

could not foresee that any defendant would challenge its copyright ownership claims. But it was always part of Harmony Gold's burden to prove ownership of the copyrights that were allegedly infringed. Harmony Gold also claims that the documents it now seeks were made available during the 2017 arbitration with Tatsunoko. The scope of Harmony Gold's license was also being challenged in that litigation. So clearly such a challenge was foreseeable to Harmony Gold.

The arbitrator ruled against Harmony Gold with regard to its claimed copyrights in the 41 characters. So either Harmony Gold did not offer as evidence the documents it now seeks, or the arbitrator rejected Harmony Gold's argument that those documents prove that Harmony Gold owns copyrights in the 41 characters. In either case, Harmony Gold is seeking to re-litigate an issue that was decided less than one year ago, and is the subject of a binding federal court judgment.

In the months before Piranha filed its first motion for summary judgment (Dkt. 47), Piranha's counsel had several phone calls with Harmony Gold's current and former counsel. Dkt. 73, ¶ 2. During at least one of the calls, Harmony Gold's current lead counsel stated that she learned during the arbitration of certain documents in the possession of Big West and Tatsunoko which allegedly support Harmony Gold's copyright claim. Counsel also stated that she would not spend the time or resources necessary to obtain those documents unless defendants were to file a dispositive motion. *Id.* On November 13, 2017, Piranha filed its first Motion for Summary Judgment. Dkt. 47. In its December 11, 2017 opposition brief, Harmony Gold again alleged that it had learned during the arbitration of certain documents that allegedly support its claim. Dkt. 61 at 23; Dkt. 67, ¶ 7. Harmony Gold asked the Court to delay ruling on the Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d), which permits a non-movant to seek information that is allegedly "essential to justify [the non-movant's] opposition." Harmony Gold informed the Court that it was "in the process of preparing letters rogatory" to seek documents and testimony from Tatsunoko and Big West. Dkt. 61 at 23:16-18. Although Harmony Gold claimed in December that these documents were "essential," Harmony Gold waited three more months, until after

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Piranha filed its Second Motion for Summary Judgment, to request the issuance of a letter rogatory. Meyer Decl., ¶2.

### III.   ARGUMENT

Harmony Gold's motion is a thinly-disguised attempt to cloud the issues and delay summary judgment as to its lack of standing. The evidence in the record shows that Big West owns the copyrights in question, and that the issue of ownership has been fully litigated in Japan and in the United States.  Harmony Gold offers no explanation of how some unidentified, Japanese documents could obviate the evidence and court rulings regarding Big West's ownership of the copyrights.  For more than a year after filing this action, Harmony Gold failed to request the Court's assistance in obtaining those documents. Harmony Gold successfully delayed a decision on Piranha's first motion for summary judgment by amending its Complaint a second time. Harmony Gold should not be allowed to delay the pending summary judgment motion by seeking a letter rogatory that might not result in any production of documents until after the trial date.

#### A.   Legal Standards

A letter rogatory is a "formal request from a court in which an action is pending, to a foreign court to perform some judicial act." *Viasat, Inc. v. Space Sys.*, 2013 U.S. Dist. LEXIS 196700 (S.D. Cal. Jan. 14, 2013) (denying in part motion for issuance of letter rogatory). A court's power to issue letters rogatory is discretionary. *Asis Internet Servs. v. Optin Global, Inc.*, 2007 U.S. Dist. LEXIS 50621, at *9 (N.D. Cal. Jun. 29, 2007) (denying motion for issuance of letters rogatory). A court decides whether to issue a letter rogatory in view of the Federal Rules of Civil Procedure. *Id.* Courts "must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Courts deny motions for issuance of letters rogatory when they determine that there is good reason

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 5

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

to do so. *Viasat*, 2013 U.S. Dist. LEXIS 196700, at *38. This is a factual determination "turning upon the circumstances of the particular case." *Id.* at *39.

