THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC.,<br><br>Plaintiff,<br><br>v.<br><br>HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, DEFENDANTS GAMES INC., INMEDIARES PRODUCTIONS, LLC, and DOES 1–10<br><br>Defendants. | CASE NO.  2:17-cv-00327-TSZ<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST (LETTER ROGATORY)**<br><br>**NOTING DATE: April 6, 2018**<br><br>**<u>REDACTED</u>** |

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** i

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b). A motion for letters rogatory is a basic discovery method authorized by the Rules of Civil Procedure, which should be granted absent "good reason for a court to deny" it. *S.E.C. v. Leslie*, No. C 07-03444, 2009 WL 688836, at \*3 (N.D. Cal. Mar. 16, 2009); *see also DBMS Consultants Ltd. v. Computer Assocs. Int'l., Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *Evanston Ins. Co. v. OEA, Inc.,* No. CIVS-021505, 2006 WL 1652315, at \*2 (E.D. Cal. June 13, 2006) ("letters of rogatory shall issue unless good cause is shown otherwise") (emphasis added).

In this case, Harmony Gold has an express exclusive license from Tatsunoko Production Co. ("Tatsunoko") to the animated warrior robots (the "Characters") it claims defendants are infringing, as well as a presumptively valid copyright registered more than 30 years ago. Defendant Piranha Games Inc. ("Piranha") has moved for summary judgment on the claimed basis that Harmony Gold's license and copyright are invalid because a third party, Big West Frontier Co. ("Big West"), actually holds the rights Tatsunoko granted to Harmony Gold. Dkt. 87. Yet, astonishingly, Piranha asks this Court to deny Harmony Gold from obtaining any discovery from Big West despite its obvious relevance.

Piranha's position is meritless, and, as detailed below, its stated reasons for opposing Harmony Gold's motion wholly fail to demonstrate "good reason" to deny Harmony Gold's basic request for indisputably relevant discovery.

## I.   PIRANHA'S RES JUDICATA ARGUMENT LACKS MERIT.

Piranha's first claim, that discovery should be denied because Harmony Gold's rights to the works have "already been decided by three courts," is simply false. *See* Opposition to Plaintiff's Motion for Issuance of a Letter of Request ("Opp.") at 1. As will be more fully explained in Harmony Gold's opposition to Piranha's pending summary judgment motion, no court has ever made any such finding.

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

Contrary to Piranha's claims, Harmony Gold does not assert that it obtained rights to the Characters by "implication." *See* Opp. at 3.  Rather, it has an express exclusive license to the "characters," "artwork," "animation," and "all other components" contained in "Macross."  Dkt. 64-1, Ex. B ¶ 5.  Pursuant to that exclusive license, Harmony Gold has exploited the Characters in toys, games, books, video games, and other merchandise, as well as in television and movies, for over 30 years.  *Id.* ¶¶ 15-16 & Ex. K.  Harmony Gold has continually enforced its exclusive rights against infringers, including against Piranha's predecessor rightsholder.[1]  *Id.* ¶¶ 12, 17-20.

Piranha claims Tatsunoko could not have licensed the Characters to Harmony Gold because a 2002 Japanese court decision held that Big West and another Japanese company, Studio Nue, hold the copyright in the original designs for the Characters.  Dkt. 87 at 10.  Tatsunoko's right to license the Characters to Harmony Gold, however, did not stem from ownership of the Japanese copyright, but rather from a 1982 agreement by and among Tatsunoko, Studio Nue, and Big West, which granted Tatsunoko all international rights to license and merchandise "Macross," including its Characters.  Dkt. 64-1, Ex. A.  Contrary to Piranha's claim that Tatsunoko's rights were truncated in 2002, in fact ███████████████████████ ███████████████████████████████████████████ ███████████████████████████████████ ████████████████████  Bina Decl. ¶ 3.  As will be detailed further in Harmony Gold's forthcoming summary judgment opposition, Tatsunoko has confirmed to Harmony Gold that its exclusive license to display, distribute, reproduce, and merchandize the Characters remains valid, and both Tatsunoko and Big West have acknowledged Harmony Gold's rights.

---

[1] While Piranha <u>now</u> asserts that Tatsunoko has no right to the Characters, and thus could not have granted rights to Harmony Gold, in that prior action, Piranha's predecessor took the opposite view and <u>in fact claimed itself to have obtained a license *from Tatsunoko*</u>.  *See Harmony Gold U.S.A., Inc. v. FASA Corp.*, 40 U.S.P.Q.2d 1057, at * 1 (N.D. Ill. 1996) ("FASA claims to have acquired the rights to these model kits and images from Twentieth Century Imports ("TCI"), which allegedly acquired them from Tatsunoko").  When that argument failed, Piranha's predecessor settled the case and agreed to refrain from infringing the Characters.  Dkt. 83 ¶ 22.

