THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> HAREBRAINED SCHEMES LLC, HAREBRAINED HOLDINGS, INC., JORDAN WEISMAN, PIRANHA GAMES INC., INMEDIARES PRODUCTIONS, LLC, and DOES 1–10 <br> Defendants. | CASE NO.  2:17-cv-00327-TSZ <br><br> **DECLARATION OF JESSICA STEBBINS BINA IN SUPPORT OF HARMONY GOLD U.S.A., INC.'S OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** <br><br> <u>**REDACTED**</u> <br><br> **NOTE ON MOTION CALENDAR: APRIL 13, 2018** <br><br> **ORAL ARGUMENT REQUESTED** |

I, Jessica Stebbins Bina, declare as follows:

    1.    I am an attorney at Latham & Watkins LLP, attorneys for plaintiff Harmony Gold U.S.A., Inc. ("Harmony Gold"), over eighteen years of age, and am competent to testify herein. I make this declaration in support of Harmony Gold's opposition to defendants' motion for summary judgment.  The facts set forth below are based on my personal knowledge, including

DECL. OF STEBBINS BINA IN SUPPORT OF HARMONY GOLD'S OPPOSITION TO PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1  knowledge gained through my review of and familiarity with files and documents in this matter.
2  If called as a witness, I could and would competently and truthfully testify to these matters.

### **Japanese Court Decisions**

4  2.  Attached hereto as **Exhibit A** is a true and correct copy of a certified English-language translation and original Japanese-language excerpt of a Japanese district court decision from the action entitled *Studio Nue Co. Ltd. and Big West, Inc. v. Tatsunoko Production Co., Ltd.*, 2001 (Wa) No. 1844 (Tokyo District Court, Civil Division 29) (the "2002 Japanese Decision").  A translation of this decision was attached as Exhibit 1 to the Declaration of Ryan B. Meyer (Dkt. 88-1).  I reviewed this excerpt as translated by defendants' translator, and questioned whether that translation was accurate as it did not match informal translations Harmony Gold had of the same excerpt, nor was it consistent with (a) the October 1, 1982 Memorandum of Agreement (the "1982 Big West Agreement") between Tatsunoko Production Co., Ltd. ("Tatsunoko"), Big West Frontier Co. ("Big West"), and Studio Nue Co., Ltd. ("Studio Nue") attached as Exhibit A to the declaration of Christy Duran filed concurrently herewith; or (b) the January 20, 2003 Japanese court decision among the same parties (the "2003 Japanese Decision") attached as Exhibit B below.  Accordingly, I engaged a certified translator to have this excerpt re-translated.  The translation attached as Exhibit A is consistent with the 1982 Big West Agreement and the 2003 Japanese Decision, but differs from the language presented in Exhibit 1 to Mr. Meyer's declaration.  For ease of reference, substantive differences are excerpted below with emphasis added, and the second page of Exhibit A outlines the excerpt from Dkt. 88-1 that has been re-translated:

Exhibit A

The Defendant sued Plaintiff Big West prior to the broadcast of this television animation, claiming that production costs were incurred beyond the initial plan, and that the aforementioned production costs to be paid by Mainichi Broadcasting would be

DECL. OF STEBBINS BINA IN SUPPORT OF HARMONY GOLD'S OPPOSITION TO PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

insufficient. For this reason, the Plaintiffs and the Defendant created a memorandum (B 3) on October 1, 1982, which gave the Defendant part of the profit from the commercialized business **as well as overseas broadcast distribution rights and [overseas] merchandising rights**, in order to apply these to the shortfall in the production costs.

Based on the above memorandum, it was agreed that the contact points to exercise the rights would be Plaintiff Big West for merchandising of characters etc. and selling programs for reruns in Japan, **Defendant for publications aimed at 6th graders and below, music, overseas distribution rights and general merchandising rights**, and Plaintiff Studio Nue for publications aimed at junior-high schoolers and above; and for each of the subjects, the ratio for allocating profits among Plaintiffs and Defendant was decided (Mainichi Broadcasting was also allocated profits from domestic merchandising rights, and **Defendant received all profits from exercising, etc. merchandising rights overseas**).

Meyer Decl., Ex. 1 (Dkt. 88-1)

However, before broadcast of the Television Animation Program began, the Defendant complained to Plaintiff BigWest that production costs were greater than originally estimated and that the broadcast fee amount paid via Mainichi Broadcast was insufficient. In order to cover the shortcoming in production costs, the Plaintiffs and the Defendant on October 1, 1982 concluded a memorandum of understanding (Exhibit B3) in which **some profits from commercialization and overseas program sales rights and merchandising rights** for the Television Animation Program would be given to the Plaintiff. In other words, according to the memorandum of understanding.

