# EXHIBIT C

LATHAM & WATKINS LLP
  Daniel Scott Schecter (Bar No. 171472)
    daniel.schecter@lw.com
  Jessica Stebbins Bina (Bar No. 248485)
    jessica.stebbinsbina@lw.com
  Elizabeth A. Greenman (Bar No. 308488)
    elizabeth.greenman@lw.com
10250 Constellation Boulevard, Suite 1100
Los Angeles, California 90067
Telephone: (424) 653.5500
Facsimile: (424) 653.5501

Attorneys for Petitioner
Harmony Gold, USA, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONY GOLD, USA, INC.,<br><br>  Petitioner,<br><br>  v.<br><br>TATSUNOKO PRODUCTION CO., LTD.,<br><br>  Respondent. | CASE NO. 2:17-cv-06034<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |

Petitioner Harmony Gold, USA, Inc. ("Harmony Gold"), by and through its undersigned counsel, Latham & Watkins LLP, brings this petition to confirm an arbitration award, dated June 28, 2017, in connection with arbitration proceedings between Harmony Gold and Respondent Tatsunoko Production Co., Ltd. ("Tatsunoko") under 9 U.S.C. §§ 1-16, and alleges as follows:

## THE PARTIES

1. Harmony Gold is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. Harmony Gold is a citizen of the State of California.

2. Upon information and belief, Tatsunoko is a limited company organized and existing under the laws of Japan with its principal place of business in Tokyo, Japan. Tatsunoko is a citizen of the foreign nation of Japan.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in the United States District Court under 28 U.S.C. §1332(a)(2) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

4. Jurisdiction is also proper in the United States District Court pursuant to 9 U.S.C. § 9.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 9 U.S.C. § 9 and 28 U.S.C. §1391(b)(2) because this is the judicial district in which the arbitration award sought to be confirmed was made.

## FACTUAL ALLEGATIONS

6. The parties entered into a license agreement dated March 15, 1991 ("License Agreement"), which governs the parties' contractual relationship. The parties subsequently entered into a number of amendments to the License

Agreement. One of the amendments, dated August 6, 1998 ("1998 Amendment"), contains an agreement to arbitrate any dispute between the parties.

7. The arbitration provision in the 1998 Amendment states as follows:

> This Amendment and the main Agreement will be governed by the laws of the State of California of the United States of America and all disputes shall be resolved by binding arbitration in Los Angeles, California pursuant to the rules of the American Film Marketing Association.[1]

8. A dispute arose between the parties regarding the parties' rights under the License Agreement and its subsequent amendments.

9. Harmony Gold subsequently submitted an arbitration demand with IFTA on November 23, 2016 (IFTA Case No. # 16-75) and Tatsunoko submitted a cross-complaint in that proceeding on December 29, 2016. On February 2, 2017, Jack E. Freedman, Esq. ("Mr. Freedman") was designated as the IFTA arbitrator in the referenced proceedings.

10. Both parties submitted Opening Briefs and Responding Briefs, along with voluminous exhibits, to Mr. Freedman, on May 2 and 9, 2017.

11. The arbitration hearing took place before Mr. Freedman on May 16, 17, 18, and 19, 2017, in Los Angeles, California. Mr. Freedman permitted the parties to present extensive evidence and argument.

12. After the close of arbitration, each party submitted a Post-Hearing Brief and a Request for Attorneys' Fees and Costs on June 5, 2017.

13. Based upon the arbitration briefs, evidence presented at arbitration, exhibits, the relevant case law and the arguments of counsel, Mr. Freedman issued a detailed 21-page arbitration award on June 28, 2017 (the "Arbitration Award").

---

[1] The American Film Marketing Association has since become the Independent Film & Television Alliance ("IFTA").

14. A true and correct copy of the Arbitration Award is attached hereto as **Exhibit 1**.[2] Harmony Gold has concurrently filed an Application to File Under Seal Certain Portions of Arbitration Award, which is unopposed by Tatsunoko.[3]

15. This petition is timely because it was filed within one year after the award was made.

## CLAIM FOR RELIEF

16. Harmony Gold repeats and realleges the allegations in Paragraphs 1 through 14 above as though fully set forth herein.

17. Pursuant to 9 U.S.C. §§ 9 and 13, the parties are entitled to a judgment entered by this Court to confirm the Arbitration Award.

18. The Arbitration Award is final and binding on the parties pursuant to the 1998 Amendment.

---

[2] Exhibit 1 will be filed pending resolution of our concurrently filed Application to File Under Seal.

[3] The parties anticipate that they will file a stipulation to confirm the Arbitration Award and a proposed judgment after resolution of the Application to File Under Seal.

# **PRAYER FOR RELIEF**

WHEREFORE, Harmony Gold prays for the following relief:

a) That the Court enter an Order confirming the Arbitration Award; and

b) That the Court enter judgment on the award in the form of the proposed judgment.

Dated: August 14, 2017

Respectfully submitted,

LATHAM & WATKINS LLP
Daniel Scott Schecter
Jessica Stebbins Bina
Elizabeth A. Greenman

By /s/ Jessica Stebbins Bina
Jessica Stebbins Bina
Attorneys for Petitioner
Harmony Gold, USA, Inc.