# EXHIBIT A

[handwritten:] *(3)*                                                                    [handwritten:] ③- *1*

[handwritten:] *Addition of 4 characters on line 3*
[seal:] Representative Director of Studio Nue

## Memorandum

Promises are mutually made among the three (3) parties of Big West Co., Ltd. (hereinafter referred to as "A") and Tatsunoko Production Co., Ltd. (hereinafter referred to as "B") and [handwritten:] *Studio* Nue (hereinafter referred to as "C") on the following terms and conditions in connection with the attribution of the various rights arising from the Mainichi Broadcasting System, Inc. television animation movie "The Super Dimension Fortress Macross" and the distribution of the profits arising from such rights, and this Memorandum shall constitute proof thereof.

### Note

Among the rights arising from the television animation movie "The Super Dimension Fortress Macross"

1. The point of contact for the commercialization rights shall be A. Regarding the rights [sic: profits] arising from such rights, A shall obtain 10% as the point of contact commission, and the distribution of the remaining amount of 90% as 100 shall be 30% for A, 33% for B, 12% for C and 25% for Mainichi Broadcasting System, Inc.

2. Regarding the point of contact concerning publications, B shall be in charge as the point of contact thereof for the publications targeted to pre-school children through 6th grade primary school students, and the distribution concerning the profits arising therefrom shall be 30% for A, 40% for B and 30% for C.
   In addition, in connection with the publications targeted to middle school and older students, C shall be in charge as the point of contact thereof, and the distribution concerning the profits arising therefrom shall be 30% for A, 30% for B and 40% for C.

3. In connection with the various rights concerning music (for example, record master license, music copyrights, etc.), B shall be in charge as the point of contact, and the various expenses for obtaining these rights shall be borne at the ratio of 40% for A and 60% for B, and the distribution in connection with the various profits arising from these rights shall be 40% for A and 60% for B.

4. In connection with repeat program sales in Japan, A shall be in charge as the point of contact thereof, and the distribution in connection with the profits thereof shall be 50% for A and 50% for B.

HG00000082

[handwritten:] *(3)*                                                    [handwritten:] ③ - 2

5. In connection with overseas program sales and general commercialization rights overseas, B shall have these rights, and the profits arising therefrom shall completely belong to B. [handwritten:] ✕ *(Note) To be revised by means of Memorandum ④.*

6. Furthermore, the amounts arising from the various rights set forth in 1-4 shall be paid to the other party by means of the above-mentioned respective distributions by the end of the month following the month in which A, B and C obtained the respective deposits.

7. In the case where various rights arise other than [the ones set forth in] this Memorandum, A, B, and C shall consult each other and resolve the same.

IN WITNESS WHEREOF, this Memorandum has been prepared in triplicate, and A, B and C shall retain one (1) copy each.

Showa   Year   Month   Day
[stamp:] October 1, 1982

A
6-12-4, Sotokanda, Chiyoda-ku, Tokyo
Big West Co., Ltd.
Yoshimasa Onishi, Representative Director
[stamp:] Big West Co., Ltd.
[seal:] Representative Director of Big West Co., Ltd.

B
3-22-12, Minamicho, Kokubunji-shi, Tokyo
Tatsunoko Production Co., Ltd.
Kenji Yoshida, Representative Director
[stamp:] Tatsunoko Production Co., Ltd.
[seal:] Representative Director of Tatsunoko Production Co., Ltd.

C
3-44-17, Honamanuma, Suginami-ku, Tokyo
Studio Nue
Kenichi Matsuzaki, Representative Director
[stamp:] Studio Nue
[seal:] Representative Director of Studio Nue

HG00000083

[handwritten:] *(4)*                                    [handwritten:] ④ - *1*

## Memorandum

Tatsunoko Production Co., Ltd. (hereinafter referred to as "A") and Big West Co., Ltd. (hereinafter referred to as "B") hereby exchange this Memorandum, as follows, with respect to the "The Super Dimension Fortress Macross Movie Version" (hereinafter referred to as the "Movie Version") and "The Super Dimension Fortress Macross Television Series" (hereinafter referred to as the "Television Version").

