# EXHIBIT M

Case 2:17-cv-00327-TSZ Document 110-13 Filed 04/09/18 Page 2 of 4

Harmony Gold U.S.A., Inc. v. FASA Corp., Not Reported in F.Supp. (1996)
40 U.S.P.Q.2d 1057

1996 WL 332689
United States District Court,
N.D. Illinois, Eastern Division.

HARMONY GOLD U.S.A., INC., a Corporation,
and Playmates Toys, Inc., a Corporation, Plaintiffs,
v.
FASA CORPORATION, a Corporation, and Virtual
World Entertainment, a Corporation, Defendants.

No. 95 c 2972.
|
June 13, 1996.

*MEMORANDUM OPINION AND ORDER*

[ANDERSEN](), District Judge.

**\*1** This case is before the Court on the motion of defendants FASA Corporation ("FASA") and Virtual World Entertainment ("VWE") for judgment on the pleadings pursuant to [Fed.R.Civ.P. 12(c)]() or, in the alternative, for summary judgment pursuant to [Fed.R.Civ.P. 56](). For the following reasons, the motion is denied.

*BACKGROUND*

This copyright dispute concerns the designs for futuristic science-fiction warrior robots created by Tatsunoko Production Company, Ltd. ("Tatsunoko") and incorporated into several animated television series entitled "Macross," "Mospeada," and "The Southern Cross." For convenience, we refer to these designs collectively as the "Macross designs."

On January 15, 1984, Tatsunoko granted plaintiff Harmony Gold U.S.A., Inc. ("Harmony Gold") a license to market all products in the United States based on the Macross designs except for Japanese plastic model kits. Harmony Gold subsequently acquired co-ownership of the copyrights in both the original Macross designs and any derivative works. Harmony Gold has incorporated the Macross designs into an animated television series entitled "Robotech." Additionally, Harmony Gold has marketed, through its sublicensees, a broad array of "Robotech" products including publications, actions figures and toys.

In or about 1984, defendant FASA created a fictional universe called "Battletech" which formed the basis for board games, role-playing games, novels, and game systems. The original "Battletech" game included both robotic images and model kits based on the Macross designs. FASA claims to have acquired the rights to these model kits and images from Twentieth Century Imports ("TCI"), which allegedly acquired them from Tatsunoko.

On January 31, 1985, FASA received a letter from Harmony Gold demanding that FASA cease all use of the Macross designs or risk a potential suit for copyright infringement and unfair competition. This letter sparked an exchange of correspondence between the parties including numerous cease and desist letters from Harmony Gold. Harmony Gold also demanded disclosure of the source of FASA's alleged rights in the Macross designs.

On January 13, 1995, Harmony Gold and its exclusive licensee, Playmates Toys, Inc. ("Playmates"), filed the instant action against defendants FASA and one of its sister companies, VWE, alleging copyright infringement under United States copyright laws, [17 U.S.C. § 101]() *et seq.,* false designation of origin in violation of Section 43(a) of the Lanham Act, [15 U.S.C. § 1125(a)](), deceptive trade practices in violation of the [California Business & Professions Code Sections 17200]() *et seq.,* the Illinois Deceptive Trade Practices Act, [815 ILCS 510/1]() *et seq.,* and the Illinois Consumer Fraud and Deceptive Business Practices Act, [815 ILCS 505/1]() *et seq.,* and unfair competition under the common law.[1] Specifically, plaintiffs allege that defendants have unlawfully benefitted from the use of the Macross designs which are the subject of copyrights owned and exploited by Harmony Gold and its exclusive licensee, Playmates.

**\*2** Defendants now move for judgment on the pleadings pursuant to [Fed.R.Civ.P. 12(c)]() or, in the alternative, for summary judgment pursuant to [Fed.R.Civ.P. 56](). Specifically, defendants argue that plaintiffs, as non-exclusive licensees of the designs at issue in this case, lack standing to maintain an action for copyright infringement. Additionally, defendants argue that "plaintiffs, who had knowledge of and have acquiesced in defendants' use of the designs at issue here for over ten years, have waived

any right to object to such use and are otherwise estopped from asserting that FASA's use of the designs is infringing or otherwise unlawful."

## DISCUSSION

### I. *Judgment On The Pleadings*

A motion under Rule 12(c) for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *United States v. Wood,* 925 F.2d 1580 (7th Cir.1991); *see also Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989). "Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason,* 888 F.2d at 1204; *see also Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). The Court must view the facts in a light most favorable to the non-moving party. *Craigs, Inc. v. General Elec. Capital Corp.,* 12 F.3d 686, 688 (7th Cir.1993).

Defendants argue that plaintiffs lack standing to maintain an action for copyright infringement. This argument is two-fold. First, FASA contends that it acquired the rights to certain Macross artwork from TCI. Second, defendants assert:

> [Harmony Gold's] Original License specifically acknowledges the existence of Macross robot toys and plastic model kits produced in Japan for worldwide export and unequivocally states that these items "shall be excluded from the rights granted [Harmony Gold] under this Agreement." Thus, any rights FASA acquired with respect to the plastic model kits and artwork it obtained through Twentieth Century Imports are explicitly excluded from the scope of Harmony Gold's license agreement. Harmony Gold and its licensee Playmates Toys, therefore have no standing to challenge FASA's use of these designs.

