THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARMONY GOLD U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> PIRANHA GAMES INC., INMEDIARES PRODUCTIONS, LLC, and DOES 1–10 Defendants. | CASE NO.  2:17-cv-00327-TSZ <br><br> **PLAINTIFF HARMONY GOLD U.S.A. INC'S SURREPLY TO PIRANHA'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G)** <br><br> **NOTE ON MOTION CALENDAR: APRIL 20, 2018** |

In its Reply In Support of Piranha's Second Motion for Summary Judgment As To Plaintiff's Lack of Standing To Assert Copyright Infringement Claim (Dkt. No. 119), Piranha argues, for the first time, that Harmony Gold lacks standing to bring this action because the 1984 Amendment to the 1982 Agreement reserved to Big West the right to make video games based on the "*Macross* motion picture." Dkt. No. 119 at 2:2-11.  Pursuant to Local Civil Rule 7(g), Plaintiff Harmony Gold U.S.A., Inc. ("Harmony Gold") respectfully asks this Court to strike this new argument, or, in the alternative, to consider the below response and the attached Supplemental Declaration of Christy Duran and related Exhibit, which refute Piranha's assertion.

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G)
(Case No. 2:17-cv-00327-TSZ) **-** 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY** PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

Introduction of an entirely new argument on reply is wholly improper and *especially* inappropriate in the summary judgment context. *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993) ("party may not make new arguments in the reply brief"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (allowing new materials in a summary judgment reply without affording opportunity to respond "would be unfair"). Accordingly, Piranha's new argument, made for the first time on reply, should be stricken. *See Cox*, 7. F.3d at 1463; *see also, e.g.*, *Pease & Sons, Inc. v. Travelers Indem. Co. of Connecticut*, No. C14-1562 TSZ, 2015 WL 12001271, at n. 2 (W.D. Wash. Jan. 16, 2015) (Zilly, J.*)* (new arguments first raised in reply will not be considered); *accord Nw. Coal. for Alternatives to Pesticides v. U.S. E.P.A.*, No. C10-1919 TSZ, 2014 WL 309168, at *4 (W.D. Wash. Jan. 28, 2014) (Zilly, J.); *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (Zilly, J.).

Consideration of Piranha's argument on reply would be especially prejudicial in the instant case because, as described briefly below and as Harmony Gold would have explained in its opposition brief had the argument been timely raised, it is entirely incorrect. Thus, to the extent the Court considers this new argument, Harmony Gold respectfully requests the Court also consider Harmony Gold's below response or provide Harmony Gold the opportunity to submit additional evidence. *See Provenz*, 102 F.3d at 1483 (when new material is submitted on reply, opposing party should, at minimum, be given an opportunity to respond).

Piranha's new argument that Big West owns the video game rights to "Macross" conflates the 36-episode "Macross" television series and a later "Macross" movie.[1] While the original 1982 Agreement addressed only rights related to the 36-episode "Macross" television series—the rights at issue in this action—the 1984 Amendment addressed both the

---

[1] The movie is referred to in the 1984 Amendment as "The Super Dimension Fortress Macross Movie Version" and was released in 1984 as *Chôjikû Yôsai Macross: Ai Oboeteimasuka*, or *Macross: Do You Remember Love?*. While some of the "Macross" television series characters appear, in modified form, in the movie, others—including at least two of those infringed by Piranha in this action—do not. Supp. Duran Decl. ¶ 3.

PLTF HARMONY GOLD'S SURREPLY AND
MOTION TO STRIKE PURSUANT TO LOCAL
RULE 7(G)
(Case No. 2:17-cv-00327-TSZ) - 2

LAW OFFICES
CALFO EAKES & OSTROVSKY PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1  television series and the later movie. Dkt. 110-1 at 2, preamble; 4, preamble. For the

2  *television series* "Macross," the parties agreed that Tatsunoko would have *all* "overseas

3  program sales rights and the overseas commercialization rights" *without any exclusions*.