Courts also apply five comity factors to determine whether to issue a letter rogatory: (1) "the importance to the…litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and" (5) the effect of compliance and noncompliance with the request would have on the interests of the United States and the interests of the state where the request is to be sent. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist.*, 482 U.S. 522, 544 n.28 (1987). Bare assertions of a right to relief are not a sufficient basis to issue a letter rogatory. *MGM Grand Hotel, LLC v. Kyung Shin*, 2017 U.S. Dist. LEXIS 14572 (D. Nev. Feb. 2, 2017) (denying motion for letter rogatory), *citing Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

**B.      Harmony Gold's Motion Lacks the Required Specificity for Issuance of a Letter Rogatory**

Harmony Gold's motion is just three paragraphs long. Dkt. 93. It cites no case law and applies none of the controlling legal standards to the facts of this case. Courts have denied such barebones requests. In *MGM*, the court denied MGM's first letter of request because it was not "accompanied by a motion supported by a memorandum of points and authorities." *MGM*, 2017 U.S. Dist. LEXIS 14572, at *1. MGM then filed a second motion which contained "one legal citation and one legal assertion, that the Court has the inherent power to issue a letter of request." *Id.* at *2. The court found this to be insufficient, holding that, "[a]bsent an application meaningfully developing the applicable standards and meaningfully explaining how they are met in this case, the Court declines to issue the letter of request." *Id.* Harmony Gold's motion is even less sufficient than MGM's, and it should not be permitted to use its reply brief to cure these deficiencies, when Piranha has no opportunity to respond. *Quinstreet, Inc. v. Ferguson*, 2008 U.S. Dist. LEXIS

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 6

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

100462, at *9-10 (W.D. Wash. Nov. 25, 2008) (striking material presented for first time in reply brief) (Bryan, J.), *citing U.S. v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992).

Harmony Gold's motion is also defective because the proposed letter rogatory mischaracterizes this case and purports to contain factual findings by the Court. "[B]ecause the letter rogatory constitutes a request from the Court for assistance, not from a party, care should be taken to ensure that the synopsis of the case is not unduly argumentative, or state or suggest that the Court has reached factual conclusions at this stage of the proceedings." *Fid. Int'l Currency Advisor A Fund, LLC v. U.S.*, 2007 U.S. Dist. LEXIS 103819, *13-14 (D. Mass. May 22, 2007). Harmony Gold's proposed letter rogatory repeatedly and improperly describes Harmony Gold's license as an exclusive license to the Big West Characters (*e.g.*, Dkt. 93-2 at 2:18-19, 3:3-8), which is false, as explained in the second motion for summary judgment. Dkt. 87. In addition, the letter describes the 2002 Japanese court decision as defendants' single basis for challenging standing (Dkt. 93-2 at 3:9-10), which ignores the other evidence relied on by defendants, including Big West's U.S. copyright registration, agreements between Big West and Tatsunoko, the arbitration award, and other materials. Dkts. 88-3, 88-4, 88-5, 88-6. Finally, the letter describes the requested documents as "highly relevant," but that conclusion is unsupported by any facts. *Id.* at 3:20-21.

## C.      There Is Good Cause to Deny Harmony Gold's Motion.

The scope of Harmony Gold's rights in the Big West Characters has already been determined in an arbitration ruling that is now a federal court judgment. Dkt. 88-4. If the documents sought by Harmony Gold truly exist, and if they support its position, Harmony Gold would have submitted them to the arbitrator. Dkt. 67, ¶8. Whether or not Harmony Gold offered them as evidence in that case, it cannot re-litigate issues decided by the arbitrator.