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) - 2

As for Piranha's claim that a private 2017 arbitration between Tatsunoko and Harmony Gold somehow held that neither Tatsunoko nor Harmony Gold owned any rights in the Characters, this too is wrong.  Harmony Gold's exclusive license to display, distribute, reproduce, and merchandise the Characters was not at issue, let alone disputed, in the arbitration. Dkt. 62 ¶ 4.[2]  Rather, the dispute involved the scope of Harmony Gold's right to make derivative works based on "Macross."  Tatsunoko claimed that Harmony Gold had no derivative rights at all, while Harmony Gold claimed it had all derivative rights save the right to make new creative works based on the Characters.[3]  Piranha selectively and misleadingly quotes from the arbitration award to make it appear that the arbitrator ruled that Harmony Gold had <u>no</u> rights to the Characters, when in fact it merely affirmed Harmony Gold's position that it had all rights except the "right <u>to create derivative works</u> using the 41 original character from *Macross*."  Dkt. 88-4 at 14 (emphasis added).  Again, as will be demonstrated in Harmony Gold's forthcoming summary judgment opposition, both Tatsunoko and Big West have continued to acknowledge Harmony Gold's remaining exclusive rights in and to the Characters (display, distribution, reproduction, and merchandising), each of which provide standing for Harmony Gold in this case.

In any event, Piranha's position that discovery to Big West should be denied based on these rulings is frivolous.  In its summary judgment motion, Piranha asks the Court to invalidate a 34-year-old exclusive license agreement based on <u>its</u> interpretation of the various Japanese contracts and legal decisions between Tatsunoko and Big West.  Were Piranha confident in its position, it would welcome discovery from Big West regarding these very contracts and legal

---

[2] Indeed, it would not benefit either Tatsunoko or Harmony Gold take the position in arbitration that a third party owns the rights Harmony Gold has exploited to both their benefit for 34 years.

[3] The 2002 Japanese decision <u>did</u> limit Tatsunoko's right to make <u>new derivative works</u> based on the Characters, as that right was not granted to Tatsunoko in the 1982 agreement and thus, as a result of the decision, belongs to Big West and Studio Nue.  Tatsunoko and Harmony Gold amended their license agreement as of January 20, 2003 to reflect this decision, removing Harmony Gold's right to make derivative works based on the Characters.

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 3

decisions.  In fact, however, Piranha fears such discovery, because it will expose Piranha's counter-factual position and misleading litigation tactics.

## II.   PIRANHA'S REMAINING ARGUMENTS LIKEWISE FAIL.

Piranha's remaining arguments that Harmony Gold's motion is untimely, too short, or otherwise inappropriate are likewise meritless, and in any event do not constitute good cause to deny Harmony Gold access to this highly relevant discovery.

### A.  The Motion Is Timely.

Piranha ironically argues both that Harmony Gold unreasonably delayed in filing this motion, and that Harmony Gold should pursue "more convenient, less burdensome" ways of obtaining this information.  Opp. at 8-10.  However, Harmony Gold's attempts at "more convenient, less burdensome" ways to obtain relevant information involving Big West is the reason that Harmony Gold postponed seeking permission to take discovery of Big West.  Indeed, contrary to Piranha's claim that Harmony Gold has failed to seek materials from its licensor, Tatsunoko, Harmony Gold has already obtained what it can from Tatsunoko and seeks additional materials that Tatsunoko either does not possess or is not permitted to disclose to Harmony Gold absent Big West's consent.  Bina Decl. ¶ 2.  It is these additional materials Harmony Gold seeks by the letters rogatory.  *Id.*

As for Piranha's claim that Harmony Gold should have somehow anticipated Piranha's standing argument, this assertion is baseless.  Neither Big West nor Tatsunoko has disputed Harmony Gold's longstanding exclusive license to the Characters.  To the contrary, both have affirmed Harmony Gold's rights, ████████████████████ and in a 2014 request by Big West to Harmony Gold to pursue an infringement action based on the Characters.  Dkt. 64-2, Ex. J.  It is settled Ninth Circuit law that an infringer cannot challenge a plaintiff's standing on the ground that rights were not properly transferred where the transferor does not dispute that the plaintiff holds the relevant rights.  *Magnuson v. Video Yesteryear*, 85 F. 3d 1424, 1429 n.1 (9th

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Cir. 1991). Harmony Gold had no reason to anticipate Piranha's self-serving challenge, nor was the burden on Harmony Gold to obtain extrinsic evidence supporting its presumptively valid license agreement and copyright in advance of bringing suit.