DECL. OF STEBBINS BINA IN SUPPORT OF
HARMONY GOLD'S OPPOSITION TO
PIRANHA'S SECOND MOTION FOR SUMMARY
JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

In the memorandum, Plaintiff BigWest would exercise rights as gatekeeper of commercial rights to the characters etc. and program sales for domestic re-broadcast, the **Defendant** would exercise rights as gatekeeper to **overseas program sales rights** and of **general commercial rights to publications and music for elementary students** up to sixth grade, and Plaintiff Studio Nue would exercise rights as gatekeeper of publications for middle school students on up; and the ratio for distribution of profits for each was determined between the Plaintiffs and the Defendant (profits for domestic commercialization rights were also distributed to Mainichi Broadcasting and **all profits from the exercise of commercialization rights overseas went to the Defendant**).

3. Attached hereto as **Exhibit B** is a true and correct copy of a certified English-language translation and original Japanese-language court decision in *The Super Dimension Fortress Macross Case*, Tokyo District Court, 29th Civil Division, 2001 (Wa) Number 6447, dated January 20, 2003 (the "2003 Japanese Decision"), as reprinted in D1-Law.com, a database of Japanese court decisions similar to Westlaw and LexisNexis. Portions of the translation have been highlighted.

**The Tatsunoko/Harmony Gold Arbitration**

4. In May 2017, I represented Harmony Gold in a private arbitration against Tatsunoko. None of the defendants in the current action was a party to the arbitration. The primary dispute in the arbitration involved Harmony Gold's right to make live-action derivative motion pictures. The parties also disputed whether Tatsunoko had received full royalty payments under the 1991 Agreement. Tatsunoko did not challenge Harmony Gold's exclusive contractual license to display, distribute, reproduce, or merchandise any of the characters contained in "Macross."

5. Neither Harmony Gold nor Tatsunoko agreed that the 2017 Arbitration Award would have any preclusive effect in favor of third parties.

DECL. OF STEBBINS BINA IN SUPPORT OF
HARMONY GOLD'S OPPOSITION TO
PIRANHA'S SECOND MOTION FOR SUMMARY
JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

6. The arbitration was confidential, but Harmony Gold thereafter sought confirmation of the award in the Central District of California, as Tatsunoko stated it would only pay the awarded attorneys' fees if the award were judicially confirmed. Attached hereto as **Exhibit C** is a true and correct copy of the August 14, 2017 Petition to Confirm Arbitration Award and for Entry of Judgment submitted to a Central District of California court sitting in diversity.

7. Neither the 1982 Big West Agreement nor any subsequent agreements between Tatsunoko and Big West were considered by the arbitrator.

[redacted]

### Discovery and Communications with Defendants' Counsel

9. Very limited discovery has been conducted in the current action to date. There has been only a single round of written discovery and the exchange of a few hundred pages of documents, and no depositions. It is my understanding that, prior to my entry into the case as counsel for Harmony Gold in late October 2017, the parties had engaged in settlement discussions which included, for the past several months, an informal stay of discovery. The parties engaged in another informal stay of discovery in early 2018. It is my further understanding that while the parties have agreed to further productions, those productions have not yet been made by any party, though they are anticipated to be made shortly. No depositions have been taken to date in this case by any party.

DECL. OF STEBBINS BINA IN SUPPORT OF HARMONY GOLD'S OPPOSITION TO PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1  I declare under penalty of perjury under the laws of the State of Washington that the
2  foregoing is true and correct.
3  Signed this 9th day of April, 2018, at Los Angeles, California.

By: *s/ Jessica Stebbins Bina*
Jessica Stebbins Bina

DECL. OF STEBBINS BINA IN SUPPORT OF HARMONY GOLD'S OPPOSITION TO PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 9th day of April, 2018.

            *s/ Mary J. Klemz*
            Mary J. Klemz

DECL. OF STEBBINS BINA IN SUPPORT OF HARMONY GOLD'S OPPOSITION TO PIRANHA'S SECOND MOTION FOR SUMMARY JUDGMENT (Case No. 2:17-cv-00327-TSZ) **-** 7

LAW OFFICES
**CALFO EAKES & OSTROVSKY** PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224