Article 1   (1)   In connection with the overseas program sales rights and the overseas commercialization rights for the Television Version, both A and B confirm that A will have such rights.
(2)   Regarding the overseas program sales rights for the Movie Version, B shall have such rights.

Article 2   In connection with the overseas commercialization rights for the Movie Version, both A and B confirm that A will have such rights. ~~Provided, however, that the video and game software for the Movie Version shall be excluded.~~

[handwritten:]
*Deletion of 27 characters*
*Addition of 41 characters*

[seal:] Representative Director of Big West Co., Ltd.
[seal:] Representative Director of Tatsunoko Production Co., Ltd.

[handwritten:] *Provided, however, that regarding the types of video and game software for the Movie Version, B shall have the right to the overseas commercialization rights.*
[seal:] Representative Director of Big West Co., Ltd.

Article 3   A will distribute 15% of the profits obtained from the exercise of the overseas commercialization rights for the Television Version and the Movie Version to B.
[seal:] Representative Director of Tatsunoko Production Co., Ltd.

Article 4   Regarding A's distribution to B pursuant to the preceding Article, the object thereof shall be the profits of 60,000,000 yen or more.
Furthermore, A's payment to B shall be made after attaching a statement of accounts by the end of the month following the month in which the deposit is obtained.

Article 5   With respect to the toys manufactured and sold by Bandai Co., Ltd., both A and B confirm that it is commercialization based on the Television Version.

Article 6   In the case where a problem arises with respect to matters other than those set forth in this Memorandum, A and B shall consult each other in good faith and seek a resolution.

[handwritten:] *(4)*                                            [handwritten:] ④ - 2


IN WITNESS WHEREOF, this Memorandum has been prepared in duplicate, and A and B shall retain one (1) copy each.

Showa   Year   Month   Day
[handwritten:] *December 1, 1984*

        A
           3-22-12, Minamicho, Kokubunji-shi, Tokyo
           Tatsunoko Production Co., Ltd.
           Kenji Yoshida, Representative Director
           [stamp:] Tatsunoko Production Co., Ltd.
           [seal:] Representative Director of Tatsunoko Production Co., Ltd.

        B
           6-12-4, Sotokanda, Chiyoda-ku, Tokyo
           Big West Co., Ltd.
           Yoshimasa Onishi, Representative Director
           [stamp:] Big West Co., Ltd.
           [seal:] Representative Director of Big West Co., Ltd.

HG00000085

（３）



③—１

覚　　書

　株式会社　ビックウエスト（以下甲という）と株式会社　竜の子プロダクション（以
下乙という）と株式会社　スタジオぬえ（以下丙という）の三者間に於て、毎日放送放映のテ
レビマンガ映画「超時空要塞マクロス」の諸権利の帰属並びにその権利から発生する
利益の配分に関して下記の条件に於て、お互いに約策し、この覚書をもってその証と
する。

記

テレビマンガ映画「超時空要塞マクロス」より発生する権利の内

１．商品化権の窓口は甲とする。その権利より発生する権利は甲が窓口手数料として
　　　１０％を取得し、残額の９０％を１００　としてその配分は　甲３０％　乙３３％　丙１２％
　　　毎日放送２５％とする。

２．出版物に関する窓口は幼児より小学校６年生迄の対象となるものは乙がその窓口
　　　を担当し、これより発生する利益に関する配分は　甲３０％　乙４０％　丙３０％とす
　　　る。
　　　又、中学生以上を対象とする出版物に関しては丙がその窓口を担当し、これより
　　　発生する利益の配分は　甲３０％　乙３０％　丙４０％とする。