We reject this argument on two grounds. First, and most importantly, Harmony Gold and Tatsunoko are joint owners of the copyrights to the Macross designs in the United States. "The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Contrary to defendants' assertions, plaintiffs do not rely on the rights to Japanese model kits in bringing this suit. Rather, plaintiffs dispute FASA's use of the Macross designs for its entire "Battletech" product line. Because plaintiffs rely on their exclusive rights in the copyrights to the Macross designs, we find that plaintiffs have standing to bring this suit for copyright infringement.

 ***3** Second, we cannot determine FASA's rights to the Macross designs without considering material outside the pleadings. Whether FASA obtained any rights to the Macross designs from TCI involves factual determinations not properly decided in a motion for judgment on the pleadings.

Accordingly, defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is denied.

### II. *Summary Judgment*

Alternatively, defendants move for summary judgment pursuant to Fed.R.Civ.P. 56 contending that this action is barred by the equitable defenses of laches, estoppel, and waiver. We disagree and find that genuine issues of material fact preclude summary judgment in this case.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Salima v. Scherwood South, Inc.,* 38 F.3d 929, 932 (7th Cir.1994). The moving party bears the burden of demonstrating that there is an absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 442–43 (7th Cir.1994). Even though all reasonable inferences are drawn in favor of the party opposing the motion. *Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc.,* 27 F.3d 268, 270 (7th Cir.1994), presenting only a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Walker v. Shansky,* 28 F.3d 666, 671 (7th Cir.1994).

Plaintiffs' considerable delay in bringing this action is not in dispute. Mere delay, however, is insufficient to establish laches. Reasonable reliance on the plaintiff's delay is also required. *See, e.g., Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.,* 560 F.2d 1325, 1334 (7th Cir.1977),

Harmony Gold U.S.A., Inc. v. FASA Corp., Not Reported in F.Supp. (1996)
40 U.S.P.Q.2d 1057

Case 2:17-cv-00327-TSZ   Document 110-13   Filed 04/09/18   Page 4 of 4

*cert. denied,* 434 U.S. 1070 (1978). In the present case, we question whether defendants' reliance on the delay was reasonable in light of Harmony Gold's continuing protests. Moreover, laches does not bar an action against a defendant who knew of plaintiff's asserted rights or against a deliberate infringer. *See* 3 Melville B. Nimmer And David Nimmer, *Nimmer On Copyright* § 12.06 at 12–116 (1995); *Underwriters Laboratories, Inc. v. United Laboratories, Inc.,* 203 U.S.P.Q. 180, 182 (N.D.Ill.1978); *American Airlines, Inc. v. A 1–800–A–M–E–R–I–C–A–N Corp.,* 622 F.Supp. 673, 685 (N.D.Ill.1985). Similarly, laches will not protect a progressive encroacher who does not arouse hostile action by the plaintiff until the infringement is fully developed. *See SCI Systems, Inc. v. Solidstate Controls, Inc.,* 748 F.Supp. 1257, 1262–3 (S.D.Ohio 1990). Here, a genuine issue of triable fact exists as to whether defendants were deliberate and/or progressive infringers of plaintiffs' rights.

With regard to the defense of equitable estoppel, a copyright owner must be aware of the infringing conduct and yet act in a way that induces the infringer reasonably to rely upon such action to his detriment. *See* 3 *Nimmer On Copyright* § 13.07 at 13–284 to 13–286; *National Football League v. Rondor, Inc.,* 840 F.Supp. 1160, 1167 (N.D.Ohio 1993). We find genuine issues of material fact concerning the level of plaintiffs' knowledge of the alleged infringement and defendants' ignorance of plaintiffs' rights. Again, we question the reasonableness of defendants' reliance on plaintiffs' delay in light of Harmony Gold's continuing objections. *See Piper Aircraft Corp. v. Wag–Aero, Inc.,* 741 F.2d 925, 934 (7th Cir.1984).

**\*4** Finally, the undisputed facts do not establish waiver. Contrary to defendants' assertions, the record does not reflect the intentional relinquishment of any rights in the Macross designs by Harmony Gold. Indeed, the correspondence between Harmony Gold and FASA provides strong evidence to the contrary.

## CONCLUSION

For all of the foregoing reasons, defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56 is denied.

It is so ordered.

## All Citations

Not Reported in F.Supp., 1996 WL 332689, 40 U.S.P.Q.2d 1057

## Footnotes

1   This case was originally filed and assigned to this Court as No. 94 C 7662. Playmates immediately moved to reassign and consolidate this case with *FASA Corp. v. Playmates Toys, Inc.,* 912 F.Supp. 1124 (N.D.Ill.1996) pending before Judge Castillo. When Judge Castillo denied the motion, Harmony Gold and Playmates voluntarily dismissed this case and subsequently refiled it in the United States District Court for the Central District of California. *See Harmony Gold U.S.A., Inc. et al. v. FASA Corp., et al.,* No. 95–0391 HLH (N.D.Cal. January 13, 1995). The California Court then granted FASA's motion to transfer the action back to Illinois in June of 1995. The case was returned to the Northern District of Illinois in June and assigned to Judge Duff, who transferred the case back to this Court upon learning the facts related to its initial filing.

**End of Document**                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.