4  Dkt. 110-1 at 3 ¶ 5; 4 Art. 1(1), 2. For the *movie* "Macross," however, Tatsunoko's rights

5  were much more limited. The parties agreed that Tatsunoko would have only "overseas

6  commercialization rights" *excluding* "video and game software," while Big West would have

7  "overseas commercialization rights" to "video and game software *for the Movie Version*," as

8  well as "overseas program sales rights." Dkt. 110-1 at 4, Art. 1(2); Art. 2. (emphasis added.)

9  　　　Thus, for the television series, Tatsunoko has, and has licensed to Harmony Gold,[2]

10  international program sales and international merchandizing rights *including* video game

11  rights, while for the movie, Tatsunoko has only international merchandizing rights *excluding*

12  video game rights.[3] Accordingly, to the extent Piranha concedes that the party holding the

13  video game rights to the television series has standing to bring this action, Piranha actually

14  concedes Harmony Gold's standing.

15  　　　For the foregoing reasons, the Court should either strike Piranha's new argument or,

16  in the alternative, consider Harmony Gold's additional evidence and argument pertinent

17  thereto.

18  \\\

19  \\\

20

21  [2] The parties' agreements are consistent with this understanding of their respective rights. In the 1984 and 1991 Agreements at issue in this case, Tatsunoko exclusively licensed all its rights related to the *television series*

22  "Macross" to Harmony Gold. Dkt. 110-2 at 5-6; Dkt. 110-4 at 4-5; Dkt. 110-7; Dkt. 109 at 2 ¶ 5. Separately, in an unrelated and now-lapsed 2008 agreement (the "Movie Agreement"), Tatsunoko also exclusively licensed its

23  merchandizing rights to the "Macross" movie to Harmony Gold. Consistent with Tatsunoko's more limited rights to the movie, the Movie Agreement granted Harmony Gold "exclusive Merchandising Rights" including

24  "the rights to make items in or emblazoned with the image or characters appearing in the Program" but "[e]xcluding game rights." Supp. Duran Decl. Ex. A ¶¶ 3, 4(i). Consistent with the 1984 Amendment's grant of "program sale rights" in the movie to Big West, the Movie Agreement granted only "merchandising rights"

25  and excluded videogram and broadcasting rights. *Id.* ¶¶ 3, 4 (ii), (iii).
[3] Consistent with its licensed rights, Harmony Gold made several "Macross" video games based on the television series. Dkt. 110 ¶ 16, Dkt. 110-12 at 6-9.

PLTF HARMONY GOLD'S SURREPLY AND
MOTION TO STRIKE PURSUANT TO LOCAL
RULE 7(G)
(Case No. 2:17-cv-00327-TSZ) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY** PLLC
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

1 | DATED: April 25, 2018.    CALFO EAKES & OSTROVSKY PLLC

By  *s/ Andrew R.W. Hughes*
   Damon C. Elder, WSBA #46754
   Andrew R.W. Hughes, WSBA #49515
   1301 Second Avenue, Suite 2800
   Seattle, WA  98101
   Phone:  (206) 407-2200
   Fax:  (206) 407-2224
   Email:  damone@calfoeakes.com
          andrewh@calfoeakes.com

LATHAM & WATKINS LLP

By:  *s/ Jessica Stebbins Bina*
   Jessica Stebbins Bina
   10250 Constellation Blvd., Suite 1100
   Los Angeles, CA  90067
   Telephone: (424) 653-5525
   Facsimile: (424) 653-5501
   Email:  jessica.stebbinsbina@lw.com

*Attorneys for Plaintiff Harmony Gold U.S.A., Inc.*

PLTF HARMONY GOLD'S SURREPLY AND
MOTION TO STRIKE PURSUANT TO LOCAL
RULE 7(G)
(Case No. 2:17-cv-00327-TSZ) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 25th day of April, 2018.

                                            *s/Erica Knerr*
                                            Erica Knerr

PLTF HARMONY GOLD'S SURREPLY AND MOTION TO STRIKE PURSUANT TO LOCAL RULE 7(G)
(Case No. 2:17-cv-00327-TSZ) **-** 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224