Harmony Gold's actual motive for seeking foreign documents is to delay summary judgment regarding its lack of standing. Harmony Gold has had more than enough time to gather documents that (if they are truly "essential") Harmony Gold should have obtained prior to

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 7

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

commencing this case. There have been many events since the Complaint was filed that put the validity of Harmony Gold's alleged copyrights into question. Nonetheless, Harmony Gold failed to take action until it was served with a Rule 11 sanctions motion concerning its baseless claim. Harmony Gold's dilatory, bad faith conduct establishes another basis for denying its motion.

### 1.     Harmony Gold Unreasonably Delayed Seeking the Court's Assistance

According to the State Department, the letter rogatory process "may take a year or more."[3] This means that the documents sought by Harmony Gold may not arrive until after trial which is set for February 4, 2019. Dkt. 82. Good cause for denying the issuance of a letter rogatory includes delay that would be prejudicial to the non-movant. *Cordeiro v. Alves*, 2017 U.S. Dist. LEXIS 171009, at *2 (S.D. Fla. Apr. 7, 2017) (denying motion for reconsideration of denial of motion for letters rogatory); *see also Reiss v. Societe Centrale Du Groupe Des Assurs. Nationales*, 246 F. Supp. 2d 285, 289 (S.D.N.Y. 2003) (denying motion for letters rogatory).  Since it is virtually certain that the documents will not be produced until after the discovery period ends in this case, defendants will be prejudiced by the issuance of the letter rogatory.

This Court has discretion to limit discovery when the party requesting discovery has already had ample opportunity to obtain the information it now seeks. Fed. R. Civ. P. 26(b)(2)(C)(ii). In *Cordeiro*, Alves moved for issuance of letters rogatory more than two months after he became aware of the documents that he sought. *Cordeiro*, 2017 U.S. Dist. LEXIS 171009, at *2-3. The court noted that it was "virtually certain" that the requested documents would either not be produced before the discovery cutoff or that there would not be sufficient time for additional discovery concerning the produced documents. *Id.* at *3. Therefore, the court held that "[f]urther delaying this action would be highly prejudicial to [the non-movant], and the Court will not prejudice [the non-movant] to accommodate [Alves's] failure to diligently defend this action and

---

[3]     https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html.

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY) Case No. 2:17-cv-00327-TSZ - 8

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

seek discovery in this case." *Id.*

As in *Cordeiro*, granting Harmony Gold's motion would extend this case, perhaps considerably, to the prejudice of Piranha. Given the potential length of obtaining discovery from a foreign third party that may or may not be cooperative, the Court would likely need to extend the discovery period and possibly the trial date to allow time to receive Big West's documents and for further discovery relating to those documents. The costs and uncertainties would be prejudicial to Piranha. Harmony Gold's delay is inexcusable because it should have been trying to obtain the requested documents since prior to the time the original Complaint was filed.

It should have been no surprise to Harmony Gold that its alleged copyrights would be challenged. "To establish copyright infringement, the holder of the copyright must prove both valid ownership of the copyright and that there was infringement of that copyright by the alleged infringer." *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). Indeed, the court or jury does not consider the infringement determination until the threshold issue of ownership is resolved. *Id.*

Harmony Gold derives all of its alleged rights from Tatsunoko. Dkt. 83, ¶¶12-14. The copyrights for the Big West Characters are separate and distinct from those rights, and they are not owned by Tatsunoko. Dkt. 88-1, 88-2. Therefore, Harmony Gold should have known that to meet its burden of establishing ownership of a valid copyright, it would have needed to obtain documents showing that exclusive rights to the Big West Characters were somehow transferred to Tatsunoko before allegedly being assigned to Harmony Gold.

Courts defer or deny summary judgment under Rule 56(d) "only if the movant diligently pursued its previous discovery opportunities." *Chance v. Pac-tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (affirming denial of Rule 56(f) relief where plaintiff learned of evidence

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 9

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

seven months before entry of summary judgment) (internal citation and quotation omitted).[4] Harmony Gold cannot reasonably argue that it has been diligent given that it and its counsel admittedly became aware of the documents they now seek (Dkt. 61 at 23:13-16; Dkt. 67, ¶ 7) some time before June 27, 2017, the date the arbitration ended. Dkt. 88-4.