In any event, there is no prejudice to Piranha from any delay. Discovery in this case does not close for five months and is in its infancy. Piranha has yet to produce a single substantive document to Harmony Gold, despite being served with requests for production nearly a year ago, and no depositions have been taken. Bina Decl. ¶ 4. Nor is Piranha's speculation that the letters rogatory process will not be completed until "after the discovery period ends," reason to deny Harmony Gold's request now.[4] It is entirely possible production will be completed in the next five months, or that the evidence will otherwise become available. If and when the Court is faced with a closing discovery period and an outstanding letters rogatory request, it can consider then, with the benefit of a fully formed record, whether to extend the discovery period or not.

B. **Piranha's Argument That The Motion Lacks Specificity Is Frivolous.**

Piranha's further contention that Harmony Gold's motion should be denied because it lacks "required specificity" is similarly meritless. Nowhere in either 28 U.S.C. § 1781, which authorizes the federal courts to issue letters rogatory, or the Federal Rules of Civil Procedure, does it state that a lengthy memorandum is required. Indeed, the Court should exercise its considerable discretion to issue letters rogatory where their relevance is apparent, as is the case here. *See, e.g.*, *Viasat, Inc. v. Space Sys.,* No. 12-CV-0260, 2013 WL 12061801, at *2 (S.D. Cal. Jan. 14, 2013) ("Whether to issue such a letter is a matter of discretion for the court.").

The only case that Piranha cites to support its position is *MGM Grand Hotel, LLC v.*

---

[4] In *Cordeiro v. Alves*, No. 1:16-cv-23233, 2017 U.S. Dist. LEXIS 171009 (S.D. Fla. Apr. 7, 2017), upon which Piranha relies, the request for a letter rogatory was filed less than one month before the discovery cutoff and the case had been repeatedly delayed. *Id*. at *2-3. This is entirely distinguishable from the instant case, where discovery is only just beginning. In other cases more analogous to this one, courts have held that claiming "significant delays" is *not* sufficient to deny the issuance of letters rogatory that are otherwise proper. *See, e.g., Blagman v. Apple, Inc.,* No. 12 CIV 5453, 2014 WL 1285496, at *8 (S.D.N.Y. Mar. 31, 2014).

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

*Kyung Shin*, No. 2:16-cv-02347, 2017 U.S. Dist. LEXIS 14572 (D. Nev. Feb. 2, 2017), in which a Nevada judge denied a motion <u>without prejudice</u> where the relevance of the requested information was not apparent. Here, requiring Harmony Gold to add specificity to its motion is unnecessary, because the relevance of letters rogatory is apparent—<u>Piranha</u> has claimed that Big West is the true holder of the rights at issue in this action. Further, were the Court to follow the *MGM* court and deny the motion <u>without prejudice</u>, it will serve only to protract Harmony Gold's discovery efforts, as Harmony Gold will again seek issuance of letters rogatory.

### C. Harmony Gold's Request Is Not An Overbroad Fishing Expedition.

Piranha's claim that the requested discovery will somehow unduly burden a third party—when the linchpin of Piranha's defense is its claim that <u>only</u> that third party has standing to sue it for infringement—is hollow and self-serving. Harmony Gold's requested discovery, which seeks only agreements and communications directly concerning rights to the Characters or communications regarding Harmony Gold, is narrowly tailored to address the standing defense specifically put forth by Piranha. Nor does Piranha's claim that Harmony Gold is on a speculative "fishing expedition" bear weight. Harmony Gold has <u>already produced</u> to Piranha ███████ between Tatsunoko and Big West, including the ███████████████ ████████████████████████████████ Bina Decl. ¶ 3. █████████████ ████████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████ there is substantial reason to believe that further significant communications by Big West acknowledging Harmony Gold's rights to the Characters exist and will be discovered.

### III. CONCLUSION

For the foregoing reasons, Harmony Gold's reasonable request for issuance of the letters rogatory should be granted.

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

DATED: April 6, 2018                CALFO EAKES & OSTROVSKY PLLC


By  s/ Damon C. Elder
    Damon C. Elder, WSBA #46754
    Andrew R.W. Hughes, WSBA #49515
    1301 Second Avenue, Suite 2800
    Seattle, WA  98101
    Phone:  (206) 407-2200
    Fax:  (206) 407-2224
    Email:  damone@calfoeakes.com
            andrewh@calfoeakes.com

LATHAM & WATKINS LLP


By:  s/ Jessica Stebbins Bina
    Jessica Stebbins Bina
    10250 Constellation Blvd., Suite 1100
    Los Angeles, CA  90067
    Telephone: (424) 653-5525
    Facsimile: (424) 653-5501
    Email:  jessica.stebbinsbina@lw.com

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) - 7

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 6th day of April, 2018.

*s/ Susie Johnson*
Susie Johnson

REPLY ISO PLTF HARMONY GOLD'S MOTION
FOR ISSUANCE OF A LETTER OF REQUEST
(Case No. 2:17-cv-00327-TSZ) **-** 8

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224