３．音楽に関する諸権利（例えばレコードの原盤権、音楽著作権等）に関しては窓口
　　　を乙が担当し、これらの権利を得る為の諸経費は　甲４０％　乙６０％の割合で負担
　　　しこれらの権利から発生する諸利益に関しては　甲４０％　乙６０％の配分とする。

４．国内に於けるリピートの番組販売に関しては甲がその窓口を担当し、その利益に
　　　関しては　甲５０％　乙５０％の配分とする。

HG00000086

（3）　　　　　　　　　　　　　　　　　③－ス

5．海外番組販売並びに海外での一般商品化権に関しては、乙がこの権利を有し、その発生する利益はすべて乙のものとする　※注　④覚書により修正される．

6．尚 1〜4 迄の諸権利より発生する金額は甲・乙・丙がそれぞれ入金を得た月の翌月末迄にそれぞれの上記配分により、相手方に支払うものとする。

7．本覚書以外の諸権利が発生した場合は甲・乙・丙それぞれ協議してこれを解決するものとする。

本覚書締結の証として本書三通を作成し甲・乙・丙各々一通を保有するものとする。

昭和 57年 7月 10日

甲　東京都千代田区　　　　　　1－12－4
　　株式会社　　　　　　スト
　　代表取締役　　　　　昌



乙　東京都　　市南町3丁目22番12号
　　株式会社　　の子プロダクション
　　代表取締役　　吉田健



丙　東京都杉並区本天沼3丁目44番17号
　　株式会社　スタジオぬえ
　　代表取締役　松崎健一

HG00000087

（4）

④－1

## 覚　書

株式会社　竜の子プロダクション（以下甲という）と株式会社　ビックウエスト（以下乙という）とは「劇場版・超時空要塞マクロス」（以下劇場版という）と「テレビシリーズ・超時空要塞マクロス」（以下テレビ版という）について下記の通り覚書を取り交わす。

第1条　（1）甲・乙両者は、テレビ版の海外番組販売権並びに海外商品化権に関しては甲がその権利を有することを確認する。

　　　　（2）劇場版の海外番組販売権は乙がその権利を有するものとする。

第2条　甲・乙両者は、劇場版の海外商品化権に関しては甲がその権利を有することを確認する。~~但し、劇場版のビデオ及び~~ ~~～～は除くものとする。~~

27字削除
41字加入
*但し劇場版のビデオ及びゲームソフト類は乙が海外商品化権の権利を有するものとする。*

第3条　甲は乙に対し、テレビ版・劇場版の海外商品化権の行使により取得した利益のうち15％を配分する。

第4条　前条に基づく甲の乙に対する配分は6,000万円以上の利益についてその対象とする。

　　　　尚、甲の乙に対する支払は入金を得た月の翌月末迄に計算書を添えて支払うものとする。

第5条　甲・乙両者は、株式会社　バンダイより製造・販売されている玩具についてはテレビ版に基づく商品化であるこを確認する。

第6条　本覚書に規定された以外の事について問題が生じた場合は甲・乙誠意をもって協議し解決に当たるものとする。

HG00000088

（4）

④ー2

　本覚書締結の証として本書二通を作成し甲・乙各々一通を保有するものとする。

昭和 59 年12 月 / 日

甲



乙



HG00000089



TRANSPERFECT

City of New York, State of New York, County of New York

I, Wendy Poon, hereby certify that the document "Memorandum Agreement By and Among Big West, Tatsunoko, and Studio Nue dated October 1, 1982, including Amendment dated December 1, 1984" is, to the best of my knowledge and belief, a true and accurate translation from Japanese into English.

_____
Wendy Poon

Sworn to before me this
December 8, 2017

_____
Signature, Notary Public

ANGELA LO
NOTARY
NO. 01LO6353549
QUALIFIED IN
NEW YORK COUNTY
COMM. EXP.
01-30-2021
PUBLIC
STATE OF NEW YORK

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016  I  T 212.689.5555  I  F 212.689.1059  I  WWW.TRANSPERFECT.COM

OFFICES IN 90 CITIES WORLDWIDE