### 2.    Harmony Gold's Past Statements to the Court Indicate that There Are More Convenient Means to Obtain the Documents It Seeks

This Court has discretion to limit discovery if it can be obtained from a "source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). A letter rogatory to a foreign third party is one of the least convenient, most burdensome, and most expensive ways to request discovery. The Supreme Court has described the use of letters rogatory as a "complicated, dilatory and expensive system." *Societe Nationale*, 482 U.S. at 531. Harmony Gold has made multiple statements and submitted evidence indicating that a letter rogatory is unnecessary. First, Tatsunoko is Harmony Gold's licensor. Dkt. 83, ¶¶12-14. As such, it has an interest in protecting the rights licensed to Harmony Gold. In fact, the 1991 license agreement between Tatsunoko and Harmony Gold states that both parties "shall take necessary legal measures to protect such copyrights from infringement or copying by any third party" which would require Tatsunoko to provide Harmony Gold with all necessary documents to establish that Harmony Gold has standing to assert its copyright infringement claim. Dkt. 64-1, Ex. D at ¶5. If Tatsunoko originally acquired the copyrights in question, then Tatsunoko should also have the documents to prove that aspect of Harmony Gold's claim.  Harmony Gold has failed to explain why it cannot get the requested documents from its licensor, Tatsunoko, instead of issuing a letter rogatory to a third party which has no agreement with Harmony Gold.

### 3.    Harmony Gold's Letter Rogatory Is an Improper Fishing Expedition

All evidence of record suggests that the documents requested by Harmony Gold either do

---

[4] Prior to its 2010 amendment, Fed. R. Civ. P. 56(d) was designated as Fed. R. Civ. P. 56(f).

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 10

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON  98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

not exist or do not affect Big West's registered copyrights in the Big West Characters. As explained in detail in Piranha's Second Motion for Summary Judgment, there is no admissible evidence that the copyrights to the Big West Characters were ever assigned or exclusively licensed to Tatsunoko. *See* Dkt. 87 at 8:1-21. Since Harmony Gold claims to have reviewed the documents it seeks (Dkt. 61 at 23; Dkt. 67, ¶ 7), and claims that they are "highly relevant," Harmony Gold should have been able to describe precisely the documents it seeks, and explain to the Court why they are "essential." Harmony Gold has failed to do so.

Instead, Harmony Gold drafted six overly broad and unduly burdensome document requests asking Big West to find and produce a wide array of communications, agreements, and other documents from the past sixteen years or more. Dkt. 93-2 at 9. Discovery requests directed to foreign entities should "receive the most careful consideration." *Societe Nationale*, 482 U.S. at 546. Harmony Gold should know exactly what documents it seeks, and should have limited its request to those documents. Since Harmony Gold does not know what it is searching for, it has cast a wide net to see what it might find. Courts have held that such a fishing expedition is grounds for rejecting the issuance of letters rogatory. *U.S. v. El-Mezain*, 664 F.3d 467, 518 (5th Cir. 2011) (affirming decision not to issue letter rogatory "on the basis that doing so would enable only a fishing expedition.").

### D. The Five Comity Factors Collectively Favor Denying Harmony Gold's Motion

#### 1. The Requested Documents Are Not Important to this Litigation

Harmony Gold's failure to narrowly tailor its requests demonstrates that the documents, if they exist, have little relevance to this litigation. Accordingly, this factor weighs against issuing a letter rogatory.

#### 2. Harmony Gold's Requests Are Overly Broad

Although Harmony Gold apparently reviewed documents during the arbitration, it has failed to craft requests specifically targeted at those documents, and instead has embarked on a fishing expedition. This factor weighs against issuing a letter rogatory.

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 11

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

### 3.     The Origin of the Requested Documents Is Immaterial

This factor does not favor or disfavor issuing a letter rogatory. The documents may be Japanese in origin, but they were available for Harmony Gold to review during the U.S. arbitration. Thus, their foreign origin is not a significant factor.

### 4.     Harmony Gold Should Be Able to Obtain the Documents Directly from Big West or Tatsunoko

According to Harmony Gold, both Tatsunoko and Big West acknowledge Harmony Gold's exclusive rights in the Big West Characters, and support its enforcement of those rights. Moreover, Tatsunoko, Harmony Gold's licensor, is contractually obliged to take legal measures to protect those rights. If these statements are true, then Harmony Gold should be able to obtain the documents from those companies directly, without requiring a letter rogatory. Moreover, if Tatsunoko were able to convey the asserted copyrights to Harmony Gold, then Tatsunoko should be in possession of documents establishing its own copyrights in the characters. Harmony Gold fails to explain why Tatsunoko does not have the alleged documents or why it refuses to provide them to its licensee, Harmony Gold. This factor weighs against issuing a letter rogatory.

### 5.     The Letter Rogatory Would Have Little Impact on the Interests of Japan and the United States

Based on the insufficient information provided by Harmony Gold, it appears that the letter rogatory is a waste of judicial resources in both the United States and Japan, and will place an undue burden on a Japanese company that is not a party to this case. Accordingly, this factor disfavors issuing a letter rogatory.

## IV.     <u>CONCLUSION</u>

Harmony Gold has been dilatory in seeking the documents it now requests, and has failed to provide a meaningful explanation regarding why they are important to this case. Its current motion is defective and is an improper attempt to delay summary judgment. Piranha respectfully requests that the Court deny Harmony Gold's motion.

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 12

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

Respectfully submitted this 2nd day of April, 2018.

DORSEY & WHITNEY LLP

*/s/ Ryan B. Meyer*
Paul T. Meiklejohn, WSBA No. 17477
J. Michael Keyes, WSBA No. 29215
Todd S. Fairchild, WSBA No. 17654
Ryan B. Meyer, WSBA No. 37832
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Phone: (206) 903-8800
Fax: (206) 903-8820

*Attorneys for Defendant Piranha Games Inc.*

DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)
Case No. 2:17-cv-00327-TSZ - 13

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of (1) DEFENDANT PIRANHA GAMES INC.'S OPPOSITION TO PLAINTIFF HARMONY GOLD U.S.A., INC.'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY), (2) DECLARATION OF RYAN B. MEYER IN OPPOSITION TO PLAINTIFF HARMONY GOLD U.S.A., INC.'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY), and a (3) [PROPOSED] ORDER DENYING HARMONY GOLD U.S.A., INC.'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY) were served on the following parties via ECF on April 2, 2018:

| | |
|---|---|
| Damon C. Elder, WSBA #46754<br>damone@calfoeakes.com<br>Andrew R.W. Hughes, WSBA #49515<br>andrewh@calfoeakes.com<br>CALFO EAKES & OSTROVSKY PLLC<br>1301 Second Avenue, Suite 2800<br>Seattle, WA 98101-3808 | Warren J. Rheaume, WSBA No. 13627<br>warrenrheaume@dwt.com<br>James H. Corning, WSBA No. 45177<br>jamescorning@dwt.com<br>DAVIS WRIGHT TREMAINE LLP<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101 |
| Jessica Stebbins Bina (admitted *pro hac vice*)<br>jessica.stebbinsbina@lw.com<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., 3rd Floor<br>Los Angeles, CA 90067 | *Attorneys for Harebrained Schemes, LLC, Harebrained Holdings, Inc., and Jordan Weisman* |
| *Attorneys for Plaintiff Harmony Gold U.S.A., Inc.* | |

*/s/ Ryan B. Meyer*
Ryan B. Meyer

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
PHONE: (206) 903-8800
FAX: (206) 903-8820